

2200 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2210
Tel: 612.977.8400 | Fax: 612.977.8650
taftlaw.com

Affirmative Action, Equal Opportunity Employer

**Bradley J. Walz**
612.977.8525
BWalz@taftlaw.com

June 22, 2023

**VIA CERTIFIED MAIL AND EMAIL (FULLTILTLP@GMAIL.COM)**

Ben Konowitz and Ryan Hart
Members
Noah's Arcade, LLC b/b/a Full Tilt Arcade
701 N. Fail Rd.
La Porte, Indiana 46350

    Re:    **Infringement of Trademarks Owned by Nickels & Dimes, Incorporated**

Dear Messrs Konowitz and Hart:

    We are trademark enforcement counsel for Nickels & Dimes, Incorporated, an arcade and entertainment center service provider. It has come to our attention that Noah's Arcade, LLC d/b/a Full Tilt Arcade is infringing NDI's federally registered, incontestable and common law trademark TILT. NDI therefore demands that Full Tilt immediately cease such infringing activity, desist from such infringing activity in the future, and comply with NDI's other requirements set forth in this letter.

    NDI is the owner of the TILT mark in connection with providing amusement arcade game facility entertainment services. NDI has been using the TILT mark in connection with these services in the United States for more than 46 years. As a result of our client's longstanding use of the TILT mark and the high quality of its services, the mark has become widely known throughout the United States, is closely identified with NDI, and represents substantial, valuable goodwill.

    NDI is also the owner of U.S. Registration Nos. 1349997 and 4758443 for the TILT mark and U.S. Registration No. 4082468 for the TILT STUDIO mark in connection with providing amusement arcade game facility entertainment services, which are in full force and effect. Further, these registrations are incontestable and serve as conclusive evidence of NDI's exclusive rights in the TILT and TILT STUDIO marks. Copies of our client's registrations are enclosed for your convenience.

Taft Stettinius & Hollister LLP / Taftlaw.com / The Modern Law Firm
127723627v1


Exhibit 7

Ben Konowitz and Ryan Hart
June 22, 2023
Page 2

Full Tilt is violating NDI's rights in its registered TILT and TILT STUDIO marks by using the mark FULL TILT in connection with arcades. FULL TILT incorporates the entirety of NDI's registered TILT mark. NDI's TILT mark is registered on the Principal Register without any claim of acquired distinctiveness. Therefore, NDI's TILT mark is at least suggestive and possesses conceptual strength. Additionally, when the services at issue are identical, then less similarity between the marks is required for a likelihood of confusion to exist. All of this means that the addition of FULL to TILT is insufficient to avoid a likelihood of confusion with NDI's TILT mark. In fact, consumers are likely to mistakenly believe that FULL TILT is a brand extension of NDI's TILT mark because NDI also owns the TILT STUDIO mark.

The prominent use of the FULL TILT mark creates the false impression that Full Tilt's services originate from NDI, or that NDI is somehow connected or associated with Full Tilt's services, so as to deceive customers or to cause confusion or mistake as to the origin or affiliation of Full Tilt's and NDI's services. The above use of the FULL TILT mark in connection with Full Tilt's services subjects Full Tilt to liability for trademark infringement, false designation of origin, and cyberpiracy in violation of the Lanham Trademark Act, 15 U.S.C. § 1051 et. seq.

NDI consistently enforces its trademark rights against infringers through all appropriate legal means. However, under the circumstances, NDI is prepared to try to resolve this matter amicably provided that Full Tilt cooperates fully with NDI and establishes to NDI's satisfaction that this was a one-time error of judgment on Full Tilt's part and not a systematic effort to profit from or devalue NDI's intellectual property.

NDI therefore demands that Full Tilt immediately, and by no later than June 29, 2023:

1. Cease and desist from all further use of the FULL TILT mark and any other designations likely to cause confusion with NDI's trademarks;

2. Destroy any materials in its possession or control bearing any designation likely to cause confusion with NDI's trademarks;

3. Remove any signage bearing the FULL TILT mark and remove any references from the Internet under Full Tilt's custody or control, including, but not limited to, https://www.facebook.com/fulltiltlaporte; and

4. Abandon the domain name www.fulltiltlp.com.

NDI further demands that Full Tilt provide, by no later than the close of business on June 29, 2023, written confirmation that Full Tilt has complied with these demands. Full Tilt is specifically advised that any failure or delay in complying with these demands

127723627v1

Ben Konowitz and Ryan Hart
June 22, 2023
Page 3

will likely compound the damages for which Full Tilt may be liable. If NDI does not receive a satisfactory and timely response, NDI is prepared to take all steps necessary to protect NDI's valuable intellectual property rights, without further notice to Full Tilt.

    The above is not an exhaustive statement of all the relevant facts and law. NDI expressly reserves all of its legal and equitable rights and remedies, including the right to seek injunctive relief and recover monetary damages. Please let me know if you have any questions or want to discuss this matter in more detail. Otherwise, we expect that Full Tilt will comply with our client's reasonable requests.

Sincerely,

Taft Stettinius & Hollister LLP

*/s/ Bradley J. Walz*

Bradley J. Walz

BJW: acz
Enclosure

127723627v1