UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Nickels and Dimes Incorporated,<br><br>                      Plaintiff,<br><br>v.<br><br>Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart,<br><br>                      Defendants. | Civil Action No. 3:23-cv-00699<br><br>**JURY TRIAL DEMANDED** |

## REPORT OF PARTIES' PLANNING MEETING

1. The parties held a planning meeting pursuant to Federal Rule of Civil Procedure 26(f) on October 5, 2023. Bradley Walz and Christine Walsh participated for the Plaintiff, and Nicholas Otis participated for the Defendants. On October 12, 2023, Plaintiff sent Defendants a draft Rule 26(f) Report containing the substance and dates that the parties discussed. Plaintiff followed up with Defendants on October 24th, October 31st, and November 7th requesting Defendants' comments, if any, to the Joint Rule 26(f) Report. Despite Plaintiff's effort to obtain their consent, Defendants never responded to Plaintiff's repeated requests.

2. Jurisdiction.

   The court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

3. Pre-Discovery Disclosures.

   Pursuant to Rule 26(a)(1)(C), Plaintiff served its Initial Disclosures on October 19, 2023. Defendants have not served their Initial Disclosures.

129866898v1

4. Discovery Plan.

Plaintiff proposes the following discovery plan.

a. Discovery will be needed on the following subjects: likelihood of confusion, and damages.

b. Disclosure or discovery of electronically stored information should be handled according to the attached Protocol for Discovery of Electronically Stored Information.

c. Maximum of 25 interrogatories by Plaintiff to Defendants and 25 interrogatories by Defendants to Plaintiff.

d. Maximum of 25 requests for admission, exclusive of requests to authenticate documents, by Plaintiff to Defendants and Defendants to Plaintiff.

e. Maximum of 10 depositions by Plaintiff and 10 by Defendants.

   i. Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

f. The last day to complete fact discovery is April 19, 2024. Motions to compel must be filed within 30 days of the close of fact discovery, May 20, 2024.

g. The party who has the burden of proof on an issue must disclose the identity of any Rule 26(a)(2) witness and the witness's written report by:

   i. June 18, 2024 for Plaintiff;

   ii. June 18, 2024 for Defendant; and

   iii. November 18, 2024 for Rule 26(e) supplements.

h. Expert depositions must be taken by July 18, 2024. Expert rebuttal reports are due on August 19, 2024. Rebuttal expert depositions must be taken by September 18,

2024.

5. Other Items.

   a. The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is April 19, 2024.

   b. The last date the Defendants may seek permission to join additional parties and to amend the pleadings is April 19, 2024.

   c. The time to file Rule 26(a)(3) pretrial disclosures will be governed by a separate order.

   d. Dispositive motions must be filed before November 18, 2024. All other non-dispositive motions must be filed by December 2, 2024.

   e. The case should be ready for jury trial by January 31, 2025, and at this time is expected to take approximately 5 days.

   f. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. Alternative Dispute Resolution.

   The case's settlement prospects may be enhanced via the following ADR procedure:

   Mediation with a qualified neutral selected through the International Trademark Association ("INTA") that is scheduled within 30 days following the close of fact discovery.

Dated: November 14, 2023

Respectfully submitted,

*/s/Bradley J. Walz*
Bradley J. Walz, *pro hac vice*
TAFT STETTINIUS & HOLLISTER, LLP
220 IDS Center
80 South Eighth Street

129866898v1

Minneapolis, MN 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

Jonathan G. Polak, 21954-49
Christine A. Walsh, 36444-45
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: (317) 713-3500
Facsimile: (317) 713-3699
Email: jpolak@taftlaw.com
         cwalsh@taftlaw.com

*Attorneys for Plaintiff, Nickels and Dimes Incorporated*

129866898v1

Appendix

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Nickels and Dimes Incorporated,<br><br>                      Plaintiff,<br><br>v.<br><br>Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart,<br><br>                      Defendants. | Civil Action No. 3:23-cv-00699<br><br>**JURY TRIAL DEMANDED** |

**Protocol for Discovery of Electronically Stored Information**

Disclosure or discovery of electronically stored information ("ESI")[1] should be handled as follows:

**I.    Purpose.**

This Protocol governs the discovery of ESI in this case and supplements all other discovery rules and orders in order to promote a "just, speedy, and inexpensive determination" of this matter, as required by Fed. R. Civ. P 1 and the Local Rules of the Northern District of Indiana.

