UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICKELS AND DIMES INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.   3:23-cv-699 |
| v. ) | |
| ) | |
| NOAH'S ARCADE, LLC d/b/a FULL TILT, ) | |
| BEN KONOWITZ, AND RYAN HART ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S REPORT OF PARTIES' PLANNING MEETING

The Defendants, Noah's Arcade, LLC, d/b/a Full Tilt, Ben Konowitz, and Ryan Hart (herein "Defendants"), by counsel, Nicholas T. Otis, of **NEWBY LEWIS KAMINSKI & JONES, LLP**, submit their alternative proposed discovery plan.

1. **Jurisdiction.**

The court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

2. **Pre-Discovery Disclosures.**

Pursuant to Rule 26(a)(1)(C), Plaintiff served its Initial Disclosures on October 19, 2023.  Defendants have not served their Initial Disclosures.

3. **Discovery Plan.**

Plaintiff proposes the following discovery plan.

     a.    Discovery will be needed on the following subjects: likelihood of confusion, and damages. Discovery will be needed on the seven factors that comprise the likelihood of confusion test in a trademark claim: "(1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of complainant's mark; (6) actual confusion; and, (7) intent of defendant to 'palm off his product as that of another.'" *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235, F.3d 1041, 1043-1044 (7th Cir. 2000). Discovery will be needed on Plaintiff's alleged damages, Defendants' knowledge of Plaintiff's trademarks.

     b.    Disclosure or discovery of electronically stored information should be handled according to the attached Protocol for Discovery of Electronically Stored Information. **Defendants agree with Plaintiff's proposal.**

     c.    Maximum of 25 interrogatories by Plaintiff to Defendants and 25 interrogatories by Defendants to Plaintiff. **Defendants agree with Plaintiff's proposal.**

     d.    Maximum of 25 requests for admission, exclusive of requests to authenticate documents, by Plaintiff to Defendants and Defendants to Plaintiff. **Defendants agree with Plaintiff's proposal.**

     e.    Maximum of 10 depositions by Plaintiff and 10 by Defendants. **Defendants agree with Plaintiff's proposal.**

         i. Each deposition is limited to a maximum of 7 hours unless extended by stipulation. **Defendants agree with Plaintiff's proposal.**

 f. The last day to complete fact discovery is July 1, 2024. Motions to compel must be filed within 30 days of the close of fact discovery, July 30, 2024.

 g. The party who has the burden of proof on an issue must disclose the identity of any Rule 26(a)(2) witness and the witness's written report by:

  i. August 15, 2024, for Plaintiff;

  ii. October 15, 2024, for Defendants; and

  iii. November 18, 2024, for Rule 26(e) supplements.

 h. Expert depositions must be taken by November 15, 2024. Expert rebuttal reports are due on December 18, 2024. Rebuttal expert depositions must be taken by January 18, 2024.

4. **Other Items.**

 a. The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is April 19, 2024. **Defendants agree with Plaintiff's proposal.**

 b. The last date the Defendants may seek permission to join additional parties and to amend the pleadings is April 19, 2024. **Defendants agree with Plaintiff's proposal.**

 c. The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order. **Defendants agree with Plaintiff's proposal.**

 d. Dispositive motions must be filed before February 18, 2025. All other non-dispositive motions must be filed by March 3, 2025.

 e. The case should be ready for jury trial by May 1, 2025, and at this time

is expected to take approximately 5 days.

    f.    At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

5. **Alternative Dispute Resolution.**

Defendants believe a certified mediator can appropriately mediate this matter.

Date: November 28, 2023

**NEWBY LEWIS KAMINSKI & JONES, LLP**

By:    /s/ Nicholas T. Otis
        Nicholas T. Otis, #27992-64
        916 Lincolnway
        LaPorte, IN 46350
        Telephone: (219) 362-1577
        Fax: (219) 362-2106
        ntotis@nlkj.com
        Attorney for Defendants