UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 3:23-CV-699-DRL-MGG |
| | ) |
| Noah's Arcade, LLC d/b/a Full Tilt, | ) |
| Ben Konowitz, and Ryan Hart, | ) |
| | ) |
| *Defendants*. | ) |

<u>**STIPULATED PROTECTIVE ORDER**</u>

The Parties hereby stipulate to, and move the Court to enter, the following Protective Order; accordingly, it is **ORDERED**:

**I.    Scope.**

This Protective Order ("Order") shall govern the production and exchange of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given or exchanged by and among the parties and/or third parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not parties to this Action, but who are required to produce documents in response to a subpoena in connection with this Action, shall be entitled to invoke the provisions of this Order as if such non-party were a party to this Action. To that end, a party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

**II.   Protected Material.**

Materials designated as Confidential or Attorneys' Eyes Only are collectively referred to herein as "Protected Material." Information may not be designated as subject to any form of protection if it (i) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this protective order; (ii) is acquired by a non-designating party

1

or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (iii) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (iv) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (v) is disclosed by a non-designating party with the approval of the designating party.

A. **Confidential Information.**

The following may be designated "Confidential," provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality:

1. Information and communications required to be kept confidential by the producing party subject to any preexisting confidentiality agreements still in effect at the time of production;

2. Information and communications regarding or relating to the strategy behind the designating parties' selection, development, or implementation of the relevant trademarks at issue in the above captioned litigation;

3. Compilations of personal identity information regarding consumers, or documents reflecting the same for any prospective purchasers, of any products bearing the relevant trademarks at issue in the above captioned litigation, such as personal phone numbers, home addresses, e-mail addresses, and other identifying information; and

4. Information that is required by law to be maintained in confidence.

Information or documents that are available to the public may not be designated as

Protected Material.

    **B.**    **Attorneys' Eyes Only Information.**

The "Attorneys' Eyes Only" designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." It is appropriate "when the parties are business competitors and disclosure of certain confidential information [] could detrimentally affect a party." Disclosure of trade secrets as "Attorneys' Eyes Only" is common. In this action, the "Attorneys' Eyes Only" designation shall be limited to the following information:

1. Proprietary research or development of products and research regarding potential or actual consumers that was created by a party (or on behalf of a party) and which is not available to the designating party's competitors;
2. Information regarding any product which has not yet been made available to customers or the public;
3. Financial information about the costs of making, using, or selling products, as well as the costs of purchasing business assets or revenue from the sales of those assets;
4. Financial information reflecting or disclosing the revenues or profits obtained or expected to be obtained from the sale of products, as well as accounting records, tax records, leases, and banking statements; and
5. Financial information regarding the value of the any of the subject trademarks at issue in the above captioned case.

**III.**    **Designation of Protected Material.**

A Producing Party shall designate as "Confidential" or "Attorneys' Eyes Only" only such information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions. A party may designate a

document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. As it relates to the marking of deposition transcripts, the marking party shall notify any non-marking parties of the decision to designate the transcript (or any relevant portions thereof) as containing Protected Material at the time of the deposition, verbally, and/or by way of written designation no later than thirty (30) days following completion of the deposition. Applying the marking "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

Any copies that are made of any documents marked "CONFIDENTIAL " or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked. In the event the party creating copies of any document containing Protected Material is not the designating party, the copying party shall maintain or apply the necessary marking of that Protected Material as directed by the original designating party. Any document bearing a "CONFIDENTIAL" marking or "CONFIDENTIAL ATTORNEYS' EYES" marking shall be used in a format that includes that marking at any deposition to be conducted by the parties in this case.

Any party may move to modify or seek other relief from any of the terms of this Order if

it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and N.D. Ind. L.R. 37-1.

