# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 3:23-CV-699-CCB-MGG |
| | ) |
| Noah's Arcade, LLC d/b/a Full Tilt, | ) |
| Ben Konowitz, and Ryan Hart, | ) |
| | ) |
| *Defendants*. | ) |

### DECLARATION OF BRADLEY WALZ IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

I, Bradley Walz, declare as follows:

1. I am an attorney at the law firm Taft Stettinius & Hollister, LLP ("Taft"). Taft is counsel of record for Plaintiff Nickels and Dimes Incorporated in the above-captioned lawsuit. I have personal knowledge of the statements in this declaration unless otherwise stated.

2. In the course of the above-captioned lawsuit, myself and the other attorneys at my firm have been engaged in attempting to resolve discovery disputes with the Defendants Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart. I have personally been involved in preparing, participating in, and/or overseeing all calls, meetings, hearings, letters, emails, and other correspondence with Defendants' counsel.

3. On December 20, 2023, Plaintiff served its First Set of Requests for Production and First Set of Interrogatories on Defendant Noah's Arcade, LLC d/b/a Full Tilt.

4. Plaintiff's counsel has made significant efforts to communicate, meet and confer, and resolve discovery issues over the last nearly five months. Defendant and its counsel has failed to meaningfully participate in discovery through the majority of that time. Almost all Plaintiff's efforts in prosecuting this case over the last several months, costing considerable

1

time and expense, were directed toward obtaining Defendants' compliance with its discovery obligations. The following chart contains a true and accurate summary of the dates, events, correspondence, and exhibit numbers discussed in Plaintiff's Motion to Compel Discovery and for Sanctions in regard to each instance of Defendant's failure to meaningfully participate in discovery:

| Date | Description of Event | Ex. No./ECF No. |
|---|---|---|
| 12/20/2023 | Plaintiff served First Set of Requests for Production and First Set of Interrogatories on Defendant Noah's Arcade, LLC d/b/a Full Tilt. | Exs. A-1 & A-2 |
| 1/8/2024 | Defendants' former counsel requested an additional thirty days to respond to the discovery requests because Defendants were obtaining new counsel; Based on this representation, the parties agreed to an informal enlargement to February 22, 2024. | Ex. A-3 |
| 2/26/2024 | The undersigned reached out to Defendants' new counsel, explaining that: "Both of you entered your appearances in this case on January 16, 2024, and as of today we have not received responses to our discovery requests nor a request to further extended the time for Noah's Arcade, LLC d/b/a/ Full Tilt to respond. Therefore, your client has waived its objections to the form of our discovery requests, and we expect to receive full responses to our discovery requests by no later than March 4." | Ex. A-4 |
| 2/27/2024 | Defendant's counsel apologized that responding to the Discovery Requests "fell through the cracks," and represented that he would answer "as soon as possible, although it may not be by your deadline of Monday. | Ex. A-5 |
| 3/8/2024 | Plaintiff's counsel still received no response, so the undersigned reached out to Defendant's counsel: "I am checking in on the discovery responses. We have been patient but our patience is running out. We need full responses to our Interrogatories and Document Requests by March 15th or we will move to compel." Defendant's counsel responded that discovery was complete and "with the clients for signature. I hope to have it to you early next week." | Ex. A-6 |
| 3/11/2024 | Defendant provided Plaintiff with its responses to the Discovery Requests, which contained a general objection to the form of the Discovery Requests. | Exs. A-7 and A-8 |

| | | |
|---|---|---|
| 3/19/2024 | The undersigned reached out to Defendant's counsel on March 19, informing him that once the parties' stipulated protective order entered, Defendant would need to produce its full financial statements because the deductions it "may take for tax purposes are not the same as deductions allowed in a trademark infringement case to arrive at a profit disgorgement number." The undersigned also notified Defendant's counsel that he would "follow up with a letter concerning [the other] items we think the parties need to discuss." | Ex. A-9 |
| 3/21/2024 | Plaintiff's counsel Christine Walsh followed up with Defendant's counsel about providing full financial statements and profit She also informed Defendant's counsel that Taft was now aware of at least one other domain name where cybersquatting occurred, so Defendant would need to produce complete information about its domain names. Defendant's counsel responded later that day, explaining that he had "already reached out to the client to supplement the discovery with this information." | Ex. A-10 |
| 4/2/2024 | Having received no supplementation from Defendant, the undersigned sent Defendant's counsel a discovery deficiency letter, specifically describing the Defendant's deficient responses to four interrogatories and twelve requests for production. The letter also requested Defendant remove its general and boilerplate objections, as it had waived any objection to form by failing to timely respond. Finally, the letter stated: "If your client is unable or unwilling to supplement all these deficient responses within **seven days**, please provide your availability to meet and confer on this issue." | Ex. A-11 |
| 4/9/2024 | Defendant's counsel reached out to the undersigned: "I've met with my clients regarding the issues raised in your correspondence of April 2, 2024. We are working on addressing those, but I will not be able to have a response to you today. I anticipate being able to provide supplementation to our prior discovery by the end of the week." The undersigned responded that the end of the week (April 12) was fine. | Ex. A-12 |
| 4/12/2024 | Defendant produced its supplemental discovery responses. | Exs. A-13 & A-14 |
| 4/16/2024 | The undersigned reached out to Defendant's counsel: I need your client's 2023 financial information and 2024 financial information to date. You can't | Ex. A-15 |

3

| | | |
|---|---|---|
| | withhold this information because your client's tax returns are incomplete. From a trademark infringement damages perspective, your client had profits in 2022.<br><br>**This is the third time I have asked for this information**. Please provide your client's financial information for 2023 and 2024 information to date by Thursday, April 18th. | |
| 4/18/2024 | Defendant's counsel asked the undersigned to give him a call to discuss the issue. The parties had a call, and Defendant's counsel agreed to ask his client for the financial information again. | Ex. A-15 |
| 4/24/2024 | The undersigned followed up with Defendant's counsel: "We served our written discovery requests on December 20, 2023. It is now four months later, and we are still waiting on responsive information to our requests. Do you have some time on Monday to talk about this and set a firm deadline to get the information we requested?" | Ex. A-16 |
| 4/29/2024 | The parties met and conferred, and discussed Defendant supplementing its Discovery Responses. | Ex. A-17 |

5. Plaintiff's counsel has not received any further supplementation from Defendants' counsel since the parties' meet and confer on April 29, 2024.

6. True and accurate copies of each of the Exhibits referenced above are attached hereto.

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge, belief, and information, I believe the foregoing is true and correct, in accordance with 28 U.S.C. § 1746.

Respectfully submitted,

May 14, 2024

s/Bradley J. Walz
Bradley J. Walz