# EXHIBIT A-7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICKELS AND DIMES INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.   3:23-cv-699 |
| v. ) | |
| ) | |
| NOAH'S ARCADE, LLC d/b/a FULL TILT, ) | |
| BEN KONOWITZ, AND RYAN HART ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION**
_____

Defendants, Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart (collectively "the Defendants"), by counsel, submit their responses to the Plaintiff's requests for production.

The Defendants, by counsel, object to all the duties, instructions, definitions and obligations of any type which proceed Plaintiff's First Interrogatories and First Requests for Production to the Defendants, and which Plaintiff attempts to impose on the Defendants.  These are not agreed to between the parties under FRCP 29.  These responses have been made according to FRCP 26 regarding the scope of discovery, FRCP 33 regarding Interrogatory Answers, FRCP 34 regarding Responses to Requests for Production, and case law interpreting those rules.  The Defendants do not agree to any additional duties, instructions, definitions, or obligations in responding to Plaintiff's Requests for Production.

The Defendants also object to the lengthy, multiple, separate definitions used by Plaintiff because they make the Interrogatories and Requests for Production unduly burdensome, confusing, and not understandable taken alone.

**DOCUMENT REQUEST NO. 1:** Documents showing Defendant's electronic data and document retention policies.

**Response:** No such document exists. As to the Defendants' general policies, see Exhibit 1.

**DOCUMENT REQUEST NO. 2:** All Documents concerning Defendant's consideration, selection, conception, creation, or adoption of the Challenged Mark for use on or in connection with any goods or services.

**Response:** See Exhibit 2.

**DOCUMENT REQUEST NO. 3:** Documents sufficient to show the circumstances of Defendant's first use of the Challenged Mark anywhere in the United States, including, but not limited to, the time, place, and manner of such use, as well as the connection with any goods or services.

**Response:** See Exhibit 3.

**DOCUMENT REQUEST NO. 4:** Documents demonstrating the marketing channels through which Defendant has or has caused to be advertised, promoted, marketed, displayed, distributed, or sold, or plans or intends to advertise, promote, market, display distribute, or sell, either directly or through others, any goods or services under or in connection with the Challenged Mark, including but not limited to: the nature of the advertising, the frequency of the advertising, the cost associated with the advertising, the impressions of the advertising, the geographic regions of the advertising, and representative samples of each type of advertising.

**Response:** See Exhibit 4.

**DOCUMENT REQUEST NO. 5:** Documents concerning United States Trademark Application Serial No. 98112919, including, but not limited to, all Documents concerning the decision to file the application and copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the application.

**Response:** See Exhibit 5.

**DOCUMENT REQUEST NO. 6:** Documents concerning United States Trademark Registration No. 9811270, including, but not limited to, copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the registration.

**Response:** See Exhibit 6.

**DOCUMENT REQUEST NO. 7:** Documents sufficient to identify all goods and services sold or intended to be sold by Defendant under or in connection with the Challenged Mark.

**Response:**  See Exhibit 7.

**DOCUMENT REQUEST NO. 8:** Documents sufficient to show any planned or future development of any goods or services in connection with the Challenged Mark, including any marketing plans.

**Response:**  None.

**DOCUMENT REQUEST NO. 9:** All third-party publicity including but not limited to newspaper, magazine, newsletter, trade journal, website, and other media coverage concerning the Challenged Mark or any good or service offered in connection with the Challenged Mark, whether or not authored by any official member of the press, along with the impressions and geographic reach of each instance of third-party publicity.

**Response:**  The only third-party marketing/advertising done by Full Tilt is on a placemat at Around the Clock Restaurant, a local restaurant.  Full Tilt does not have a copy of the advertisement.

**DOCUMENT REQUEST NO. 10:** Documents sufficient to identify the actual purchasers of and describe the target purchasers of goods or services sold or planned or intended to be sold by Defendant under or in connection with the Challenged Mark, including but not limited to, email subscriber lists and/or customer lists including, first and last names, addresses, city, state, and zip code information.

**Response:**  None.  However, see Exhibit 8, which contains website search data.

**DOCUMENT REQUEST NO. 11:** All Documents concerning Defendant's knowledge of Plaintiff or Plaintiff's Mark, including, but not limited to, all Documents reflecting communications about Plaintiff or Plaintiff's use of Plaintiff's Mark.

**Response:**  None prior to the filing of this lawsuit.

**DOCUMENT REQUEST NO. 12:** Documents sufficient to show the annual volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by Defendant under or in connection with the Challenged Mark, separated by good or service.

**Response:** The Defendant is willing to produce its tax returns after an appropriate protective order is entered. The Defendant also states that in 2022, Full Tilt had $79,056 in sales with a **loss** of $266,907. Full Tilt has not completed its 2023 tax return.

**DOCUMENT REQUEST NO. 13:** Documents sufficient to show the calculation of the gross and net profits realized by Defendant, directly or indirectly, from the sale of any goods or services under or in connection with the Challenged Mark.

**Response:** See Response to Request for Production No. 12.

**DOCUMENT REQUEST NO. 14:** All Documents concerning Defendant's registration, licensing, current or previous ownership, or transfer of any domain name that incorporates the Challenged Mark, in whole or in part.

**Response:** See Exhibit 9.

Respectfully submitted,

HUNT SUEDHOFF KEARNEY LLP

 /s/ Lyle R. Hardman
Lyle R. Hardman #16056-49
205 W. Jefferson Blvd., Suite 300
P.O. Box 4156
South Bend, IN 46634-4156
Telephone: (574) 232-4801
Fax: (574) 232-9736
lhardman@hsk-law.com

## Certificate of Service

I certify that a true and exact copy of the foregoing was served upon all parties of record this 11th day of March 2024, via email:

**Bradley J Walz PHV**
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 S 8th St
Minneapolis, MN 55402
612-977-8400
Fax: 612-977-8650
bwalz@taftlaw.com
*PRO HAC VICE*

**Vivek R Hadley**
**Christine A Walsh**
**Jonathan G Polak**
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Sq Ste 3500
Indianapolis, IN 46204
317-713-3500
Fax: 317-713-3699
vhadley@taftlaw.com
cwalsh@taftlaw.com
jpolak@taftlaw.com