# EXHIBIT A-10



2200 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2210
Tel: 612.977.8400 | Fax: 612.977.8650
taftlaw.com

Affirmative Action, Equal Opportunity Employer

**Bradley J. Walz**
612.977.8525
BWalz@taftlaw.com

April 2, 2024

**VIA EMAIL TO LHARDMAN@HSK-LAW.COM**

Lyle R. Hardman
Hunt Suedhoff Kearney LLP
205 W. Jefferson Blvd., Ste 300
South Bend, IN 46601

Re: Discovery Deficiency Letter and Demand for Supplementation
Case No. 3:23-cv-00699 - Nickels and Dimes Inc. v. Noah's Arcade, LLC

Dear Mr. Hardman:

I write on behalf of our client, Nickels and Dimes Incorporated, about Defendant Noah's Arcade, LLC's deficient responses to our discovery requests. We request that Defendant supplement its discovery responses within **seven days**.

At the outset, we expect your client remove its general objections to the form of our interrogatory and document requests and supplement its discovery responses accordingly. Your client waived these objections by failing to timely respond to our discovery requests. *Perry v. City of Gary, Ind.*, 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009). And even if these responses were timely, the boilerplate objections lodged do not satisfy the specificity required by Federal Rules of Civil Procedure 33 and 34. *See also McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670-71 (N.D. Ind. 2008).

Additionally, many of your client's specific interrogatory responses are deficient. Interrogatory No. 2 requested your client identify "all goods and services offered for sale … under or in connection with the Challenged Mark," but the response identifies only its arcade and pinball services. Your client needs to break down its business offerings and identify *every* area of goods and services where the Challenged Mark is being used, such as branded merchandise, food and beverage, events, prizes, and gift cards. Your client must supplement Interrogatory No. 4 with retail prices for each good or service identified.

Lyle R. Hardman
April 2, 2024
Page 2

    Your client's responses to Interrogatories Nos. 6 and 7 are seemingly inconsistent. When asked to describe "all channels of trade in the United States" Defendants have used to sell its goods and services in connection with the Challenged Mark, your client identifies only its physical retail location in La Porte, Indiana. Yet in response to Interrogatory No. 7—which asks for a description of the actual purchasers of and the target purchasers of Defendants' goods and services—your client describes using two internet channels to announce pinball tournaments and attracting clients from two hours away. Thus, for Interrogatory No. 6, your client needs to describe all means by which Defendants market or sell their goods and services, including websites and online platforms. And for Interrogatory No. 7, Defendants must supplement its described actual and target customer—"Families with children who live hear La Porte, Indiana and the Full Tilt Arcade & Pinball location"—to include the wider range of clientele identified.

    As for our Document Requests, almost every one of your client's responses are deficient. For Document Request No. 2, the name "Full Tilt" came from a comment on Ben Konowitz's Facebook Post, yet your client produced none of these comments.

    For Document Request No. 3, we asked for all documents about "Defendant's first use of the Challenged Mark anywhere in the United States, including … the time, place, and manner of such use, as well as the connection with any goods and services," yet your client responded with a lone screenshot of their Facebook Page which shows thousands of likes and followers. This screenshot is not responsive to our request of documents surrounding Defendants' *first* use of the Challenged Mark. Your client uses this same screenshot as the sole responsive document for Document Request No. 4, asked for a broad scope of documents about all marketing channels used. Your client's other discovery responses—including the use of websites to promote pinball tournaments to customers as far as Fort Wayne—confirm that this screenshot is not the only responsive document for Document Request No. 4.

    For Document Requests Nos. 5 and 6, your client needs to produce the prosecution history of both trademarks with the USPTO, along with your client's responses to the Trademark Engine emails. For Document Request No. 7, your client needs to identify all goods and services sold, including, but not limited to, any food and beverage services, events, gift cards, and arcade tickets. For Document Request No. 9, your client would need to identify, at a minimum, any news articles or media posts written about the Full Tilt Arcade & Pinball locations, along with any business partners who sponsor and

USDC IN/ND case 3:23-cv-00699-CCB-SJF   document 36-11   filed 05/14/24   page 4 of 4

Lyle R. Hardman
April 2, 2024
Page 3

promote events with Defendants. Your client also needs to identify the impressions and geographic reach of any third-party publicity.

For Document Request No. 10, your client states that Defendants do not have an email subscription option as of December 28, 2023, yet their website currently offers a "VIP" subscription option where the subscriber receives monthly emails and 20 free credits. Under Federal Rule of Civil Procedure 26(e), your client has a duty to supplement or correct this response to include the most current information about its email subscriber list. As to the rest of the response, your client must produce the names of its regular customers, along with the information of any parties booked in person.

For Document Request No. 12, your client must produce its full financial information since the Court has entered our Stipulated Protective Order. As for Document Request No. 13, the profit calculation for taxes differs from the profit calculation for trademark infringement. Your Client's current response is nonresponsive—it needs to produce full financial and profit calculation information for Document Request No. 13.

Finally, your client identifies two more domain names in response to Document Request No. 14. Yet we requested all documents about Defendants' registration, licensing, and ownership of any domain names that incorporate the Challenged Mark. The sole document produced in response is deficient to respond to the scope of documents requested by Document Request No. 14.

If your client is unable or unwilling to supplement all these deficient responses within **seven days**, please provide your availability to meet and confer on this issue.

Sincerely,

Taft Stettinius & Hollister LLP

*Bradley J. Walz*

Bradley J. Walz