# EXHIBIT A-11

**Walsh, Christine**

| | |
|---|---|
| **From:** | Lyle R. Hardman <lhardman@hsk-law.com> |
| **Sent:** | Tuesday, April 9, 2024 2:33 PM |
| **To:** | Walz, Bradley J. |
| **Cc:** | Walsh, Christine; Polak, Jonathan; Jody Andrews |
| **Subject:** | RE: Nickels and Dimes v. Noah's Arcade |

Thanks, Brad.



**LYLE R. HARDMAN | PARTNER**
**205 W. Jefferson Blvd., Ste. 300**
**South Bend, IN 46601**
P: 574.232.4801
F: 574.232.9736
Email: lhardman@hsk-law.com



**From:** Walz, Bradley J. <BWalz@taftlaw.com>
**Sent:** Tuesday, April 9, 2024 2:32 PM
**To:** Lyle R. Hardman <lhardman@hsk-law.com>
**Cc:** Walsh, Christine <CWalsh@taftlaw.com>; Polak, Jonathan <JPolak@taftlaw.com>; Jody Andrews <jandrews@hsk-law.com>
**Subject:** RE: Nickels and Dimes v. Noah's Arcade

Lyle:

End of the week is fine.

Brad

**From:** Lyle R. Hardman <lhardman@hsk-law.com>
**Sent:** Tuesday, April 9, 2024 10:22 AM
**To:** Walz, Bradley J. <BWalz@taftlaw.com>
**Cc:** Walsh, Christine <CWalsh@taftlaw.com>; Polak, Jonathan <JPolak@taftlaw.com>; Jody Andrews <jandrews@hsk-law.com>
**Subject:** RE: Nickels and Dimes v. Noah's Arcade

Bradley,

1

I tried calling last week, and I know we were trading messages. I've met with my clients regarding the issues raised in your correspondence of April 2, 2024. We are working on addressing those, but I will not be able to have a response to you today. I anticipate being able to provide supplementation to our prior discovery by the end of the week.

Please let me know if you have any objections to this.

Lyle



**LYLE R. HARDMAN I PARTNER**
**205 W. Jefferson Blvd., Ste. 300**
**South Bend, IN 46601**
P: 574.232.4801
F: 574.232.9736
Email: lhardman@hsk-law.com



---

**From:** Walz, Bradley J. <BWalz@taftlaw.com>
**Sent:** Tuesday, March 19, 2024 9:58 AM
**To:** Lyle R. Hardman <lhardman@hsk-law.com>
**Cc:** Walsh, Christine <CWalsh@taftlaw.com>; Polak, Jonathan <JPolak@taftlaw.com>
**Subject:** Nickels and Dimes v. Noah's Arcade

Dear Lyle:

We reviewed the discovery responses and document production and will follow up with a letter concerning items we think the parties need to discuss. Regarding the financial information and your client's claim of a loss, we need to see your client's financial statements, not only their tax returns. The deductions your client may take for tax purposes are not the same as deductions allowed in a trademark infringement case to arrive at a profit disgorgement number.

Once the protective order is entered, we will need to see your client's financial statements and profit calculation to make a settlement offer.

Best regards,



**Bradley J. Walz**
Partner
BWalz@taftlaw.com

Dir: 612.977.8525
Tel: 612.977.8400  |  Fax: 612.977.8650
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2157

**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.