# EXHIBIT A-12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICKELS AND DIMES INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.   3:23-cv-699 |
| v. ) | |
| ) | |
| NOAH'S ARCADE, LLC d/b/a FULL TILT, ) | |
| BEN KONOWITZ, AND RYAN HART ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION
_____

Defendants, Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart (collectively "the Defendants"), by counsel, submit their supplemental responses to the Plaintiff's requests for production.

**DOCUMENT REQUEST NO. 2:** All Documents concerning Defendant's consideration, selection, conception, creation, or adoption of the Challenged Mark for use on or in connection with any goods or services.

**Response:**  See Exhibit 2.

**Supplemental Response**:  See original response to Request for Production No. 2 and Supplemental Ex. 2.  The original post has been shared; Full Tilt does not have access to obtain shares and comments.

**DOCUMENT REQUEST NO. 3:** Documents sufficient to show the circumstances of Defendant's first use of the Challenged Mark anywhere in the United States, including, but not limited to, the time, place, and manner of such use, as well as the connection with any goods or services.

**Response:**  See Exhibit 3.

**Supplemental Response**:  See Exhibit 3.  For clarification, the first use of the Challenged Mark was on June 22, 2022, on Full Tilt's Facebook (now Meta) page. There was no connection with any goods.  Subsequently, the services would have consisted of playing arcade and pinball games at Full Tilt's physical location.

**DOCUMENT REQUEST NO. 4:** Documents demonstrating the marketing channels through which Defendant has or has caused to be advertised, promoted, marketed, displayed, distributed, or sold, or plans or intends to advertise, promote, market, display distribute, or sell, either directly or through others, any goods or services under or in connection with the Challenged Mark, including but not limited to: the nature of the advertising, the frequency of the advertising, the cost associated with the advertising, the impressions of the advertising, the geographic regions of the advertising, and representative samples of each type of advertising.

**Response**:  See Exhibit 4.

**Supplemental Response**:  See Exhibit 4 and Supplemental Exhibit 4.

**DOCUMENT REQUEST NO. 5:** Documents concerning United States Trademark Application Serial No. 98112919, including, but not limited to, all Documents concerning the decision to file the application and copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the application.

**Response**:  See Exhibit 5.

**Supplemental Response**:  See Exhibit 5 and Supplemental Exhibit 5-6.

**DOCUMENT REQUEST NO. 6:** Documents concerning United States Trademark Registration No. 9811270, including, but not limited to, copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the registration.

**Response**:  See Exhibit 6.

**Supplemental Response**:  See Exhibit 5 and Supplemental Exhibit 5-6.

**DOCUMENT REQUEST NO. 7:** Documents sufficient to identify all goods and services sold or intended to be sold by Defendant under or in connection with the Challenged Mark.

**Response**:  See Exhibit 7.

**Supplemental Response**:  See Exhibit 7 and answer to Interrogatory Nos. 2 and 4 and Supplemental Response to Interrogatory Nos. 2 and 4.

**DOCUMENT REQUEST NO. 8:** Documents sufficient to show any planned or future development of any goods or services in connection with the Challenged Mark, including any marketing plans.

**Response**:  None.

**DOCUMENT REQUEST NO. 9:** All third-party publicity including but not limited to newspaper, magazine, newsletter, trade journal, website, and other media coverage concerning the Challenged Mark or any good or service offered in connection with the Challenged Mark, whether or not authored by any official member of the press, along with the impressions and geographic reach of each instance of third-party publicity.

**Response**:  The only third-party marketing/advertising done by Full Tilt is on a placemat at Around the Clock Restaurant, a local restaurant.  Full Tilt does not have a copy of the advertisement.

**Supplemental Response**:  See the response above.  Full Tilt has no other documents responsive to this request in its possession.  However, third-parties ran the following stories about Full Tilt:

1. WSBT – January 19, 2024
2. Hometown News Now – December 31, 2022
3. La Porte County Herald-Dispatch – May 25, 2023
4. Visit Michigancitylaporte.com
5. Tripadvisor
6. [www.arcade-museum.com](www.arcade-museum.com)
7. La Porte County Economic Leadership meeting at Full Tilt – November 30, 2023
8. Mapquest
9. Full Filt Giveback Events – January 19, 2023 and January 23, 2023

These are available online.  Since they are online, presumably anyone could view this information, although the Herald-Dispatch requires a subscription.  Full Tilt has no business partners.

**DOCUMENT REQUEST NO. 10:** Documents sufficient to identify the actual purchasers of and describe the target purchasers of goods or services sold or planned or intended to be sold by Defendant under or in connection with the Challenged Mark, including but not limited to, email subscriber lists and/or customer lists including, first and last names, addresses, city, state, and zip code

information.

**Response**:  None.  However, see Exhibit 8, which contains website search data.

**Supplemental Response**:  See Exhibit 8 and Supplemental Exhibit 8.  There are no other documents responsive to this request.  There is no requirement to obtain VIP status.  (For instance, there is no charge to become a VIP).  Full Tilt does not keep track of people who visit the website or visit the store, and it does not keep track of persons or entities that wish to have events at Full Tilt.  Nor does it have an email subscriber list.

**DOCUMENT REQUEST NO. 12:** Documents sufficient to show the annual volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by Defendant under or in connection with the Challenged Mark, separated by good or service.

**Response**:  The Defendant is willing to produce its tax returns after an appropriate protective order is entered.  The Defendant also states that in 2022, Full Tilt had $79,056 in sales with a **loss** of $266,907.  Full Tilt has not completed its 2023 tax return.

**Supplemental Response**:  See Confidential Exhibit 12, which is "Attorneys Eyes Only."

**DOCUMENT REQUEST NO. 13:** Documents sufficient to show the calculation of the gross and net profits realized by Defendant, directly or indirectly, from the sale of any goods or services under or in connection with the Challenged Mark.

**Response**:  See Response to Request for Production No. 12.

**Supplemental Response**:  See Confidential Exhibit 12.

**DOCUMENT REQUEST NO. 14:** All Documents concerning Defendant's registration, licensing, current or previous ownership, or transfer of any domain name that incorporates the Challenged Mark, in whole or in part.

**Response**:  See Exhibit 9.

**Response**:  See Exhibit 9 and Supplemental Exhibit 9.

Respectfully submitted,

HUNT SUEDHOFF KEARNEY LLP

 /s/ Lyle R. Hardman
Lyle R. Hardman #16056-49
205 W. Jefferson Blvd., Suite 300
P.O. Box 4156
South Bend, IN 46634-4156
Telephone: (574) 232-4801
Fax: (574) 232-9736
lhardman@hsk-law.com

## Certificate of Service

I certify that a true and exact copy of the foregoing was served upon all parties of record this 11th day of March 2024, via email:

| | |
|---|---|
| **Bradley J Walz PHV**<br>TAFT STETTINIUS & HOLLISTER LLP<br>2200 IDS Center<br>80 S 8th St<br>Minneapolis, MN 55402<br>612-977-8400<br>Fax: 612-977-8650<br>bwalz@taftlaw.com<br>*PRO HAC VICE* | **Vivek R Hadley**<br>**Christine A Walsh**<br>**Jonathan G Polak**<br>TAFT STETTINIUS & HOLLISTER LLP<br>One Indiana Sq Ste 3500<br>Indianapolis, IN 46204<br>317-713-3500<br>Fax: 317-713-3699<br>vhadley@taftlaw.com<br>cwalsh@taftlaw.com<br>jpolak@taftlaw.com |