UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICKELS AND DIMES INCORPORATED, )
                                                 )
                Plaintiff,                  )
                                                  )     CASE NO. 3:23-CV-699-DRL-MGG
v.                                              )
                                                  )
NOAH'S ARCADE, LLC d/b/a          )
FULL TILT, BEN KONOWITZ,         )
AND RYAN HART                   )
                                                  )
               Defendants.            )

**DEFENDANT, NOAH'S ARCADE, LLC d/b/a Full TILT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## I.      INTRODUCTION

Defendant, Noah's Arcade, LLC d/b/a Full Tilt, by counsel, and pursuant to Fed. R. Civ. Pro. 37(a)(3)(B) respond in opposition to Plaintiff's motion to compel discovery.

## II.      STATEMENT OF MATERIAL FACTS

### A.     **Background**

Plaintiff, Nickles and Dimes Inc., filed a complaint against Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz and Ryan Hart for service marks infringement, unfair competition, false designation of origin, cybersquatting, abandonment of the Full Tilt and the Full Tilt & Design service mark applications, trademark infringement, unfair competition and deceptive trade practices in relation to Full Tilt's use of the mark "Full Tilt" for marketing, advertising, promotion, sales and services. (Exhibit A, Plaintiff's Amended Complaint ¶ 1).

**B.**    **Discovery**

Plaintiff sent Defendant, Noah's Arcade, LLC d/b/a Full Tilt (hereinafter "Full Tilt") discovery on December 20, 2023. (Exhibit B, Plaintiff's Interrogatories to Defendant; Exhibit C, Plaintiff's Request for Production of Documents to Defendant). In January 2024, the defense was transferred from law firm Newby Lewis Kaminski & Jones, LLP to Hunt Suedhoff Kearney LLP, with Lyle R. Hardman filing an appearance. (Exhibit D, LRH Appearance). February 26, 2024, Plaintiff's counsel requested responses to discovery. (Exhibit E, Letter from Walz). As Full Tilt's counsel made clear in their response the following day, the file had only recently been transferred along with several other files transferred at the same time. (Exhibit F, Email correspondence from Hardman). Full Tilt's counsel noted that, "I will answer it as soon as possible, although it may not be by your deadline of Monday." (Exhibit G, Email correspondence from Hardman, February 27, 2024). On March 8, 2024, Full Tilt's counsel contacted Plaintiff's counsel notifying them that discovery was complete and that upon the client's signature, it would be sent, hopefully early the next week. (Exhibit H, Email correspondence from Hardman, March 8, 2024). After inquiry, Full Tilt's counsel further noted that this provided all responsive documents excepting the tax returns, however those would be provided after the protective order was entered. (Exhibit H, Email correspondence from Hardman, March 8, 2024). As promised, Full Tilt's counsel provided their discovery responses on March 11, 2024. (Exhibit I, Email correspondence from Andrews, March 11, 2024). As the case developed, Plaintiff's counsel requested supplemental discovery. (Exhibit J, Email correspondence from Walz, April 2, 2024). Full Tilt's counsel responded, "I've met with my clients regarding the issues raised in your correspondence of April 2, 2024. We are working on addressing those, but I will not be able to have a response to you today. I anticipate being able to provide supplementation to our prior discovery by the end of the week." (Exhibit K, Email

correspondence from Hardman, April 9, 2024). On May 1, 2024, Plaintiff's counsel sent a letter to Full Tilt's counsel noting that they had met to discuss discovery responses which would be supplemented. (Exhibit L, Letter from Walz).[1] Plaintiff then filed their motion to compel discovery against Defendant, Noah's Arcade, LLC d/b/a Full Tilt on May 14, 2024. (Exhibit M, Plaintiff's Motion to Compel Discovery). Counsel for Full Tilt requested discovery from Plaintiff May 21, 2024. (Exhibit N, Email correspondence from Andrews, May 21, 2024). According to the Court scheduling order, fact discovery is due by July 1, 2024, a motion to compel is due by July 30, 2024, and all discovery is due by January 20, 2025. (Exhibit O, Scheduling Order).

### III.    ARGUMENT

### A.    Full Tilt's Discovery Responses Are Not Deficient and a Motion to Compel is Not Appropriate

"A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses." *Marnocha v. City of Elkhart*, No. 3:16-CV-592-PPS-JEM, 2018 U.S. Dist. LEXIS 172198 (N.D. Ind. Oct. 4, 2018) citing Fed. R. Civ. Pro. 37(a).

