# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, | |
| Plaintiff, | Case No. 3:23-CV-699-DRL-MGG |
| v. | **AMENDED COMPLAINT** |
| Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Nickels and Dimes Incorporated ("Plaintiff"), by and through its attorneys, Taft, Stettinius & Hollister LLP, for its Amended Complaint against Defendants Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart (collectively "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.      This is an action for infringement of Plaintiff's federally-registered service marks TILT and TILT STUDIO under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), for abandonment of the FULL TILT and FULL TILT & Design service mark applications (Application Serial Nos. 98112919 and 98111270) under 15 U.S.C. § 1119, and for substantial and related claims of trademark infringement and unfair competition and deceptive trade practices under the common laws of the State of Indiana, all arising from the Defendants' unauthorized use of the mark FULL TILT in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendants' arcade services.

2.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

## VENUE

4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5.     Plaintiff Nickels and Dimes Incorporated is a corporation that is incorporated in Texas and has its principal place of business at 1844 N. Preston Road, Celina, TX 75009. Since at least as early as 1977, Plaintiff Nickels and Dimes Incorporated has operated arcades under the TILT and TILT STUDIO marks.

6.     Upon information and belief, Defendant Noah's Arcade, LLC d/b/a Full Tilt is a corporation that is incorporated in Indiana and has its principal place of business at 701 N. Fail Rd., LaPorte, IN 46350. Upon information and belief, Defendant Noah's Arcade, LLC d/b/a Full Tilt on about June 6, 2022 (over 45 years after Plaintiff Nickels and Dimes Incorporated first used its TILT mark for an arcade) opened an arcade under the FULL TILT mark.

7.     Upon information and belief, Defendant Ben Konowitz is an individual who resides at 701 N. Fail Rd, La Porte, IN 46350. Upon information and belief, Mr. Konowitz is a citizen of Indiana. Upon information and belief, Mr. Konowitz is a co-manager of Noah's Arcade, LLC d/b/a Full Tilt and actively participated in the decision to adopt and use the FULL TILT service mark for the arcade.

8. Upon information and belief, Defendant Ryan Hart is an individual who resides at 4679 W. Malaga, La Porte, IN 46350. Upon information and belief, Mr. Hart is a citizen of Indiana. Upon information and belief, Mr. Hart is a co-manager of Noah's Arcade, LLC d/b/a Full Tilt and actively participated in the decision to adopt and use the FULL TILT service mark for the arcade.

## FACTS

A. Plaintiff and Its TILT® and TILT STUDIO® Marks

9. Plaintiff Nickels and Dimes Incorporated was founded in 1972 and its first arcade opened in the Six Flags Mall, Arlington, TX in 1977. Since 1977 (i.e., for 46 years), Plaintiff Nickels and Dimes Incorporated has continuously operated a TILT arcade. At its peak, NDI owned and operated about 200 TILT arcades across the United States and two in New South Wales, Australia. TILT is a traditional arcade that occupies a relatively small footprint and included only arcade games.

10. In 2010, Plaintiff Nickels and Dimes Incorporated started to diversify its amusement arcade game facility entertainment services with the introduction of TILT STUDIO. TILT STUDIO has a larger footprint than the TILT arcades and includes, in addition to arcade games, other entertainment experiences such as laser tag, laser maze, bowling, mini golf, and bumper cars. Despite opening TILT STUDIO, Plaintiff Nickels and Dimes Incorporated continued to operate the smaller TILT arcades.

11. In 2021, Plaintiff Nickels and Dimes Incorporated opened its largest entertainment facility under the TILTED 10 service mark. Plaintiff Nickels and Dimes Incorporated owns a family of marks containing the common element TILT.

