# **EXHIBIT B**

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, | |
| | Case No. 3:23-cv-00699 |
| Plaintiff, | |
| v. | |
| Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, | |
| Defendants. | |

**PLAINTIFF NICKELS AND DIMES INCORPORATED'S FIRST SET OF INTERROGATORIES TO DEFENDANT NOAH'S ARCADE, LLC D/B/A FULL TILT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26-1 and 26-2, Plaintiff Nickels and Dimes Incorporated ("Plaintiff"), by and through its attorneys, Taft Stettinius & Hollister, LLP, requests that Defendant Noah's Arcade, LLC d/b/a Full Tilt serve upon the undersigned attorneys at 1 Indiana Square, Suite 3500, Indianapolis, Indiana 46204, answers, under oath, to each of the following interrogatories within thirty (30) days of service of these interrogatories.

**DEFINITIONS**

1. This document incorporates by reference the uniform definitions and rules set forth in Local Rule 26-1.

2. "Document(s)" means all materials within the scope of FRCP 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things.

130273615v1

Documents include, but are not limited to, electronic mail or email, text messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video and audio recordings (including recordings of conference calls or videoconferences), social media or other online content, computer programs, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of the term "document." A document includes all appendices, schedules, exhibits, and other attachments.  The term "document" refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3. "Defendant," "you," or "your" refers to Noah's Arcade, LLC d/b/a Full Tilt, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4. "Plaintiff" means Nickels and Dimes Incorporated, the plaintiff in the above-captioned action.

5. The term "mark" means any word, name, symbol, or device (including any key word or metatag) or any combination thereof.

130273615v1

6. "Plaintiff's Marks" means the marks identified in paragraph 12 and Exhibits 1 through 3 of Plaintiff's Amended Complaint in the above-captioned action.

7. "Challenged Marks" means the word mark "FULL TILT" and design mark for "FULL TILT" identified in paragraphs 25, 26, and 39 of Plaintiff's Amended Complaint in the above-captioned action, and any word, name, symbol, or device (including any key words or metatags) incorporating, based on, or derived from that mark, in whole or in part, that Defendant has used or caused or authorized to be used at any time in connection with the advertising, promotion, marketing, or sale of any goods or services.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, without limitation, written, oral, or electronic transmissions.

9. "Concerning" means consisting of, referring to, relating to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

10. "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

11. "Describe" means set forth fully and unambiguously every fact relevant to the subject of the Interrogatory, of which you (including your agents and representatives) have knowledge or information.

12. "Identify" with respect to a person who is an individual means to state the person's (a) full name, (b) present or last known address, and (c) current or last known place of employment.

13. "Identify" with respect to a person that is an entity such as those listed in Definition No. 16, below, means to state its: full name, legal form, date of organization, state of incorporation

130273615v1

or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or persons in equivalent positions.

14. "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the document, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

15. "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

16. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

17. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of this interrogatory.

18. The terms "all," "any," or "each" encompass any and all of the matter discussed.

19. The use of singular form includes plural, and vice versa.

20. The use of present tense includes past tense, and vice versa.

21. The masculine form shall also be construed to include the feminine and vice versa.

130273615v1

**INSTRUCTIONS**

1. Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

2. If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

   (a) the nature of the privilege claimed;

   (b) the person who made the communication, whether oral or in writing;

   (c) if the communication was oral, all persons present while the communication was made;

   (d) if the communication was written, the author, addressees, and any other recipients;

   (e) the relationship of the author of the communication to each recipient;

   (f) the relationship of the persons present to the person who made the communication;

   (g) the date and place of the communication; and

   (h) the general subject matter of the communication.

3. Unless otherwise stated herein, these interrogatories cover the time period from May 10, 2021 up to and including the present.

4. Unless otherwise stated herein, these interrogatories apply to activities in or in connection with the United States.

130273615v1

5. If you respond to an interrogatory by reference to documents pursuant to Federal Rule of Civil Procedure 33(d), identify the documents with specificity, including by identifying the applicable Bates Number range to the extent the documents are produced in response to Defendant's document requests in this action.

6. For the convenience of the Court and the parties, each interrogatory should be quoted in full immediately preceding the response.

7. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who were or are, responsible for or participated in, the conception, creation, selection, or adoption of the Challenged Mark.

**INTERROGATORY NO. 2:** Identify all goods and services offered for sale, sold, provided or intended to be offered for sale, sold, or provided by or for Defendant in the United States under or in connection with the Challenged Mark.

**INTERROGATORY NO. 3:** For each good or service required to be identified in response to Interrogatory No. 3, state the inclusive dates of actual and planned use of the Challenged Mark in connection with the good or service, including the specific date of first use of each mark for each good or service.

**INTERROGATORY NO. 4:** For each good or service required to be identified in response to Interrogatory No. 3, state the suggested or expected retail price of the good or service.

130273615v1

**INTERROGATORY NO. 5:** Identify all Persons who were or are, responsible for or participating in, the marketing or advertising of any goods and services offered for sale, sold, or intended to be offered for sale or sold by or for Defendants under or in connection with the Challenged Mark.

**INTERROGATORY NO. 6:** Describe all channels of trade in the United States through which Defendants has offered for sale, sold, or provided or intends to offer for sale, sell, or provide goods or services under or in connection with the Challenged Mark.

**INTERROGATORY NO. 7:** Describe the actual purchasers of and the target purchasers of goods or services sold or planned or intended to be sold by Defendant under or in connection with the Challenged Mark.

**INTERROGATORY NO. 8:** Identify the Person or entity that is responsible for accounting for Defendant's financial information.

**INTERROGATORY NO. 9:** Identify all persons that furnished information for the response to these interrogatories, designating the number of each interrogatory for which such persons furnished information.

Dated:  December 20, 2023

s/Bradley J. Walz_____
Bradley J. Walz, *pro hac vice*
bwalz@taftlaw.com
Taft Stettinius & Hollister, LLP
220 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

Jonathan G. Polak, 21952-49
Christine A. Walsh, 36444-45
Taft Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204

130273615v1

                Phone: (317) 713-3500
                Facsimile: (317) 713-3699
                Email: jpolak@taftlaw.com
                    cwalsh@taftlaw.com

                *Attorneys for Plaintiff, Nickels and Dimes Incorporated*

130273615v1

**CERTIFICATE OF SERVICE**

I hereby certify that on this December 20, 2023, I caused a true and correct copy of Plaintiff's First Set of Interrogatories to Noah's Arcade, LLC d/b/a Full Tilt to be forwarded to Nicholas T. Otis at his last known email address: ntotis@nlkj.com.

    s/Bradley J. Walz_____
    Bradley J. Walz

130273615v1