UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICKELS AND DIMES INCORPORATED, ) <br> ) <br> Plaintiff, ) <br> ) CASE NO. 3:23-CV-699-DRL-MGG <br> v. ) <br> ) <br> NOAH'S ARCADE, LLC d/b/a ) <br> FULL TILT, BEN KONOWITZ, ) <br> AND RYAN HART ) <br> ) <br> Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION SEEKING LEAVE TO FILE AN AMENDED ANSWER TO CORRECT ERROR**

## I.   INTRODUCTION

Defendants, Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz and Ryan Hart, (hereinafter "Full Tilt"), by counsel, and pursuant to Fed. R. Civ. Pro. 15(a)(2) files this Memorandum of Law in support of their Motion Seeking Leave to File an Amended Answer to Correct Error.

## II.   STATEMENT OF MATERIAL FACTS

### A. Background

On July 25, 2023, Plaintiff, Nickles and Dimes Inc., filed a complaint against Full Tilt for service marks infringement, unfair competition, false designation of origin, cybersquatting, abandonment of the Full Tilt and the Full Tilt & Design service mark applications, trademark infringement, unfair competition and deceptive trade practices in relation to Full Tilt's use of the mark "Full Tilt" for marketing, advertising, promotion, sales and services. (Dkt. No. 1, Plaintiff's Complaint ¶ 1).  On July 31, 2023, Attorney Nick Otis entered his Appearance on behalf of the

Defendants. (Dkt. No. 5). On September 5, 2023, Plaintiff filed their Amended Complaint. (Dkt. No. 10, Plaintiff's Amended Complaint).

On September 26, 2023, Mr. Otis filed Defendants' Answer to Plaintiff's Amended Complaint. (Dkt. No. 11, Defendant's Answer ¶¶ 40-42). Defendants' Answer to ¶¶ 40-42 was as follows:

> 40. Ryan Hart signed the applications for the FULL TILT (in standard characters) and FULL TILT & Design applications. Attached hereto as Exhibits 10 and 11 are true and correct copies of the service mark applications for the FULL TILT (in standard characters) and FULL TILT & Design marks from the TSDR.
>
> **ANSWER**: Defendants admit the material allegations set for [sic] in paragraph 40 of Plaintiff's Amended Complaint.
>
> 41. Mr. Hart falsely declared in the FULL TILT (in standard characters) and FULL TILT & Design applications that "to the best of signatory's knowledge and belief, no other person, except, if applicable, concurrent users, have the right to use the [FULL TILT (in standard characters) and FULL TILT & Design marks] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."
>
> **ANSWER**: Defendants admit the material allegations set for [sic] in paragraph 41 of Plaintiff's Amended Complaint.
>
> 42. Upon information and belief, Mr. Hart made his false declaration to the United States Patent and Trademark Office ("USPTO") intending to mislead the USPTO in order to obtain a federal service mark registration to which Defendant Noah's Arcade, LLC d/b/a Full Tilt is not entitled.
>
> **ANSWER**: Defendants deny the material allegations set for [sic] in paragraph 42 of Plaintiff's Amended Complaint.

2

On October 17, 2023, the parties were ordered to submit a joint proposed report no later than November 14, 2023. (Dkt. No. 15). On November 14, 2023, Plaintiff filed a Report of Parties' Planning Meeting indicating that the parties participated in a planning meeting on October 5, 2023. After the meeting, Plaintiff prepared a draft report of parties' planning and sent it to Defendants for final review and comment. But Defendants never responded to Plaintiff's requests. As a result, Plaintiff's proposed discovery plan does not include final agreement from Defendants. (Dkt. No. 18).

Although Defendants failed to respond to Plaintiff's requests for confirmation of the draft report, Defendants did file a Motion to Continue the Preliminary Pretrial Conference. In this motion, Defendants explained that their counsel had a medical procedure and could not attend the conference. The Court ordered the Defendants to submit their Report of Parties Planning Meeting on or before December 1, 2023. (Dkt. No. 9). Defendants filed their Report of Parties' Planning Meeting on November 28, 2024. (Dkt. No. 20).

On December 5, 2023, the Court entered its Scheduling Order setting the last day for the parties to amend their pleadings without leave of Court as April 19, 2024, and setting July 1, 2024 as the close of fact discovery. (Dkt. No. 21).

On January 16, 2024, Attorney Lyle R. Hardman entered his Appearance on behalf of the Defendants. (Dkt. No. 28). On January 18, 2024, Attorney Nick Otis filed a Motion to Withdraw Appearance (Dkt. No. 30), which the Court granted on the same date. (Dkt. No. 31).

Attorney Lyle R. Hardman immediately engaged in the discovery process and discussions with Plaintiff regarding depositions. On July 1, 2024, Plaintiff's counsel brought the admission to his attention in a settlement demand that the undersigned first looked at the Answer in this matter.

Failure to read the Answer drafted by former counsel is regrettable but constitutes excusable neglect. (See Exhibit A, Affidavit of Attorney Lyle R. Hardman).

Upon reading the Answer, the undersigned learned that the response to ¶ 41 was "Defendants admit the material allegations set forth in paragraph 41 of Plaintiff's Amended Complaint." Defendants' Answer to ¶ 40 was also an admission (that Mr. Hart had signed and verified the applications for the alleged infringing marks. Defendants Answer to ¶ 43 was a denial of a false declaration made to mislead the USPTO. It can be determined with reasonable certainty that the Answer to ¶ 41 was clearly a scrivener's error. (See Exhibit B, Affidavit of Attorney Nick Otis).

