# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICKELS AND DIMES INCORPORATED, )
                                 )
            Plaintiff,           )
                                 )        CASE NO. 3:23-CV-699-DRL-MGG
v.                               )
                                 )
NOAH'S ARCADE, LLC d/b/a         )
FULL TILT, BEN KONOWITZ,         )
AND RYAN HART                    )
                                 )
            Defendants.          )

## AFFIDAVIT OF NICHOLAS T. OTIS

Nicholas T. Otis, being first duly sworn, deposes and says:

1. I have personal knowledge of the facts set forth herein.

2. This affidavit is submitted regarding the Defendants' Motion Seeking Leave to Amend Answer to Correct Error.

3. I was the Defendants' first counsel in this matter.

4. On September 16, 2023, I filed the Defendants' Answer to Plaintiff's Amended Complaint.

5. Defendants' Answers to ¶¶ 40-42 (Dkt. 11) are stated below:

   40. Ryan Hart signed the applications for the FULL TILT (in standard characters) and FULL TILT & Design applications. Attached hereto as Exhibits 10 and 11 are true and correct copies of the service mark applications for the FULL TILT (in standard characters) and FULL TILT & Design marks from the TSDR.

   **ANSWER**: Defendants admit the material allegations set for [sic] in paragraph 40 of Plaintiff's Amended Complaint.

   41. Mr. Hart falsely declared in the FULL TILT (in standard characters) and FULL TILT & Design applications that "to the best of signatory's knowledge and belief, no other person, except, if applicable, concurrent

**Exhibit B**

users, have the right to use the [FULL TILT (in standard characters) and FULL TILT & Design marks] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

**ANSWER:** Defendants admit the material allegations set for [sic] in paragraph 41 of Plaintiff's Amended Complaint.

42. Upon information and belief, Mr. Hart made his false declaration to the United States Patent and Trademark Office ("USPTO") intending to mislead the USPTO in order to obtain a federal service mark registration to which Defendant Noah's Arcade, LLC d/b/a Full Tilt is not entitled.

**ANSWER:** Defendants deny the material allegations set for [sic] in paragraph 42 of Plaintiff's Amended Complaint.

6. It was my intent to Admit the allegations set forth in ¶ 40, and to Deny the allegations set forth in ¶¶ 41 and 42.

7. The Admission was brought to my attention by current counsel, Lyle R. Hardman, after he learned of it from Plaintiff's counsel in a settlement demand on July 1, 2024.

8. I looked into the matter and concluded that I inadvertently admitted paragraph 41 on behalf of the Defendants. Paragraph 42 was denied, which, in substance, is the same set of allegations as paragraph 41. Additionally, Paragraphs 43-45, which relate to the same allegations were denied.

9. The Defendants dispute all other claims and counts made in this litigation by the Plaintiffs. Plaintiff's Amended Complaint included ninety-six (96) numbered paragraphs and five claims, Count One – Federal Service Mark Infringement, Count Two – Federal Unfair Competition, Count Three – Cybersquatting, Count Four – Common Law Unfair Competition, Count Five – Abandonment of Service Mark Applications.

10. Unfortunately, I did not catch the mistake and the Answer was filed with the mistaken admission to ¶ 41.

I affirm under the pains and penalties of perjury that the above and foregoing statements are true.

Dated: 7/10/24

Nicholas T. Otis

**Exhibit B**