**II.    Cooperation.**

The parties are aware the importance this Court places on cooperation and shall cooperate in good faith throughout the matter consistent with this Court's standards of conduct. *See* N.D. Ind. L.R. 83-5(e). If an issue arises that is not governed by this Protocol, the parties shall work in

---

[1] Fed. R. Civ. P. 34(a)(1)(A) provides for production, inspection, copying, testing or sampling of any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form

good faith to resolve the issue before bringing it to the Court's attention.

## III.     E-Discovery Liaison.

The parties shall identify e-discovery liaisons to each other who are and will be knowledgeable about, and responsible for, discussing their respective ESI. Each e-discovery liaison will be or have ready access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter

## IV.     ESI Preservation.

The parties shall make every effort to preserve all electronic data relevant to a party's claims or defenses. To reduce the cost and burden of preservation and to ensure the ESI that is preserved is reasonable and proportionate to the need, the parties are directed to limit the ESI as follows:

   **a.**     Only ESI created between January 1, 2021, and the present need to be preserved;

   **b.**     The parties shall exchange a list of the types of ESI they believe should be preserved and the custodians (or general job titles or descriptions of custodians) for whom they believe ESI should be preserved.

   **c.**     The parties shall agree on the number of custodians per party for whom ESI will be preserved; however, absent leave of this Court, the number of

129866898v1

custodians shall not exceed seven (7). The parties may add or remove custodians as reasonably necessary.

V.     **Search.**

    a.     **Identification of ESI**. In responding to the initial Fed. R. Civ. P. 34 requests, or earlier if appropriate, the parties shall meet and confer about methods to search ESI in order to identify ESI that is subject to necessary and proportional production and filter out ESI that is not subject to discovery.

    b.     **Non-Accessible Sources**. To that end, the parties shall identify data sources, if any, that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B). ESI from these non-accessible sources shall be preserved but not searched, reviewed, or produced absent leave of court upon a showing of relevance and good cause. Such sources may include, without limitation, backup media created before January 1, 2021, digital voicemail, and instant messaging.

VI.    **Production Parameters.**

    a.     **Production Format and Metadata.** The Parties agree to produce ESI in the format described in Exhibit A.

VII.   **Cost and Burden of Producing Electronic Discovery.**

    a.     **Presumptions.** Unless the disclosing party, with the burden of bearing the costs as specified below, demonstrates to the Court that the cost of production is overly burdensome because of an inordinate amount of responsive ESI or excessive effort to identify and produce the responsive ESI, the following presumptions apply:

**(1)** To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party as maintained in the normal and traditional course of business, with the producing party bearing the cost of assembling responses to the requests;

**(2)** To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

**b.** **Cost Shifting.** Costs will be shifted for disproportionate ESI production requests pursuant to Fed. R. Civ. P. 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be subject to cost-shifting considerations. However, a party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will also be factored into any consideration of cost-shifting.

**VIII.** **Inadvertent Disclosure of Privileged Documents.**

To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not contain any privileged communications, counsel for the disclosing party may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. The parties may also agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege. When a party learns that privileged information, either received or produced has been inadvertently disclosed, the party shall notify

129276955v2

the other party in writing and the document shall be returned so that the document may be withheld or redacted, as appropriate, and shall be identified in a privilege log. The parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Fed. R. Civ. P. 37.

IX. **Modification.**

This Protocol may be modified for good cause. The parties shall jointly submit any proposed modifications for the Court's consideration. If the parties cannot resolve any disagreement regarding modifications, the parties may submit competing proposals including a summary of their dispute or disagreement.

**SO ORDERED** this _____ day of November, 2023.

_____
The Honorable Michael G. Gotsch, Sr.
United States Magistrate Judge

129276955v2