IV.     **Protections Afforded Protected Material.**

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by such persons only to other persons entitled to have access to the Protected Material under the provisions of this Order. Any person who makes a disclosure of Protected Material permitted under this Order shall advise the person to whom Protected Material is to be disclosed of the contents of the Order. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

   A.     **Confidential Information.**

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal thereof. Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than, to the extent necessary for this litigation.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

   1.   **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

   2.   **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in

5

      which the information is disclosed;

3. **The Court and its Personnel;**

4. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

5. **Contractors.** Employees of third-party vendors and/or contractors involved solely in one or more aspects of copying, converting, storing, or retrieving data, provided that, each respective vendor or contractor has a general confidentiality agreement or obligation in place with retaining counsel and the party making such disclosure first provides notice to the opposing party that such disclosure is imminent. Upon such notice, any party objecting to such disclosure shall have five (5) days to object to the disclosure. The parties shall meet and confer within five (5) days after any objection to disclosure. A party that continues to object to the disclosure after the meet and confer shall have five (5) days from the meet and confer to move the Court for any appropriate relief restricting or preventing such disclosure, during which time the disclosing party shall not disclose the protected material.

6. **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, and the party making such disclosure first provides notice to the opposing party that such disclosure is imminent. Upon such notice, any party objecting to such disclosure shall have five (5) days to object to the disclosure. The

parties shall meet and confer within five (5) days after any objection to disclosure. A party that continues to object to the disclosure after the meet and confer shall have five (5) days from the meet and confer to move the Court for any appropriate relief restricting or preventing such disclosure, during which time the disclosing party shall not disclose the protected material.

7. **Witnesses at depositions.** During their depositions, party witnesses to whom disclosure is reasonably necessary and any third-party deponents in this action that were involved in the creation of, or copied on, the confidential document or information (as described in paragraph 8 below). Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

9. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  **B.**  **Attorneys' Eyes Only Information.**

  Attorneys' Eyes Only information shall not be used or disclosed by counsel for the parties for any purpose whatsoever other than in this litigation, including any appeal thereof. Materials designated "Attorneys' Eyes Only" shall not be given, shown, made available, communicated, or disclosed to anyone other than:

1. The counsel advising or representing any party or non-party witness in this litigation, including in-house counsel of the party who supervise or assist in this action, and their associated paralegals, legal assistants, and staff members working on the action, provided that, before any disclosure is made to a non-party witness and/or the non-party witness's counsel, the non-party witness and/or his or her counsel must execute Exhibit A;

2. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

3. Such persons as counsel of record for all parties shall consent to in writing or on the record prior to the proposed disclosure;

4. The Court and Court personnel, and any court of competent appellate jurisdiction;

5. Employees of third-party vendors and/or contractors involved solely in one or more aspects of copying, converting, storing, or retrieving data, provided that, each respective vendor or contractor execute Exhibit A;

6. Independent consultants and/or experts, retained by the Parties to work on the action, provided that, before any disclosure is made, she/he must execute Exhibit A; and

7. Persons who are identified in the materials designated "Attorneys'

Eyes Only" as having previously had access to or previously seen the materials.

### C. Inadvertent Failure to Designate.

A party or non-party who discloses or produces a confidential or attorneys' eyes only document not designated as confidential may, within seven days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential or attorneys' eyes only. An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party. A party who is notified or discovers that it may have received a protected document must immediately return the same to the disclosing party. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Material.

If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its

9

privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The parties must also comply with N.D. Ind. L.R. 37-1 before seeking Court intervention to resolve any related dispute.

### D. Filing of Protected Material.

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with N.D. Ind. L.R. 5-3.

## V. Objections to Designations and Disclosure.

The designation of any material or document as Protected Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

### A. Meet and Confer.

A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

### B. Judicial Intervention

A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the

challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Material under the terms of this Order.

### VI. Action by the Court

Applications to the Court for an order relating to materials or documents designated Protected Material shall be by motion. A party intending to present another party's or a non-party's confidential or attorneys' eyes only document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

### VII. Use of Protected Material.

#### A. Purposes for Which Protected Material May Be Used.

Documents designated as Protected Material shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves.

#### B. Use of Protected Materials in Pleadings or Other Submissions.

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with N.D. Ind. L.R. 5-3.