In this case, a motion to compel is not appropriate. For Full Tilt's part, it attempted to provide discovery responses to Plaintiff. While this case was transferred from one legal firm to another in the midst of discovery, Defense counsel worked to provide documents and answers. Full Tilt has responded to all of Plaintiff's discovery requests and timely supplemented said responses.  Full Tilt is continuing to supplement its responses as necessary and as evidenced in the April 29, 2024 meeting between the parties, which is memorialized in Plaintiffs' correspondence of May 1, 2024. (Exhibit L). Further, Plaintiff acknowledged in its brief that Full Tilt's

---

[1] Plaintiff's Motion to Compel and Brief in Support of same seeks information and documentation well beyond the itemized supplementation requests included in Plaintiff's Ex. A-16. Doc. 35; Doc. 36; Doc. 36-17.

supplemented responses have resolved some of the deficiencies identified by Plaintiff. (Dkt. 36, p. 5, n. 2). Full Tilt's responses have been forthcoming and complete to the extent that it has provided and continues to provide documents in its possession, custody, or control in compliance with Fed. R. Civ. Pro. 34(a)(1).

### B.     Full Tilt is Only Required to Produce Documents in Its Possession

Fed. R. Civ. Pro. 34(a)(1) requires a party to produce documents in their possession, custody, or control. "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Kokak LLC v. Auto-Owners Ins. Co.*, No. 2:18-CV-177, 2019 U.S. Dist. LEXIS 158218, *9 (N.D. Ind. Sep. 17, 2019); citing *Walls v. Paulson*, 250 F.R.D. 48, 50 (D.D.C. 2008); (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)). "Control means the legal right to obtain documents upon demand." *Kokak LLC v. Auto-Owners Ins. Co.*, No. 2:18-CV-177, 2019 U.S. Dist. LEXIS 158218, *9 (N.D. Ind. Sep. 17, 2019); citing *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.*, 1997 U.S. Dist. LEXIS 19188, 1997 WL 757879, at *3 (N.D. Ill. 1997). "Nonetheless, a document is not in a party's possession, custody or control if the document does not exist." *Kokak LLC v. Auto-Owners Ins. Co.*, No. 2:18-CV-177, 2019 U.S. Dist. LEXIS 158218, *9 (N.D. Ind. Sep. 17, 2019); citing *Miller v. City of Plymouth*, 2010 U.S. Dist. LEXIS 41960, 2010 WL 1754028, at *14 (N.D. Ind. 2010).

Specifically, Plaintiff is requesting alleging that Full Tilt produce documents not in its possession, control or custody:

<u>Request No. 2</u>

**DOCUMENT REQUEST NO. 2:** All Documents concerning Defendant's consideration, selection, conception, creation, or adoption of the Challenged Mark for use on or in connection with any goods or services.

**Response:** See Exhibit 2.

**Supplemental Response**: See original response to Request for Production No. 2 and Supplemental Ex. 2. The original post has been shared; Full Tilt does not have access to obtain shares and comments. (Plaintiff's Exhibit A-16).

Exhibit 2 attached to the original response for Request for Production No. 2 included Arcade Name Emails; Name the Arcade Facebook post; Name the Arcade Full Text Chain; Name the Arcade Text Expanded; Name the Arcade Text Expanded 2; and Name the Arcade Text Final Decision. The supplemental Exhibit 2 included an Additional Chain of Texts.

Plaintiff states that Defendant has failed to produce the electronically stored information. Full Tilt has provided all information that it has in its possession, all information that is in its custody, and all information that is under its control. Full Tilt's response is not deficient, and it is under no obligation to produce information that is not in its possession, custody, or under its control. Fact discovery does not close until July 1, 2024. Should further information responsive to this request come into Full Tilt's possession, custody, or under its control, Full Tilt will meet its obligation to supplement its response and produce such information.

<u>Requests Nos. 5 and 6</u>

**DOCUMENT REQUEST NO. 5:** Documents concerning United States Trademark Application Serial No. 98112919, including, but not limited to, all Documents concerning the

decision to file the application and copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the application.

**Response:**  See Exhibit 5.

**Supplemental Response**:  See Exhibit 5 and Supplemental Exhibit 5-6.

**DOCUMENT REQUEST NO. 6:** Documents concerning United States Trademark Registration No. 9811270, including, but not limited to, copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the registration.