12. Plaintiff is the owner of the following valid and subsisting United States Service Mark Registrations on the Principal Register:

| Mark | Service Description | Registration Number | Incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065 | Last Renewed |
|---|---|---|---|---|
| TILT | IC 41: Providing amusement arcade game facility entertainment services | 1349997 | Yes | 2nd Renewal 8/3/2015 |
| TILT STUDIO | IC 035: concession stands featuring food and souvenirs.<br><br>IC 041: entertainment services in the nature of amusement arcade game facilities; entertainment services in the nature of indoor amusement complexes; entertainment in the nature of amusement park rides; entertainment services, namely, arranging and providing rides and theme park attractions for children, | 4082468 | Yes | 1st Renewal 1/23/2022 |

| | miniature golf facilities, and bowling alleys.<br><br>IC 043: providing food at amusement parks | | | |
|---|---|---|---|---|
| TILT | IC 41: providing amusement arcade game facility entertainment services | 4758443 | Yes | 1st Renewal due 6/23/2025 |

Attached as <u>Exhibits 1-3</u> is a true and correct copy of the registration certificates and maintenance records for the foregoing United States Service Mark Registrations.

13.     Plaintiff has used the TILT mark in commerce continuously since at least as early as February 1977 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of arcade services. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of Plaintiff's website showing Plaintiff's use of the TILT mark in connection with these arcade services.

14.     Plaintiff's nationwide constructive use date for its TILT mark is January 21, 1983 and Plaintiff's nationwide constructive notice date for its TILT mark is July 16, 1985.

15.     Plaintiff has used the TILT STUDIO mark in commerce continuously since at least as early as April 15, 2010 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of entertain facility services. See <u>Exhibit 4</u> showing Plaintiff's use of the TILT STUDIO mark in connection with these entertainment facility services.

16.     Plaintiff's nationwide constructive use date for its TILT STUDIO mark is January

24, 2011 and Plaintiff's nationwide constructive notice date for its TILT STUDIO mark is January 10, 2012.

17.    Plaintiff has used the TILTED 10 mark in commerce continuously since at least as early as September 2021 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of entertain facility services. See Exhibit 4 showing Plaintiff's use of the TILTED 10 mark in connection with these entertainment facility services.

18.    As a result of its widespread, continuous, and exclusive use of the TILT, TILT STUDIO, and TILTED 10 service marks to identify its arcades and entertainment facilities and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the TILT, TILT STUDIO, and TILTED 10 service marks.

19.    Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks are distinctive to both the consuming public and Plaintiff's trade.

20.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the arcades and entertainment facility services sold under the TILT, TILT STUDIO, and TILTED 10 service marks including through its website located at the <tiltstudio.com> domain name, Facebook, Instagram, and traditional print media.

21.    Plaintiff offers and sells its arcades and entertainment facility services under its TILT, TILT STUDIO, and TILTED 10 service marks to women, men, children, families, businesses, anyone interested in arcade games or looking for indoor entertainment.

22.    As a result of Plaintiff's expenditures and efforts, the TILT, TILT STUDIO, and TILTED 10 service marks have come to signify the high quality of the arcades and entertainment facility services designated by the TILT, TILT STUDIO, and TILTED 10 service marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

23. Plaintiff has successfully enforced and protected its TILT and TILT STUDIO service marks against past infringements including, but not limited to, the following:

(a) <u>Nickels and Dimes Incorporated v. Double Danger, LLC, Nicholas J. Walton, and Carrie J. McCabe</u>, 23-cv-837-PAM-DTS (D. Minn. 2023);

(b) <u>Nickels and Dimes Incorporated v. Severe Studios LLC</u>, Cancellation No. 92078108 (Trademark Trial and Appeal Board 2022); and

(c) <u>Nickels and Dimes Incorporated v. Cardboard Teck LLC</u>, Cancellation No. 92080413 (Trademark Trial and Appeal Board 2023).

B. <u>Defendants' Unlawful Activities</u>

24. Upon information and belief, Defendants are engaged in provision, offering for sale, sale, marketing, advertising, and promotion of arcade services.

25. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its TILT, TILT STUDIO, and TILTED 10 service marks, Defendants adopted and began using the mark FULL TILT (the "Infringing Mark") in US commerce.

26. The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks. The Infringing Mark incorporates the entirety of Plaintiff's TILT mark and shares the dominant TILT term with Plaintiff's TILT STUDIO and TILTED 10 service marks. Upon information and belief, the relevant consumers will mistakenly believe that Defendants' FULL TILT mark is an extension of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

27. Upon information and belief, Defendants have been engaged in the provision, advertising, promotion, offering for sale, and sale of arcade services using the Infringing Mark in the state of Indiana. Attached as <u>Exhibit 5</u> is true and correct copy of Defendants' website showing Defendants' use of the Infringing Mark.

28.     Upon information and belief, the arcade services Defendants have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical or highly similar to Plaintiff's arcade and entertainment facility services.

29.     Upon information and belief, Defendants have provided, marketed, advertised, promoted, offered for sale, and sold its arcade services under the Infringing Mark through its website located at the <fulltiltlp.com> website, Facebook, traditional print media, and unsolicited third-party articles.

30.     Upon information and belief, Defendants offer and sell arcade services under the Infringing Mark to women, men, children, families, businesses, anyone interested in arcade games.

31.     Upon information and belief, on or about August 10, 2022, Defendant registered the <fulltiltlp.com> domain name (the "Domain Name") with the registrar Google, LLC (the "Registrar"). Upon information and belief, one of the Defendants is currently the registrant of the Domain Name. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of the WHOIS record for the Domain Name as of July 18, 2023.

32.     The Domain Name is confusingly similar to Plaintiff's TILT STUDIO and TILTED 10 service marks, which were distinctive when Defendants registered the Domain Name. Upon information and belief, Defendant was aware of Plaintiff's rights in the TILT, TILT STUDIO, and TILTED 10 service marks when it selected and registered the Domain Name, and knowingly and intentionally registered the Domain Name because of its similarity to the TILT, TILT STUDIO, and TILTED 10 service marks.

33.     Without Plaintiff's authorization and, upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in the TILT, TILT STUDIO, and TILTED 10 service marks, Defendants posted a live website at the Domain Name ("Defendants' Website").

Defendants' Website remains active as of the filing of this complaint.

34.     Defendants' Website consists of information promoting its arcade services. *See* Exhibit 5.

35.     Upon information and belief, Defendants used the Domain Name, which is confusingly similar to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, to divert internet users looking for Plaintiff's website to Defendant's Website. Upon further information and belief, Defendants used the Domain Name with bad faith intent to financially benefit by unjustly earning revenue based on the consumer confusion between Defendants' arcade services and Plaintiff's arcade and entertainment facility services.

36.     Because the Domain Name is confusingly similar to the TILT, TILT STUDIO, and TILTED 10 service marks, and Defendant's Website promotes arcade services that are identical and related to Plaintiff's arcade and entertainment facility services under the TILT, TILT STUDIO, and TILTED 10 service marks, consumers are likely to be confused into thinking that Plaintiff authorized, approved, or is affiliated or connected with Defendant's Website and the arcade services promoted on the site, when that is not the case.

37.     On June 22, 2023, Plaintiff's counsel sent a cease and desist letter to Defendant Noah's Arcade, LLC d/b/a Full Tilt objecting to Defendants' use of the Infringing Mark. Attached as Exhibit 7 is a true and correct copy of Plaintiff's counsel's June 22, 2023 cease and desist letter to Defendant Noah's Arcade, LLC d/b/a Full Tilt.

38.     Defendant Noah's Arcade, LLC d/b/a Full Tilt's counsel responded to Plaintiff's cease and desist letter refusing to comply with Plaintiff's reasonable requests.