Although Defendants' motion is filed after the deadline to amend the pleadings without leave of Court and after the close of fact discovery, the Plaintiff will not suffer any harm from Defendants being permitted to file an Amended Answer for the sole purpose of correcting a scrivener's error. No depositions have yet been taken in this matter and the parties have previously agreed to conduct depositions after the close of fact discovery. However, not being able to file an Amended Answer will cause Defendants to suffer from undue judicial prejudice as their erroneous judicial admission could be construed as constituting liability and would likely lead to summary judgment for Plaintiff.

### III.   LEGAL ARGUMENT

**A. <u>Judicial Admissions Are Binding Unless Leave to Amend is Granted</u>**

Amended pleadings are governed by Fed. R. Civ. Proc. 15(a)(2):

> Other Amendments. In all other cases, a party may amend the pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. *Aaron MacGregor & Associates v. Zhefiang Jinfei Kaida Wheels Co., Ltd.*, 328 F. Supp. 3d 906, 927-28 (N.D. Ind. 2018) citing *Keller v. United States*, 58 F.3d 1194, 1199 (7th Cir. 1995). [T]hey are not evidence at all but rather have the effect of withdrawing a fact from contention. *Id.* (internal quotation and citations omitted). A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party. *Id.* If leave is granted, statements made in earlier pleadings are not judicial admissions. *Id.* Judicial admissions are admissions made "in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. *Keller* at 1199 n.8. However, if a party is given leave to "submit an amended pleading, the statements made in earlier pleading are not judicial admissions." *Clark v. Fairbanks Capital Corp.,* 2003 U.S. Dist. LEXIS 9204, 2003 WL 21277126, *5-6 (N.D. Ill. 2003) (citing *188 LLC v. Trinity Industries, Inc.,* 300 F.3d 730, 736 (7th Cir.2002)).

Granting Defendants leave to amend their Answer will not cause any harm or prejudice to Plaintiff and Defendants' Answer to ¶ 41 will no longer constitute a binding judicial admission. Should Defendants not be permitted to amend their Answer will constitute undue judicial prejudice to them and an unfair advantage for Plaintiff.

### B. Criteria for Granting Leave to Amend Pleadings

This Circuit has recognized that because pleadings merely serves to put the opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. *Heath v. Isenegger*, 2011 U.S. Dist. LEXIS 68918, *3, 2011 WL 2580538 (citing *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000)). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no

reasonable person could agree with the decision.'" *Id*. (citing *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (*quoting Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. *Heath* at 2011 U.S. Dist. LEXIS 68918 (citing *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230. A motion to amend is more likely to be denied if it takes place [*4] at a relatively late stage in the proceedings. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011); *Winters,* 498 F.3d at 741. The moving party bears the burden to show some valid reason for neglect and delay in seeking to amend the pleading. *Butts*, 387 F.3d at 921.

Furthermore, the court should grant leave to amend pleadings upon a finding of good cause. Excusable neglect, such as a scrivener's error, is permissible cause to warrant granting leave to amend [*8] a pleading. *Heath*, 2011 U.S. Dist. LEXIS 68918, *7-8 (See *Industrial Hard Chrome, Ltd. v. Hetran*, *Inc.*, 64 F.Supp.2d 741, 747-48 (N.D. Ill. 1990) (granting leave to amend complaint due to scrivener's error).

The amendment to Defendants' Answer would not unfairly surprise or prejudice the Plaintiff in this matter. Rather it is the Defendants who would be unduly prejudiced if they are not permitted to amend their Answer. Certainly, a reasonable person could agree with the Court's decision to permit Defendants to amend their Answer as allowing an erroneous judicial admission caused by scrivener's error and excusable neglect would constitute an unfair admission of liability on the part of the Defendants and leave them ripe to lose on a motion for summary judgment by Plaintiff.

Defendants have not exercised undue delay, bad faith or dilatory motives, or repeatedly failed to cure deficiencies. Although Defendants' motion comes after the deadline to amend the pleadings without leave of court and comes after the close of fact discovery (less than two weeks), discovery has occurred and is being supplemented as appropriate and no depositions have yet taken place as the parties agreed to conduct depositions after the close of fact discovery. Defendants have shown a valid reason for their neglect and delay in seeking to amend their Answer. When weighing the Defendants' explanation against the contention of prejudice or surprise to the Plaintiff, it is clearly reasonable that it is the Defendants and not the Plaintiff who would be unduly prejudiced if Defendants are not permitted to amend their Answer. For these reasons, the Court should grant Defendants' motion and permit them to amend their Answer. (See Exhibit C, proposed Amended Answer).

## IV. CONCLUSION

For the foregoing reasons, Defendants prays that this Court enter its Order permitting Defendants to amend their Answer to Plaintiff's Amended Complaint and for all other just and proper relief.

Respectfully submitted,

HUNT SUEDHOFF KEARNEY LLP
By: /s/ Lyle R. Hardman
Lyle R. Hardman        #16056-49
205 W. Jefferson Blvd., Suite 300
P.O. Box 4156
South Bend, IN 46634-4156
Telephone: (574) 232-4801
Fax: (574) 232-9736
Email: lhardman@hsk-law.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 10th day of July 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record who are registered with the system.

/s/ Lyle R. Hardman
Lyle R. Hardman    #16056-49