#### C. Right to Public Challenge.

Nothing in this Order shall prohibit an interested member of the public from challenging

the confidentiality of any document filed under seal with this Court. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal. *See Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

      **D.**    **Use of Protected Material at Trial or Hearings.**

This Order shall not be construed to govern or effect the admissibility or use of any confidential material or Protected Material at trial or hearing in open court. Any requests for confidentiality or sealing of any hearing or trial shall be made to the judge presiding over that proceeding. In such event, the parties shall confer to reach agreement regarding the procedures to be recommended to the Court.

**VIII.**   **Use by Persons Producing the Protected Material.**

Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way such party sees fit.

**IX.**   **Previously Produced Information.**

A Producing Party shall have 20 days from the entry on this Order to designate any information previously produced in this litigation as Confidential or Attorneys' Eyes Only. Documents designated in this manner shall be subject to this Order to the same extent as if the information had been designated at the time of the initial production, and such information shall be treated by the Receiving Party as if it had been inadvertently produced with an error in designation, subject to Section VIII.

**X.**   **Obligations on Conclusion of Litigation.**

      **A.**    **Order Continues in Force.**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry

of final judgment not subject to further appeal.

      B.      **Obligations at Conclusion of Litigation.**

Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Protected Material and documents marked "CONFIDENTIAL " or "CONFIDENTIAL ATTORNEYS' EYES ONLY" under this Order, including copies as defined in 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party; or unless that party elects to destroy the documents and certifies to the producing party that it has done so. Each party must notify the disclosing or producing party or non-party that it has returned or destroyed all confidential or attorneys' eyes only documents within the 60-day period. In the context of electronically stored information, "destroy" means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert.

      C.      **Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

**XI.**      **No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the

purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

### XII. Modifications.

The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, such modification, extension, or limitation.

### XIII. Nature of Order and Jurisdiction.

This Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action. After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana.

**SO ORDERED** this 18th day of March 2024.

        s/Michael G. Gotsch, Sr.
        Michael G. Gotsch, Sr.
        United States Magistrate Judge

                **WE SO MOVE**
                **and agree to abide by the**
                **terms of this Order**

Dated: March 13, 2024          s/Bradley J. Walz_____
                                                       Bradley J. Walz, *pro hac vice*
                                                         Jonathan G. Polak, 21954-49
                                                         Vivek R. Hadley, 36260-53
                                                         Christine A. Walsh, 36444-45
                                                         TAFT STETTINIUS & HOLLISTER, LLP
                                                         One Indiana Square, Suite 3500
                                                         Indianapolis, Indiana 46204
                                                         Phone: (317) 713-3500
                                                         Facsimile: (317) 713-3699
                                                         Email: bwalz@taftlaw.com
                                                                   jpolak@taftlaw.com
                                                                   cwalsh@taftlaw.com

                *Attorneys for Plaintiff, Nickel and Dimes*
                *Incorporated*

                **WE SO MOVE**
                **and agree to abide by the**
                **terms of this Order**

Dated: March 11, 2024          /s/ Lyle R. Hardman_____
                                                         Lyle R. Hardman, 16056-49
                                                         HUNT SUEDHOFF KEARNEY, LLP
                                                         205 W. Jefferson Blvd., Suite 300
                                                         South Bend, IN 46601
                                                         Phone: (574) 232-4801
                                                         Facsimile: (574) 232-9736
                                                         Email: lhardman@hsk-law.com

                *Attorney for Defendants, Noah's Arcade,*
                *LLC d/b/a Full Tilt, Ben Konowitz, and*
                *Ryan Hart*

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| Nickels and Dimes Incorporated, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:23-CV-699-DRL-MGG |
| Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, | ) ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by such terms.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Protected Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Protected Material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Protected Material in connection with my own research or in connection with any consulting for third parties.

As soon as my work in connection with that action has ended, but not later than 30 days after the termination of the above-captioned action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential

document.

  I declare under penalty of perjury that the foregoing is true and correct. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case. I understand that violation of the Protective Order may be punishable by contempt of Court.

DATED:_____

            _____
            Signature

            _____
            Printed Name

            _____
            Employer & Title

            _____
            Address

            _____
            City, State, Zip Code