**Response**:  See Exhibit 6.

**Supplemental Response**:  See Exhibit 5 and Supplemental Exhibit 5-6. (Plaintiff's Exhibit A-16).

Exhibit 5, Exhibit 6 and Supplemental Exhibits 5-6 included Account Creation E-mails; an Awaiting Specimen communication; a Serial Number communication; and a log of communication between Full Tilt and the United States Patent and Trademark Office.

Plaintiff is alleging that Full Tilt has not produced its full correspondence with Trademark Engine and the prosecution history from the United States Patent and Trademark Office. The original requests Nos. 5 and 6 do not specifically request prosecution history from the United States Patent and Trademark Office.  Full Tilt is not required to produce information that was not specifically requested. The now requested "prosecution history" is vague, ambiguous and not limited in scope as it does not specify what "prosecution history" the Plaintiff is seeking. Full Tilt has produced all documents submitted to or received from the Patent and Trademark Office and is not required to produce documents not within its possession or custody and not under its control.

Requests No. 12 and 13

**DOCUMENT REQUEST NO. 12:** Documents sufficient to show the annual volume of

sales (in dollars and units) of all goods or services sold, directly or indirectly, by Defendant under

or in connection with the Challenged Mark, separated by good or service.

**Response:**    The Defendant is willing to produce its tax returns after an appropriate

protective order is entered.  The Defendant also states that in 2022, Full Tilt had $79,056 in sales

with a **loss** of $266,907.  Full Tilt has not completed its 2023 tax return.

**Supplemental Response**:  See Confidential Exhibit 12, which is "Attorneys Eyes Only."

**DOCUMENT REQUEST NO. 13:** Documents sufficient to show the calculation of the

gross and net profits realized by Defendant, directly or indirectly, from the sale of any goods or

services under or in connection with the Challenged Mark.

**Response:**  See Response to Request for Production No. 12.

**Supplemental Response**:  See Confidential Exhibit 12. (Plaintiff's Exhibit A-16).

Full Tilt has provided its tax return for 2022. Counsel is working with Full Tilt to provide

its 2023 tax return and its day-to-day financial information from June 8, 2022 to the present. On

April 29, 2024, Plaintiff expanded its requested documents to include the day-to-day financial

information. This is a large volume of information to collect and a mere two weeks after this

request, Plaintiff filed its Motion to Compel.  Fact discovery does not close until July 1, 2024 and

Full Tilt is not deficient in responding to this additional request for production of documents.

**C.**    **Full Tilt is Not Required to Create New Documents in Response to a Rule 34 Request**

Fed. R. Civ. Pro. 34 does not require parties to create records; only to provide those records

that already exist. *Turner v. Rataczak*, No. 13-CV-48-BBC, 2014 U.S. Dist. LEXIS 27221 (W.D.

Wis. Mar. 3, 2014); citing *Cholakyan v. Mercedes-Benz USA, LLC*, CV 10-5944-MMM-JC, 2011

U.S. Dist. LEXIS 154368, (C.D. Cal. Dec. 20, 2011). Furthermore, "Courts may not compel a party to create new documents solely for their production in response to a Rule 34 request." *Turner v. Rataczak*, No. 13-CV-48-BBC, 2014 U.S. Dist. LEXIS 27221, *6-7 (W.D. Wis. Mar. 3, 2014); citing *Cholakyan v. Mercedes-Benz USA, LLC*, No. CV 10-5944-MMM-JC, 2011 U.S. Dist. LEXIS 154368, (C.D. Cal. Dec. 20, 2011); See also *Gaustad v. Frank*, No. 05-C-187, 2006 U.S. Dist. LEXIS 106877, *4 (E.D. Wis. Mar. 1, 2006), *Rockwell Int'l Corp., v. H. Wolfe Iron and Metal Co.*, 576 F.Supp. 511, 511 (W.D. Pa. 1983).

Plaintiff is now demanding that Full Tilt create documents to satisfy their requests. Specifically:

Request No. 4

**DOCUMENT REQUEST NO. 4:** Documents demonstrating the marketing channels through which Defendant has or has caused to be advertised, promoted, marketed, displayed, distributed, or sold, or plans or intends to advertise, promote, market, display distribute, or sell, either directly or through others, any goods or services under or in connection with the Challenged Mark, including but not limited to: the nature of the advertising, the frequency of the advertising, the cost associated with the advertising, the impressions of the advertising, the geographic regions of the advertising, and representative samples of each type of advertising.