39.     After the commencement of this lawsuit for trademark infringement and with actual knowledge of Plaintiff's prior rights in the TILT and TILT STUDIO marks, Defendant Noah's

Arcade, LLC d/b/a Full Tilt filed the following two trademark applications:

| Serial No. | Mark | Service Description | Filing Date | Date of Alleged First Use |
|---|---|---|---|---|
| 98112919 | FULL TILT (in standard characters) | Amusement centers | 8/2/2023 | 6/10/2022 – first use anywhere; 9/14/2022 first use in commerce |
| 98111270 |  | Amusement arcade services | 8/1/2023 | 5/10/2022 – first use anywhere; 9/13/2022 first use in commerce |

Attached hereto as <u>Exhibits 8 and 9</u> are true and correct copies of the printouts from the Trademark Status & Document Retrieval Database ("TSDR") showing that title and status of Application Serial Nos. 98112919 and 98111270.

40.     Ryan Hart signed the applications for the FULL TILT (in standard characters) and FULL TILT & Design applications. Attached hereto as <u>Exhibits 10 and 11</u> are true and correct copies of the service mark applications for the FULL TILT (in standard characters) and FULL TILT & Design marks from the TSDR.

41.     Mr. Hart falsely declared in the FULL TILT (in standard characters) and FULL TILT & Design applications that "to the best of signatory's knowledge and belief, no other person, except, if applicable, concurrent users, have the right to use the [FULL TILT (in standard characters) and FULL TILT & Design marks] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

42.     Upon information and belief, Mr. Hart made his false declaration to the United

States Patent and Trademark Office ("USPTO") intending to mislead the USPTO in order to obtain a federal service mark registration to which Defendant Noah's Arcade, LLC d/b/a Full Tilt is not entitled.

43.    Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' arcade services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' arcade services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

44.    Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and cause confusion and deception in the marketplace.

45.    Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT ONE (Federal Service Mark Infringement)**

46.    Plaintiff repeats and re-alleges paragraphs 1 through 45, as if fully set forth herein.

47.    Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contrary to fact, that Defendants' arcade services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.    Upon information and belief, Defendants has committed the foregoing acts of

infringement with full knowledge of Plaintiff's prior rights in the TILT, TILT STUDIO, and TILTED 10 service marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

49.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

50.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT TWO (Federal Unfair Competition)

51.     Plaintiff repeats and re-alleges paragraphs 1 through 50, as if fully set forth herein.

52.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contrary to fact, that Defendants' arcade services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

53.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

54.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

55.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

57.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT THREE (Cybersquatting)

58.     Plaintiff repeats and re-alleges paragraphs 1 through 58, as if fully set forth herein.

59.     Plaintiff owns all rights in and to the TILT, TILT STUDIO, and TILTED 10 service marks, which are strong and distinctive, and were strong and distinctive as of the date that Defendants registered the Domain Name.

60.     Defendant registered and used the Domain Name, which is confusingly similar to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

61.     Defendant registered and used the Domain Name with bad intent, including an intent to profit from its confusing similarity to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks. Among other things, upon information and belief:  (a) Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the Domain Name; and (b) Defendants intended to divert consumers looking for Plaintiff's arcade and entertainment facility services online to Defendants' Website by exploiting the confusing similarity of the Domain Name and the TILT, TILT STUDIO, and TILTED 10 service marks for Defendants' commercial gain.

62.     Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

63.     Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, cancellation of Defendants' registration of the Domain Name.

64.     Plaintiff is further entitled to recover its damages and Defendants' profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a). Alternatively, Plaintiff is entitled to maximum statutory damages in the amount of $100,000 for the Domain Name pursuant to 15 U.S.C. § 1117(d).

65.     Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

### COUNT FOUR (Common Law Unfair Competition)

66.     Plaintiff repeats and re-alleges paragraphs 1 through 65, as if fully set forth herein.

67.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contrary to fact, that Defendants' arcade services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

68.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

69.     Upon information and belief, Defendants' conduct as alleged herein is willful and

is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

70.     Defendants' conduct as alleged herein constitutes unfair competition and deceptive trade practices.

71.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

72.     Plaintiff is entitled to, among other relief, an award of monetary damages in an amount to be determined at trial.