**Response:** See Exhibit 4.

**Supplemental Response**: See Exhibit 4 and Supplemental Exhibit 4. (Plaintiff's Exhibit A-16).

Exhibit 4 attached to Full Tilt's original response included a copy of a screenshot of responsive text messages. Supplemental Exhibit 4 includes an invoice for Full Tilt's purchase of advertising on paper placemats at two restaurants.

Full Tilt has properly responded and produced all documents in its possession, its custody, or under its control. Full Tilt has advertised with two websites on one occasion and has disclosed this information to Plaintiff. Full Tilt did not contract with these two entities or any other entity to track the impressions of the advertising or the geographic regions of the advertising. Full Tilt paid for advertisements to be placed on paper placemats at two restaurants but did not contract with either restaurant to track how many individuals saw the advertisements, read the advertisements, or ask the individuals what their impressions of the advertisements were. Plaintiff suggests that Full Tilt should provide the Google Analytics data for its advertising.  Neither is this information in the possession, custody and control of Full Tilt. Full Tilt is not required to create documents responsive to Plaintiff's requests. If Plaintiff wants to review the Google Analytics data for Full Tilt, it may do so at its own expense.

Request No. 10

**DOCUMENT REQUEST NO. 10:** Documents sufficient to identify the actual purchasers of and describe the target purchasers of goods or services sold or planned or intended to be sold by Defendant under or in connection with the Challenged Mark, including but not limited to, email subscriber lists and/or customer lists including, first and last names, addresses, city, state, and zip code information.

> **Response:**  None.  However, see Exhibit 8, which contains website search data.
>
> **Supplemental Response**:  See Exhibit 8 and Supplemental Exhibit 8.  There are no other documents responsive to this request.  There is no requirement to obtain VIP status.  (For instance, there is no charge to become a VIP).  Full Tilt does not keep track of people who visit the website or visit the store, and it does not keep track of persons or entities that wish

to have events at Full Tilt.  Nor does it have an email subscriber list. (Plaintiff's Exhibit A-16).

In response to Request No. 10, Full Tilt produced Exhibit 8 which contained website search data. Full Tilt's customers either visit the website or come into the arcade to play games. Full Tilt also sells merchandise inside its arcade. Full Tilt's owners have sold old arcade machines on their personal Facebook page. Supplemental Exhibit 8 contained documentation showing that Full Tilt has not purchased online tracking services. Full Tilt has informed Plaintiff that they do not track individuals who visit their website, their store, or entities having events at Full Tilt. Full Tilt does not have an e-mail subscriber list. Full Tilt is not obligated to create documents responsive to Plaintiff's requests and doing so would constitute fraud. Full Tilt has appropriately and timely responded to this request.

Additionally, Plaintiff alleges that answers to several of its Interrogatories are deficient:

<u>Interrogatory No 2.</u>

**INTERROGATORY NO. 2:** Identify all goods and services offered for sale, sold, provided or intended to be offered for sale, sold, or provided by or for Defendant in the United States under or in connection with the Challenged Mark.

**Answer:**  Full Tilt Arcade & Pinball is a physical location arcade located in La Porte, Indiana.  The arcade includes various arcade games and pinball machines that are enjoyed by customers of all ages.  From time to time, Full Tilt Arcade & Pinball acquires new arcade games and pinball machines, and in turn, sells older arcade games and pinball machines.  Full Tilt Arcade & Pinball owners, Ryan Hart and Ben Konowitz, sell the arcade and pinball machines through their personal Facebook pages, Facebook Marketplace, or www.pinside.com.  Additionally, Ryan Hart and Ben Konowitz have sold arcade games and pinball machines through an auction one time.

**Supplemental Answer:**   The items identified previously in response to request for production #7 as "merchandise" utilize "Full Tilt."   The categories are T-shirts, Hooded Sweatshirts, Can Koozie, lanyards, and staff t-shirts and hooded sweatshirts.  The response to Ex. 7 contains the quantity ordered and the price of each item.  Total value of all of the merchandise sold was $2,612.05.  However, items were discounted in the amount of $397.18, for net sales of $2,214.87.  Full Tilt does not keep a breakdown of the sales of each individual piece of merchandise, but rather in the "merchandise" category as a whole. (Plaintiff's Ex. A-16).

Even though Full Tilt has provided a complete and timely answer to this Interrogatory, Plaintiff is now requesting that Full Tilt create "sub-categories" of its "merchandise." Full Tilt does not, in the regular course of its business operations categorize its merchandise into separate sub-categories, nor is it required to create said sub-categories identifying which of its merchandise uses the marks challenged in this litigation.