### COUNT FIVE (ABANDONMENT OF SERVICE MARK APPLICATIONS)

73.     Plaintiff repeats and re-alleges paragraphs 1 through 72, as if fully set forth herein.

74.     This Court has jurisdiction to determine the right to registration.

75.     Noah's Arcade, LLC is the record owner of Application Serial Nos. 98111270 and 98112919 for the marks FULL TILT (in standard characters) and FULL TILT & Design.

76.     Noah's Arcade, LLC d/b/a Full Tilt is a party to this lawsuit.

77.     The FULL TILT (in standard characters) and FULL TILT & Design marks in Application Serial Nos. 98111270 and 98112919 are the subject of this lawsuit and are sufficiently related to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

78.     Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks have priority over Defendant Noah's Arcade, LLC's FULL TILT (in standard characters) and FULL TILT & Design marks displayed in Application Serial Nos. 98111270 and 98112919.

79.     Defendant Noah's Arcade, LLC's FULL TILT (in standard characters) and FULL

TILT & Design marks displayed in Application Serial Nos. 98111270 and 98112919 are likely to cause confusion with Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

80.     Plaintiff is entitled to the express abandonment of Application Serial Nos. 98111270 and 98112919, and injunctive relief preventing Defendants from re-filing a service mark application for either the FULL TILT (in standard characters) or FULL TILT & Design trademarks.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

2.     That Defendants have violated Indiana's common law unfair competition.

3.     Ordering that the Registrar, upon Plaintiff's request, cancel the registration of the Domain Name.

4.     Ordering that the United States Patent and Trademark Office expressly abandon 98111270 and 98112919.

5.     Granting an injunction permanently enjoining the Defendants, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, heirs, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

        a.     providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote arcade services bearing the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of

Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks;

b.    engaging in any activity that infringes Plaintiff's rights in its TILT, TILT STUDIO, and TILTED 10 service marks;

c.    owning, registering, trafficking in, or otherwise using the Domain Name;

d.    engaging in any activity constituting unfair competition with Plaintiff;

e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' arcade services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's arcade services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

f.    using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark FULL TILT or any other mark that infringes or is likely to be confused with Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

h.    aiding, assisting, or abetting any other individual or entity in doing any act

prohibited by sub-paragraphs (a) through (h).

6.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

7.    Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and to immediately remove them from public access and view.

8.    Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and

related materials incorporating or bearing the mark FULL TILT or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

9.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants has complied therewith.

10.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11.     Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

12.     With respect to the Cybersquatting claim, awarding Plaintiff, upon Plaintiff's election, either:

      a.      an amount up to three times the amount of its actual damages and all of Defendants' profits realized by its wrongful acts alleged herein, enhanced as appropriate to compensate Plaintiff for the damages caused thereby, in accordance with Section 35(a) and (b) of the Lanham Act (15 U.S.C. § 1117(a), (b)); or

      b.      maximum statutory damages in the amount of $100,000 for Defendants' violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

13.     Awarding Plaintiff exemplary damages as the court finds appropriate to deter any future willful infringement.

14.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

16.     Awarding such other and further relief as the Court deems just and proper.


Dated: September 5, 2023                    Respectfully submitted,

                                            /s/ Jonathan G. Polak
                                            Jonathan G. Polak, Atty No. 21954-49
                                            TAFT STETTINIUS & HOLLISTER, LLP
                                            One Indiana Square, Suite 3500
                                            Indianapolis, Indiana 46204
                                            Phone: (317) 713-3500
                                            Facsimile: (317) 713-3699
                                            Email: jpolak@taftlaw.com

                                            Attorney for Plaintiff, Nickel and Dimes
                                            Incorporated

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan G. Polak, do hereby certify that I have this day electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification to all counsel of record.

Dated: September 5, 2023

*/s/ Jonathan G. Polak*
Jonathan G. Polak