<u>Interrogatory No. 3</u>

**INTERROGATORY NO. 3:** For each good or service required to be identified in response to Interrogatory No. 3, state the inclusive dates of actual and planned use of the Challenged Mark in connection with the good or service, including the specific date of first use of each mark for each good or service.

**Answer:**   On or about June 8, 2022, through current.  (Plaintiff's Ex. A-16).

Full Tilt has provided a timely and appropriate answer to this Interrogatory. Full Tilt began using its trademark on June 8, 2022 and is presently using said trademark. Full Tilt has provided the requested date of the first year and is not required to create planned usage of the mark in response to Plaintiff's Interrogatory.

<u>Interrogatory No. 6</u>

**INTERROGATORY NO. 6:** Describe all channels of trade in the United States through which Defendants has offered for sale, sold, or provided or intends to offer for sale, sell, or provide goods or services under or in connection with the Challenged Mark.

**Answer:** Full Tilt Arcade & Pinball is a physical location arcade located in La Porte, Indiana. Customers must be physically present at the arcade in La Porte, Indiana to play arcade games and pinball. The owners of Full Tilt Arcade & Pinball infrequently sell old machines on their personal Facebook page. (Plaintiff's Ex. A-16).

Plaintiff now alleges that this Interrogatory answer is deficient because Full Tilt has not included a copy of its Facebook page. This page was attached as Exhibit 4 in Full Tilt's original discovery answers.

**D.    Full Tilt Has Not Waived Objections to Discovery Requests**

When a party fails to timely respond to discovery requests, it waives any objections to the discovery requests. *Perry v. City of Gary, Ind*., 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009). And even if these responses were timely, boilerplate objections lodge do not satisfy the specificity required by Federal Rules of Civil Procedure 33 and 34. *McGrath v. Everest N at. Ins. Co*., 625 F. Supp. 2d 660, 670-71 (N.D. Ind. 2008). Plaintiff relies on these two cases to allege that Full Tilt has waived any objections to discovery requests.

Full Tilt does acknowledge that discovery responses were delayed due to a change in its counsel and appreciates the accommodations and extensions granted to it by Plaintiff's counsel. However, Full Tilt has provided timely responses within the granted extensions of time and the Court's Scheduling Order. Further, Full Tilt has not lodged any boilerplate objections in any of its discovery responses.

**E.** **A Party May Seek Reasonable Expenses Incurred to Oppose a Denied Motion to Compel**

Fed. R. Civ. Pro. 37(a)(5)(B) allows the Court to award reasonable expenses incurred in opposing the motion to the defending party, including attorney's fees, if the motion is denied.

**F.** **Even if the Motion is Granted, the Court has Wide Discretion to Determine Attorney Fees**

Even assuming that the Plaintiff's motion to compel discovery is granted, the Court has wide discretion to determine the reasonable attorney fees under Fed. R. Civ. Pro. 37. "The Court must determine whether an attorney's requested award is for hours reasonably spent." *Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs.*, No. 1:19-CV-00165-DRL-SLC, U.S. Dist. LEXIS 58150 (N.D. Ind. March 29, 2022) citing *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-CV-00355-HAB-SLC, U.S. Dist. LEXIS 107426, at *4 (N.D. Ind. June 27, 2019). Furthermore, "the party seeking an award of attorney's fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs.*, No. 1:19-CV-00165-DRL-SLC, U.S. Dist. LEXIS 58150 (N.D. Ind. March 29, 2022) citing *Bratton v. Thomas L. Firm, PC*, 943 F.Supp. 2d 897, 902 (N.D. Ind. 2013).

## IV.    CONCLUSION

For the foregoing reasons, Full Tilt prays that this Court enter its Order denying Plaintiff's motion to compel discovery, in Full Tilts favor and against Nickels and Dimes Inc., and pursuant to Fed. R. Civ. Pro. 37(a)(5)(B), seeks all reasonable expenses incurred in opposing the motion, including attorney's fees, and all other just and proper relief.

Respectfully submitted,

HUNT SUEDHOFF KEARNEY LLP
By: /s/ Lyle R. Hardman
    Lyle R. Hardman    #16056-49
    205 W. Jefferson Blvd., Suite 300
    P.O. Box 4156
    South Bend, IN 46634-4156
    Telephone: (574) 232-4801
    Fax: (574) 232-9736
    Email: lhardman@hsk-law.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 28 day of May 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record who are registered with the system.

/s/ Lyle R. Hardman
Lyle R. Hardman    #16056-49