# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICKELS AND DIMES INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:23-cv-00699 |
| v. | ) | |
| | ) | |
| NOAH'S ARCADE, LLC D/B/A FULL TILT, | ) | |
| BEN KONOWITZ, and RYAN HART, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' AMENDED ANSWER TO AMENDED COMPLAINT

Comes now Defendants, Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, by counsel, Lyle R. Hardman, of Hunt Suedhoff Kearney, LLP, and files their Amended Answer to Plaintiff's Amended Complaint.

1. This is an action for infringement of Plaintiff's federally registered service marks TILT and TILT STUDIO under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), for abandonment of the FULL TILT and FULL TILT & Design service mark applications (Application Serial Nos. 98112919 and 98111270) under 15 U.S.C. § 1119, and for substantial and related claims of trademark infringement and unfair competition and deceptive trade practices under the common laws of the State of Indiana, all arising from the Defendants' unauthorized use of the mark FULL TILT in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendants' arcade services.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 1 of Plaintiff's Amended Complaint.**

1

**Exhibit C**

2. Plaintiff seeks injunctive and monetary relief.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 2 of Plaintiff's Amended Complaint.**

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 3 of Plaintiff's Amended Complaint.**

4. Venue is proper in this district under 28 U.S.C. § 1391 (b)(1), in that Defendants reside in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 4 of Plaintiff's Amended Complaint.**

5. Plaintiff Nickels and Dimes Incorporated is a corporation that is incorporated in Texas and has its principal place of business at 1844 N. Preston Road, Celina, TX 75009. Since at least as early as 1977, Plaintiff Nickels and Dimes Incorporated has operated arcades under the TILT and TILT STUDIO marks.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 5 of Plaintiff's Amended Answer. Therefore, that paragraph is deemed denied.**

6. Upon information and belief, Defendant Noah's Arcade, LLC d/b/a Full Tilt is a corporation that is incorporated in Indiana and has its principal place of business at 701 N. Fail Rd., LaPorte, IN 46350. Upon information and belief, Defendant Noah's Arcade, LLC d/b/a Full

**Exhibit C**

Tilt on about June 6, 2022 (over 45 years after Plaintiff Nickels and Dimes Incorporated first used its TILT mark for an arcade) opened an arcade under the FULL TILT mark.

**ANSWER**:    **Defendants admit the material allegations set forth in the first sentence of paragraph 6 of Plaintiff's Amended Complaint. However, Defendants are without sufficient information to be able to admit or deny reference to the 45 years stated in the last sentence of paragraph 6 of Plaintiff's Amended Complaint. Therefore, that portion of paragraph 6 of Plaintiff's Amended Complaint is deemed denied.**

7.   Upon information and belief, Defendant Ben Konowitz is an individual who resides at 701 N. Fail Rd. LaPorte, IN 46350. Upon information and belief, Mr. Konowitz is a citizen of Indiana. Upon information and belief, Mr. Konowitz is a co-manager of Noah's Arcade, LLC d/b/a Full Tilt and actively participated in the decision to adopt and use the FULL TILT service mark for the arcade.

**ANSWER**:    **Defendants admits that Mr. Konowitz is a citizen of Indiana, but deny the remaining allegations in paragraph 7.**

8.   Upon information and belief, Defendant Ryan Hart is an individual who resides at 4679 W. Malaga, LaPorte, IN 46350. Upon information and belief, Mr. Hart is a citizen of Indiana. Upon information and belief, Mr. Hart is a co-manager of Noah's Arcade, LLC d/b/a Full Tilt and actively participated in the decision to adopt and use the FULL TILT service mark for the arcade.

**ANSWER**:    **Defendants admit Ryan Hart resides at the above address and is a citizen of Indiana. Defendants deny the remaining allegations in Paragraph 8.**

9.   Plaintiff Nickels and Dimes Incorporated was founded in 1972 and its first arcade opened in the Six Flags Mall, Arlington, TX in 1977. Since 1977 (i.e., for 46 years), Plaintiff Nickels and Dimes Incorporated has continuously operated a TILT arcade. At its peak, NDI owned

3

**Exhibit C**

and operated about 200 TILT arcades across the United States and two in New South Wales, Australia. TILT is a traditional arcade that occupies a relatively small footprint and included only arcade games.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 9 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

10. In 2010, Plaintiff Nickels and Dimes Incorporated started to diversify its amusement arcade game facility entertainment, services with the introduction of TILT STUDIO. TILT STUDIO has a larger footprint than the TILT arcades and includes, in addition to arcade games, other entertainment experiences such as laser tag, laser maze, bowling, mini golf, and bumper cars. Despite opening TILT STUDIO, Plaintiff Nickels and Dimes Incorporated continued to operate the smaller TILT arcades.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 10 of Plaintiff's Amended Complaint.**

11. In 2021, Plaintiff Nickels and Dimes Incorporated opened its largest entertainment facility under the TILTED 10 service mark. Plaintiff Nickels and Dimes Incorporated owns a family of marks containing the common element TILT.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 11 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

12. Plaintiff is the owner of the following valid and subsisting United States Service Mark Registrations on the Principal Register:

TILT, Registration Number 1349997;

**Exhibit C**

TILT STUDIO, Registration Number 4082468;

TILT, Registration Number 4758443

Attached as Exhibits 1-3 is a true correct copy of the registration certificates and maintenance records for the foregoing United States Service Mark Registrations.

**<u>ANSWER</u>:    Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 12 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

13. Plaintiff has used the TILT mark in commerce continuously since at least as early as February 1977 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of arcade services. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's website showing Plaintiff's use of the TILT mark in connection with these arcade services.

**<u>ANSWER</u>:    Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 13 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

14. Plaintiff's nationwide constructive use date for its TILT mark is January 21, 1983 and Plaintiff's nationwide constructive notice date for its TIL mark is July 16, 1985.

**<u>ANSWER</u>:    Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 14 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

15. Plaintiff has used the TILT STUDIO mark in commerce continuously since at least as early as April 15, 2010 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of entertain facility services. See Exhibit 4 showing Plaintiff's use of the TILT STUDIO mark in connection with these entertainment facility services.

**Exhibit C**

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 15 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

16. Plaintiff's nationwide constructive use date for its TILT STUDIO mark is January 24, 2011 and Plaintiff's nationwide constructive notice date for its TILT STUDIO mark is January 10, 2012.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegation set forth in paragraph 16 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

17. Plaintiff has used the TILTED 10 m ark in commerce continuously since at least as early as September 2021 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of entertain facility services. See Exhibit 4 showing Plaintiff's use of the TILTED 10 mark in connection with these entertainment facility services.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 17 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

18. As a result of its widespread, continuous, and exclusive use of the TILT, TILT STUDIO, and TILTED 10 service marks to identify its arcades and entertainment facilities and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 18 of Plaintiff's Amended Complaint.**

19. Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks are distinctive to both

6

**Exhibit C**

the consuming public and Plaintiff's trade.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 19 of Plaintiff's Amended Complaint.**

20. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the arcades and entertainment facility services sold under the TILT, TILT STUDIO, and TILTED 10 service marks including through its website located at the <tiltstudio.com> domain name, Facebook, Instagram, and traditional print media.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 20 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

21. Plaintiff offers and sells its arcades and entertainment facility services under its TILT, TILT STUDIO, and TILTED 10 service marks to women, men, children, families, businesses, anyone interested in arcade games or looking for indoor entertainment.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 21 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

22. As a result of Plaintiff's expenditures and efforts, the TILT, TILT STUDIO, and TILTED 10 service marks have come to signify the high quality of the arcades and entertainment facility services designated by the TILT, TILT STUDIO, and TILTED 10 service marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 22 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

**Exhibit C**

23. Plaintiff has successfully enforced and protected its TILT and TILT STUDIO service marks against past infringements including, but not limited to, the following:

(a) <u>Nickels and Dimes Incorporated v. Double Danger, LLC, Nicholas J. Walton, and Carrie J. McCabe</u>, 23-cv-837 PAM-DTS (D. Minn. 2023):

(b) <u>Nickels and Dimes Incorporated v. Severe Studios LLC</u>, Cancellation No. 92078108 (Trademark Trial and Appeal Board 2022); and

(c) <u>Nickels and Dimes Incorporated v. Cardboard Teck LLC</u>, Cancellation No. 92080413 (Trademark Trial and Appeal Board 2023).

B.    <u>Defendants' Unlawful Activities</u>

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 23 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

24. Upon information and belief, Defendants are engaged in provision, offering for sale, sale, marketing, advertising, and promotion of arcade services.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 24 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

25. Without Plaintiff's authorization, and  upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in the TILT, TILT STUDIO, and TILTED 10 service marks, Defendants adopted and began using the mark FULL TILE (the "Infringing Mark") in US commerce.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 25 of Plaintiff's Amended Complaint.**

8

**Exhibit C**

26. The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks. The Infringing Mark incorporated that entirety of Plaintiff's TILT mark and shares the dominant TILT term with Plaintiff's TILT STUDIO and TILTED 10 service marks. Upon information and belief, the relevant consumers will mistakenly believe that Defendants' FULL TILT mark is an extension of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 26 of Plaintiff's Amended Complaint.**

27. Upon information and belief, Defendants have been engaged in the provision, advertising, promotion, offering for sale, and sale of arcade services using the Infringing Mark in the State of Indiana. Attached as Exhibit 5 is true and correct copy of Defendants' website showing Defendants' use of the Infringing Mark.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 27 of Plaintiff's Amended Complaint.**

28. Upon information and belief, the arcade services Defendants have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical or highly similar to Plaintiff's arcade and entertainment facility services.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 28 of Plaintiff's Amended Answer.**

29. Upon information and belief, Defendants have provided, marketed, advertised, promoted, offered for sale, and sold its arcade services under the Infringing Mark through its website located that the <fulltiltlp.com> website, Facebook, traditional print media, and unsolicited third party articles.

9

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 29 of Plaintiff's Amended Complaint.**

30. Upon information and belief, Defendants offer and sell arcade services under the Infringing Mark to women, men, children, families, businesses, anyone interested in arcade games.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 30 of Plaintiff's Amended Complaint.**

31. Upon information and belief, on or about August 18, 2022, Defendant registered the <fulltiltlp.com> domain (the "Domain Name") with the registrar Google, LLC (the "Registrar"). Upon information and belief, one of the Defendants is currently the registrant of the Domain Name. Attached hereto as Exhibit 6 is a true and correct copy of the WHOIS record for the Domain Name as of July 18, 2023.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 31 of Plaintiff's Amended Complaint.**

32. The Domain Name is confusingly similar to Plaintiff's TILT STUDIO and TILTED 10 service marks, which were distinctive when Defendants registered the Domain Name. Upon information and belief, Defendant was aware of Plaintiff's rights in the TILT, TILT STUDIO, and TILTED 10 service marks when it selected and registered the Domain Name, and knowingly and intentionally registered the Domain Name because of its similarity to the TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 32 of Plaintiff's Amended Complaint.**

33. Without Plaintiff's authorization and upon information and belief, beginning after

**Exhibit C**

Plaintiff acquired protectable exclusive rights in the TILT, TILT STUDIO, and TILTED 10 service marks, Defendants posted a live website at the Domain Name ("Defendants' Website"). Defendants' Website remains active as of the filing of this complaint.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 33 of Plaintiff's Amended Complaint.**

34. Defendants' Website consists of information promoting the arcade services. *See* Exhibit 5.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 34 of Plaintiff's Amended Complaint.**

35. Upon information and belief, Defendants used the Domain Name, which is confusingly similar to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, to divert internet users looking for Plaintiff's website to Defendant's Website. Upon further information and belief, Defendants used the Domain Name with bad faith intent to financially benefit by unjustly earning revenue based on the consumer confusion between Defendants' arcade services and Plaintiff's arcade and entertainment facility services.

**ANSWER**:    **Defendants deny the material allegations set forth in Paragraph 35 of Plaintiff's Amended Complaint.**

36. Because the Domain Name is confusingly similar to the TILT, TILT STUDIO, and TILTED 10 service marks, and Defendant's Website promotes arcade services that are identical and related to Plaintiff's arcade and entertainment facility services under the TILT, TILT STUDIO, and TILTED 10 service marks, consumers are likely to be confused into thinking that Plaintiff authorized, approved, or is affiliated or connected with Defendants' Website and the arcade services promoted on the site, when that is not the case.

11

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 36 of Plaintiff's Amended Complaint.**

37. On June 22, 2023, Plaintiff's counsel sent a cease and desist letter to Defendant Noah's Arcade LLC d/b/a Full Tilt objecting to Defendants' use of the Infringing Mark. Attached as Exhibit 7 is a true and correct copy of Plaintiff's counsel's June 22,2023 cease and desist letter to Defendant Noah's Arcade LLC d/b/a Full Tilt.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 37 of Plaintiff's Amended Complaint.**

38. Defendant Noah's Arcade LLC d/b/a Full Tilt's counsel responded to Plaintiff's cease and desist letter refusing to comply with Plaintiff's reasonable requests.

**ANSWER**:    **Plaintiff's demands weren't reasonable.**

39. After the commencement of this lawsuit for trademark infringement and with actual knowledge of Plaintiff's prior rights in the TILT and TILT STUDIO marks, Defendant Noah's Arcade LLC d/b/a Full Tilt Filed the following two trademark applications:

| Serial No. | Mark | Service Description | Filing Date | Date of Alleged First Use |
|---|---|---|---|---|
| 98112919 | FULL TILT (in standard characters) | Amusement centers | 8/2/2023 | 6/10/2022 – first use anywhere; 9/14/2022 first use in commerce |
| 98111270 |  | Amusement arcade services | 8/1/2023 | 5/10/2022 – first use anywhere; 9/13/2022 first use in commerce |

12

**Exhibit C**

Attached hereto as Exhibits 8 and 9 are true and correct copies of the printouts from the Trademark Status & Document Retrieval Database ("TSDR") showing that title and status of Application Serial Nos.98112919 and 98111270.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 39 of Plaintiff's Amended Complaint.**

40    Ryan Hart signed the application for the FULL TILT (in standard characters) and FULL TILT & Design applications. Attached hereto as Exhibits 10 and 11 are true and correct copies of the service mark applications for the FULL TILT (in standard characters) and FULL TILT & Design marks from the TSDR.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 40 of Plaintiff's Amended Complaint.**

41. Mr. Hart false declared in the FULL TILT (in standard characters) and FULL TILT & Design applications that "to the best of signatory's knowledge and belief, no other person, except, if applicable, concurrent users, have the right to use the [FULL TILT (in standard characters) and FULL TILT & Design marks] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 41 of Plaintiff's Amended Complaint.**

42. Upon information and belief, Mr. Hard made his false declaration to the United States Patent and Trademark Office ("USPTO") intending to mislead the USPTO in order to obtain a federal service mark registration to which Defendant Noah's Arcade LLC d/b/a Full Tilt is not entitled.

13

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 42 of Plaintiff's Amended Complaint.**

43. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of origin of the Defendants' arcade services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' arcade services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 43 of Plaintiff's Amended Complaint.**

44. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and cause confusion and deception in the marketplace.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 44 of Plaintiff's Amended Complaint.**

45. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 45 of Plaintiff's Amended Complaint.**

46. Plaintiff repeats and realleges paragraphs 1 through 45, as if fully set forth here.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 45 as the answer to paragraph 46 of Plaintiff's Amended Complaint.**

47. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is

**Exhibit C**

likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contract to fact, that Defendants' arcade services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act 15 U.S.C. § 1114(1).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 47 of Plaintiff's Amended Complaint.**

48. Upon information and belief, Defendants have committed in the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the TILT, TILT STUDIO, and TILTED 10 service marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 48 of Plaintiff's Amended Complaint.**

49. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 49 of Plaintiff's Amended Complaint.**

50. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post=judgement interest.

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 50 of Plaintiff's Amended Complaint.**

51. Plaintiff repeats and re-alleges paragraphs 1 through 50, as if fully set forth herein.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 50 as the answer to paragraph 51 of Plaintiff's Amended Complaint.**

52. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contrary to fact, that Defendants' arcade services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 52 of Plaintiff's Amended Complaint.**

53. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation or origin and misleading description and representation of fact.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 53 of Plaintiff's Amended Complaint.**

54. Upon information and belief, Defendants' conduct, as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 54 of Plaintiff's Amended Complaint.**

55. Defendants' conduct as alleged herein constitutes unfair competition in violation of

16

**Exhibit C**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

> **ANSWER**:    **Defendants deny the material allegations set forth in paragraph 55 of Plaintiff's Amended Complaint.**

56. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

> **ANSWER**:    **Defendants deny the material allegations set forth in paragraph 56 of Plaintiff's Amended Complaint.**

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

> **ANSWER**:    **Defendants deny the material allegations set forth in paragraph 57 of Plaintiff's Amended Complaint.**

58. Plaintiff repeats and re-alleges paragraphs 1 through 58, as if fully set forth herein.

> **ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 57 as the answer to paragraph 58 of Plaintiff's Amended Complaint.**

59. Plaintiff owns all rights in and to the TILT, TILT STUDIO, and TILTED 10 service marks, which are strong and distinctive, and were strong and distinctive as of the date that Defendants registered the Domain Name.

> **ANSWER**:    **Defendants deny the material allegations set forth in paragraph 59 of Plaintiff's Amended Complaint.**

60. Defendant registered and used the Domain Name, which is confusingly similar to

**Exhibit C**

Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 60 of Plaintiff's Amended Complaint.**

61. Defendant registered and used the Domain Name with bad intent, including an intent to profit from its confusingly similarity to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks. Among other things, upon information and belief: (a) Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the Domain Name; and (b) Defendants intended to divert consumers looking for Plaintiff's arcade and entertainment facility services online to Defendants' Website by exploiting the confusing similarity of the Domain Name and the TILT, TILT STUDIO, and TILTED 10 service marks for Defendants' commercial gain.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 61 of Plaintiff's Amended Complaint.**

62. Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 62  of Plaintiff's Amended Complaint.**

63. Plaintiff is entitled to injunctive relief pursuant to U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, cancellation of Defendants' registration of the Domain Name.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 63 of Plaintiff's Amended Complaint.**

64. Plaintiff is further entitled to recover its damages and Defendants' profits, enhanced as

18

**Exhibit C**

the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117 (a). Alternatively, Plaintiff is entitled to maximum statutory damages in the amount of $100,000 for the Domain Name pursuant to 15 U.S.C. § 1117(d).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 64 of Plaintiff's Amended Complaint.**

65. Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 65 of Plaintiff's Amended Complaint.**

66. Plaintiff repeats and re-alleges paragraphs 1 through 6, as if fully set forth herein.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 65 as the answer to paragraph 66 of Plaintiff's Amended Complaint.**

67. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contrary to fact, that Defendants' arcade services are in some way affiliated with or sponsored by Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 67 of Plaintiff's Amended Complaint.**

68. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 68 of Plaintiff's Amended Complaint.**

19

**Exhibit C**

69. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 69 of Plaintiff's Amended Complaint.**

70. Defendants' conduct as alleged herein constitutes unfair competition and deceptive trade practices.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 70 of Plaintiff's Amended Complaint.**

71. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public opinion unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 71 of Plaintiff's Amended Complaint.**

72. Plaintiff is entitled to, among other relief, an award of monetary damages in an amount to be determined at title.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 72 of Plaintiff's Amended Complaint.**

73. Plaintiff repeats and re-alleges paragraphs 1 through 72, as if fully set forth herein.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 72 as the answer to paragraph 73 of Plaintiff's Amended Complaint.**

74. This Court has jurisdiction to determine the right to registration.

20

**Exhibit C**

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 74 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

75. Noah's Arcade, LLC is the record owner of Application Serial Nos. 9811270 and 98112929 for the marks FULL TILT (in standard characters) and FULL TILT & Design.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 75 of Plaintiff's Amended Complaint.**

76. Noah's Arcade, LLC d/b/a Full Tilt is a party to this lawsuit.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 76 of Plaintiff's Amended Complaint.**

77. The FULL TILT (in standard characters) and FULL TILT & Design marks in Application Serial Nos. 98111270 and 98112919 are the subject of this lawsuit and are sufficiently related to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 77 of Plaintiff's Amended Complaint.**

78. Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks have priority over Noah's Arcade, LLC's FULL TILT (in standard characters) and FULL TILT & Design marks displayed in Application Serial Nos. 98111270 and 98112919.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 78 of Plaintiff's Amended Complaint.**

79. Defendant, Noah's Arcade, LLC's FULL TILT (in standard characters) and FULL TILT & Design marks displayed in Application Serial Nos. 98111270 and 98112919 are likely to cause confusion with Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

21

**Exhibit C**

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 79 of Plaintiff's Amended Complaint.**

80. Plaintiff is entitled to the express abandonment of Application Serial Nos. 98111270 and 98112919, and injunctive relief preventing Defendants from re-filing a service mark application for either the FULL TILT (in standard characters) or FULL TILT & Design trademarks.

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 80 of Plaintiff's Amended Complaint.**

Wherefore, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 1 of Plaintiff's Amended Complaint.**

2. That Defendants have violated Indiana's common law unfair competition.

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 2 of Plaintiff's Amended Complaint.**

3. Ordering that the Registrar, upon Plaintiff's request, cancel the registration of the Domain Name.

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 3 of Plaintiff's Amended Complaint.**

4. Ordering that the United States Patent and Trademark Office expressly abandon 98111270 and 98112919.

**Exhibit C**

**<u>ANSWER</u>**:    **Defendants deny the material allegations set forth in paragraph 4 of Plaintiff's Amended Complaint.**

5.    Granting an injunction permanently enjoining the Defendants, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, heirs, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote arcade services bearing the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, AND TILTED 10 service marks;

b.    engaging in any activity that infringes Plaintiff's rights in its TILT, TILT STUDIO, and TILTED 10 service marks;

c.    owning, registering, trafficking in, or otherwise using the Domain Name;

d.    engaging in any activity constituting unfair competition with Plaintiff;

e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' arcade services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

f.    using or authorizing any third party to use any false description, false representation or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

23

**Exhibit C**

g.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark FULL TILT or any other mark that infringes or is likely to be confused with Plaintiff's TILT, TILT STUDIO, or TILTED 10 service marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

h.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 5 of Plaintiff's Amended Complaint.**

6.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 6 of Plaintiff's Amended Complaint.**

7.  Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and to direct all distributors, retailers,

**Exhibit C**

wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and to immediately remove them from public access and view.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 7 of Plaintiff's Amended Complaint.**

8.    Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark FULL TILT or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 8 of Plaintiff's Amended Complaint.**

9.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 9 of Plaintiff's Amended Complaint.**

10. Awarding Plaintiff an amount up to three times the amount of the actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 10 of Plaintiff's Amended Complaint.**

11. Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 11 of Plaintiff's Amended Complaint.**

12. With respect to the Cybersquatting claim, awarding Plaintiff upon Plaintiff's election, either:

    a.   an amount up to three times the amount of its actual damages and all of Defendants' profits realized by its wrongful acts alleged herein, enhanced as appropriate to compensate Plaintiff for the damages caused thereby, in accordance with Section 35(a) and (b) of the Lanham Act (15 U.S.C. § 1117 (a), (b); or

    b.   Maximum statutory damages in the amount of $100,000 for Defendants' violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125 (d)), in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 12 of Plaintiff's Amended Complaint.**

13. Awarding Plaintiff exemplary damages as the court finds appropriate to deter any future

26

**Exhibit C**

willful infringement.

      <u>**ANSWER**</u>:    **Defendants deny the material allegations set forth in paragraph 13 of Plaintiff's Amended Complaint.**

      14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(d)) and awarding Plaintiff the costs and reasonable attorneys' fees hereunder (15 U.S.C. § 1117(a)).

      <u>**ANSWER**</u>:    **Defendants deny the material allegations set forth in paragraph 14 of Plaintiff's Amended Complaint.**

      15. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

      <u>**ANSWER**</u>:    **Defendants deny the material allegations set forth in paragraph 15 of Plaintiff's Amended Complaint.**

      16. Awarding such other and further relief as the Court deems just and proper.

      <u>**ANSWER**</u>:    **Defendants deny the material allegations set forth in paragraph 16 of Plaintiff's Amended Complaint.**

              HUNT SUEDHOFF KEARNEY, LLC

            By: <u>/s/ Lyle R. Hardman</u>
               Lyle R. Hardman   (#16056-49)
               205 W. Jefferson Blvd., Suite 300
               P.O. Box 4156
               South Bend, IN 46634-4156
               Telephone:  (574) 232-4801
               Fax: (574) 232-9736
               Email: lhardman@hsk-law.com

**Exhibit C**

## <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

Defendants, by counsel, state the following Affirmative Defenses to Plaintiff's Amended Complaint:

1.   No act or omission by Defendants was a proximate or legally responsible cause of any damage claimed.

2.   Defendants did not owe Plaintiff a legal duty.

3.   There has been a failure to state a claim upon which relief can be granted as to Defendants.

4.   The claims are excused, generally.

5.   Any paragraph or part of any paragraph of the Complaint not specifically otherwise responded to above is now specifically denied.

6.   The Complaint for Damages fails to state a claim upon which relief can be granted.

7.   The Plaintiff has waived the claims alleged in the Complaint for Damages.

8.   Plaintiff has failed to properly allege their claims against the Defendants. The Plaintiff does not have an arcade location in the Northern District of Indiana. The Plaintiff's closest location is 148 miles away in Rockford, Illinois. There is not a threat of market confusion, there is not a similarity of marks, the parties do not compete in the same area or matter of concurrent use, the parties do not compete in the same geographical areas, there is not direct competition between the products, and the parties' arcades are not sold through the same marketing channels.

WHEREFORE, Defendants, by counsel, request that Plaintiff take nothing by way of its Amended Complaint, for Defendants' costs in this action, and as prevailing parties, are entitled to attorneys, and for all other just and proper relief.

**Exhibit C**

HUNT SUEDHOFF KEARNEY, LLC

By: /s/ Lyle R. Hardman
   Lyle R. Hardman   (#16056-49)
   205 W. Jefferson Blvd., Suite 300
   P.O. Box 4156
   South Bend, IN 46634-4156
   Telephone:  (574) 232-4801
   Fax: (574) 232-9736
   Email: lhardman@hsk-law.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on the 10th day of July, 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record who are registered with the system.

/s/ Lyle R. Hardman
Lyle R. Hardman       #16056-49

29

**Exhibit C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICKELS AND DIMES INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:23-cv-00699 |
| v. | ) | |
| | ) | |
| NOAH'S ARCADE, LLC D/B/A FULL TILT, | ) | |
| BEN KONOWITZ, and RYAN HART, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED ANSWER TO AMENDED COMPLAINT**

Comes now Defendants, Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, by counsel, Lyle R. Hardman, of Hunt Suedhoff Kearney, LLP, and files their Amended Answer to Plaintiff's Amended Complaint.

1.   This is an action for infringement of Plaintiff's federally registered service marks TILT and TILT STUDIO under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), for abandonment of the FULL TILT and FULL TILT & Design service mark applications (Application Serial Nos. 98112919 and 98111270) under 15 U.S.C. § 1119, and for substantial and related claims of trademark infringement and unfair competition and deceptive trade practices under the common laws of the State of Indiana, all arising from the Defendants' unauthorized use of the mark FULL TILT in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendants' arcade services.

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 1 of Plaintiff's Amended Complaint.**

1

**Exhibit C**

2.  Plaintiff seeks injunctive and monetary relief.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 2 of Plaintiff's Amended Complaint.**

3.  This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 3 of Plaintiff's Amended Complaint.**

4.  Venue is proper in this district under 28 U.S.C. § 1391 (b)(1), in that Defendants reside in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 4 of Plaintiff's Amended Complaint.**

5.  Plaintiff Nickels and Dimes Incorporated is a corporation that is incorporated in Texas and has its principal place of business at 1844 N. Preston Road, Celina, TX 75009. Since at least as early as 1977, Plaintiff Nickels and Dimes Incorporated has operated arcades under the TILT and TILT STUDIO marks.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 5 of Plaintiff's Amended Answer. Therefore, that paragraph is deemed denied.**

6.  Upon information and belief, Defendant Noah's Arcade, LLC d/b/a Full Tilt is a corporation that is incorporated in Indiana and has its principal place of business at 701 N. Fail Rd., LaPorte, IN 46350. Upon information and belief, Defendant Noah's Arcade, LLC d/b/a Full

**Exhibit C**

Tilt on about June 6, 2022 (over 45 years after Plaintiff Nickels and Dimes Incorporated first used its TILT mark for an arcade) opened an arcade under the FULL TILT mark.

**ANSWER**:    **Defendants admit the material allegations set forth in the first sentence of paragraph 6 of Plaintiff's Amended Complaint. However, Defendants are without sufficient information to be able to admit or deny reference to the 45 years stated in the last sentence of paragraph 6 of Plaintiff's Amended Complaint. Therefore, that portion of paragraph 6 of Plaintiff's Amended Complaint is deemed denied.**

7.    Upon information and belief, Defendant Ben Konowitz is an individual who resides at 701 N. Fail Rd. LaPorte, IN 46350. Upon information and belief, Mr. Konowitz is a citizen of Indiana. Upon information and belief, Mr. Konowitz is a co-manager of Noah's Arcade, LLC d/b/a Full Tilt and actively participated in the decision to adopt and use the FULL TILT service mark for the arcade.

**ANSWER**:    **Defendants admits that Mr. Konowitz is a citizen of Indiana, but deny the remaining allegations in paragraph 7.**

8.    Upon information and belief, Defendant Ryan Hart is an individual who resides at 4679 W. Malaga, LaPorte, IN 46350. Upon information and belief, Mr. Hart is a citizen of Indiana. Upon information and belief, Mr. Hart is a co-manager of Noah's Arcade, LLC d/b/a Full Tilt and actively participated in the decision to adopt and use the FULL TILT service mark for the arcade.

**ANSWER**:    **Defendants admit Ryan Hart resides at the above address and is a citizen of Indiana. Defendants deny the remaining allegations in Paragraph 8.**

9.    Plaintiff Nickels and Dimes Incorporated was founded in 1972 and its first arcade opened in the Six Flags Mall, Arlington, TX in 1977. Since 1977 (i.e., for 46 years), Plaintiff Nickels and Dimes Incorporated has continuously operated a TILT arcade. At its peak, NDI owned

3

**Exhibit C**

and operated about 200 TILT arcades across the United States and two in New South Wales, Australia. TILT is a traditional arcade that occupies a relatively small footprint and included only arcade games.

**ANSWER**:     **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 9 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

10. In 2010, Plaintiff Nickels and Dimes Incorporated started to diversify its amusement arcade game facility entertainment, services with the introduction of TILT STUDIO. TILT STUDIO has a larger footprint than the TILT arcades and includes, in addition to arcade games, other entertainment experiences such as laser tag, laser maze, bowling, mini golf, and bumper cars. Despite opening TILT STUDIO, Plaintiff Nickels and Dimes Incorporated continued to operate the smaller TILT arcades.

**ANSWER**:     **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 10 of Plaintiff's Amended Complaint.**

11. In 2021, Plaintiff Nickels and Dimes Incorporated opened its largest entertainment facility under the TILTED 10 service mark. Plaintiff Nickels and Dimes Incorporated owns a family of marks containing the common element TILT.

**ANSWER**:     **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 11 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

12. Plaintiff is the owner of the following valid and subsisting United States Service Mark Registrations on the Principal Register:

TILT, Registration Number 1349997;

**Exhibit C**

TILT STUDIO, Registration Number 4082468;

TILT, Registration Number 4758443

Attached as Exhibits 1-3 is a true correct copy of the registration certificates and maintenance records for the foregoing United States Service Mark Registrations.

**ANSWER:    Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 12 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

13. Plaintiff has used the TILT mark in commerce continuously since at least as early as February 1977 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of arcade services. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's website showing Plaintiff's use of the TILT mark in connection with these arcade services.

**ANSWER:    Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 13 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

14. Plaintiff's nationwide constructive use date for its TILT mark is January 21, 1983 and Plaintiff's nationwide constructive notice date for its TIL mark is July 16, 1985.

**ANSWER:    Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 14 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

15. Plaintiff has used the TILT STUDIO mark in commerce continuously since at least as early as April 15, 2010 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of entertain facility services. See Exhibit 4 showing Plaintiff's use of the TILT STUDIO mark in connection with these entertainment facility services.

5

**Exhibit C**

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 15 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

16. Plaintiff's nationwide constructive use date for its TILT STUDIO mark is January 24, 2011 and Plaintiff's nationwide constructive notice date for its TILT STUDIO mark is January 10, 2012.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegation set forth in paragraph 16 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

17. Plaintiff has used the TILTED 10 m ark in commerce continuously since at least as early as September 2021 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of entertain facility services. See Exhibit 4 showing Plaintiff's use of the TILTED 10 mark in connection with these entertainment facility services.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 17 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

18. As a result of its widespread, continuous, and exclusive use of the TILT, TILT STUDIO, and TILTED 10 service marks to identify its arcades and entertainment facilities and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 18 of Plaintiff's Amended Complaint.**

19. Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks are distinctive to both

6

**Exhibit C**

the consuming public and Plaintiff's trade.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 19 of Plaintiff's Amended Complaint.**

20. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the arcades and entertainment facility services sold under the TILT, TILT STUDIO, and TILTED 10 service marks including through its website located at the <tiltstudio.com> domain name, Facebook, Instagram, and traditional print media.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 20 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

21. Plaintiff offers and sells its arcades and entertainment facility services under its TILT, TILT STUDIO, and TILTED 10 service marks to women, men, children, families, businesses, anyone interested in arcade games or looking for indoor entertainment.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 21 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

22. As a result of Plaintiff's expenditures and efforts, the TILT, TILT STUDIO, and TILTED 10 service marks have come to signify the high quality of the arcades and entertainment facility services designated by the TILT, TILT STUDIO, and TILTED 10 service marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 22 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

**Exhibit C**

23. Plaintiff has successfully enforced and protected its TILT and TILT STUDIO service marks against past infringements including, but not limited to, the following:

(a) <u>Nickels and Dimes Incorporated v. Double Danger, LLC, Nicholas J. Walton, and Carrie J. McCabe</u>, 23-cv-837 PAM-DTS (D. Minn. 2023):

(b) <u>Nickels and Dimes Incorporated v. Severe Studios LLC</u>, Cancellation No. 92078108 (Trademark Trial and Appeal Board 2022); and

(c) <u>Nickels and Dimes Incorporated v. Cardboard Teck LLC</u>, Cancellation No. 92080413 (Trademark Trial and Appeal Board 2023).

B.    <u>Defendants' Unlawful Activities</u>

**<u>ANSWER</u>**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 23 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

24. Upon information and belief, Defendants are engaged in provision, offering for sale, sale, marketing, advertising, and promotion of arcade services.

**<u>ANSWER</u>**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 24 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

25. Without Plaintiff's authorization, and  upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in the TILT, TILT STUDIO, and TILTED 10 service marks, Defendants adopted and began using the mark FULL TILE (the "Infringing Mark") in US commerce.

**<u>ANSWER</u>**:    **Defendants deny the material allegations set forth in paragraph 25 of Plaintiff's Amended Complaint.**

8

**Exhibit C**

26. The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks. The Infringing Mark incorporated that entirety of Plaintiff's TILT mark and shares the dominant TILT term with Plaintiff's TILT STUDIO and TILTED 10 service marks. Upon information and belief, the relevant consumers will mistakenly believe that Defendants' FULL TILT mark is an extension of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 26 of Plaintiff's Amended Complaint.**

27. Upon information and belief, Defendants have been engaged in the provision, advertising, promotion, offering for sale, and sale of arcade services using the Infringing Mark in the State of Indiana. Attached as Exhibit 5 is true and correct copy of Defendants' website showing Defendants' use of the Infringing Mark.

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 27 of Plaintiff's Amended Complaint.**

28. Upon information and belief, the arcade services Defendants have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical or highly similar to Plaintiff's arcade and entertainment facility services.

**ANSWER**:   **Defendants deny the material allegations set forth in paragraph 28 of Plaintiff's Amended Answer.**

29. Upon information and belief, Defendants have provided, marketed, advertised, promoted, offered for sale, and sold its arcade services under the Infringing Mark through its website located that the <fulltiltlp.com> website, Facebook, traditional print media, and unsolicited third party articles.

9

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 29 of Plaintiff's Amended Complaint.**

30. Upon information and belief, Defendants offer and sell arcade services under the Infringing Mark to women, men, children, families, businesses, anyone interested in arcade games.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 30 of Plaintiff's Amended Complaint.**

31. Upon information and belief, on or about August 18, 2022, Defendant registered the <fulltiltlp.com> domain (the "Domain Name") with the registrar Google, LLC (the "Registrar"). Upon information and belief, one of the Defendants is currently the registrant of the Domain Name. Attached hereto as Exhibit 6 is a true and correct copy of the WHOIS record for the Domain Name as of July 18, 2023.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 31 of Plaintiff's Amended Complaint.**

32. The Domain Name is confusingly similar to Plaintiff's TILT STUDIO and TILTED 10 service marks, which were distinctive when Defendants registered the Domain Name. Upon information and belief, Defendant was aware of Plaintiff's rights in the TILT, TILT STUDIO, and TILTED 10 service marks when it selected and registered the Domain Name, and knowingly and intentionally registered the Domain Name because of its similarity to the TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 32 of Plaintiff's Amended Complaint.**

33. Without Plaintiff's authorization and upon information and belief, beginning after

10

**Exhibit C**

Plaintiff acquired protectable exclusive rights in the TILT, TILT STUDIO, and TILTED 10 service marks, Defendants posted a live website at the Domain Name ("Defendants' Website"). Defendants' Website remains active as of the filing of this complaint.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 33 of Plaintiff's Amended Complaint.**

34. Defendants' Website consists of information promoting the arcade services. *See* Exhibit 5.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 34 of Plaintiff's Amended Complaint.**

35. Upon information and belief, Defendants used the Domain Name, which is confusingly similar to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, to divert internet users looking for Plaintiff's website to Defendant's Website. Upon further information and belief, Defendants used the Domain Name with bad faith intent to financially benefit by unjustly earning revenue based on the consumer confusion between Defendants' arcade services and Plaintiff's arcade and entertainment facility services.

**ANSWER**:    **Defendants deny the material allegations set forth in Paragraph 35 of Plaintiff's Amended Complaint.**

36. Because the Domain Name is confusingly similar to the TILT, TILT STUDIO, and TILTED 10 service marks, and Defendant's Website promotes arcade services that are identical and related to Plaintiff's arcade and entertainment facility services under the TILT, TILT STUDIO, and TILTED 10 service marks, consumers are likely to be confused into thinking that Plaintiff authorized, approved, or is affiliated or connected with Defendants' Website and the arcade services promoted on the site, when that is not the case.

11

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 36 of Plaintiff's Amended Complaint.**

37. On June 22, 2023, Plaintiff's counsel sent a cease and desist letter to Defendant Noah's Arcade LLC d/b/a Full Tilt objecting to Defendants' use of the Infringing Mark. Attached as Exhibit 7 is a true and correct copy of Plaintiff's counsel's June 22,2023 cease and desist letter to Defendant Noah's Arcade LLC d/b/a Full Tilt.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 37 of Plaintiff's Amended Complaint.**

38. Defendant Noah's Arcade LLC d/b/a Full Tilt's counsel responded to Plaintiff's cease and desist letter refusing to comply with Plaintiff's reasonable requests.

**ANSWER**:    **Plaintiff's demands weren't reasonable.**

39. After the commencement of this lawsuit for trademark infringement and with actual knowledge of Plaintiff's prior rights in the TILT and TILT STUDIO marks, Defendant Noah's Arcade LLC d/b/a Full Tilt Filed the following two trademark applications:

| Serial No. | Mark | Service Description | Filing Date | Date of Alleged First Use |
|---|---|---|---|---|
| 98112919 | FULL TILT (in standard characters) | Amusement centers | 8/2/2023 | 6/10/2022 – first use anywhere; 9/14/2022 first use in commerce |
| 98111270 |  | Amusement arcade services | 8/1/2023 | 5/10/2022 – first use anywhere; 9/13/2022 first use in commerce |

12

**Exhibit C**

Attached hereto as Exhibits 8 and 9 are true and correct copies of the printouts from the Trademark Status & Document Retrieval Database ("TSDR") showing that title and status of Application Serial Nos.98112919 and 98111270.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 39 of Plaintiff's Amended Complaint.**

40    Ryan Hart signed the application for the FULL TILT (in standard characters) and FULL TILT & Design applications. Attached hereto as Exhibits 10 and 11 are true and correct copies of the service mark applications for the FULL TILT (in standard characters) and FULL TILT & Design marks from the TSDR.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 40 of Plaintiff's Amended Complaint.**

41. Mr. Hart false declared in the FULL TILT (in standard characters) and FULL TILT & Design applications that "to the best of signatory's knowledge and belief, no other person, except, if applicable, concurrent users, have the right to use the [FULL TILT (in standard characters) and FULL TILT & Design marks] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 41 of Plaintiff's Amended Complaint.**

42. Upon information and belief, Mr. Hard made his false declaration to the United States Patent and Trademark Office ("USPTO") intending to mislead the USPTO in order to obtain a federal service mark registration to which Defendant Noah's Arcade LLC d/b/a Full Tilt is not entitled.

13

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 42 of Plaintiff's Amended Complaint.**

43. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of origin of the Defendants' arcade services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' arcade services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 43 of Plaintiff's Amended Complaint.**

44. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and cause confusion and deception in the marketplace.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 44 of Plaintiff's Amended Complaint.**

45. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 45 of Plaintiff's Amended Complaint.**

46. Plaintiff repeats and realleges paragraphs 1 through 45, as if fully set forth here.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 45 as the answer to paragraph 46 of Plaintiff's Amended Complaint.**

47. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is

14

**Exhibit C**

likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contract to fact, that Defendants' arcade services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act 15 U.S.C. § 1114(1).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 47 of Plaintiff's Amended Complaint.**

48. Upon information and belief, Defendants have committed in the foregoing acts  of infringement with full knowledge of Plaintiff's prior rights in the TILT, TILT STUDIO, and TILTED 10 service marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 48 of Plaintiff's Amended Complaint.**

49. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 49 of Plaintiff's Amended Complaint.**

50. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post=judgement interest.

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 50 of Plaintiff's Amended Complaint.**

51. Plaintiff repeats and re-alleges paragraphs 1 through 50, as if fully set forth herein.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 50 as the answer to paragraph 51 of Plaintiff's Amended Complaint.**

52. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contrary to fact, that Defendants' arcade services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 52 of Plaintiff's Amended Complaint.**

53. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation or origin and misleading description and representation of fact.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 53 of Plaintiff's Amended Complaint.**

54. Upon information and belief, Defendants' conduct, as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 54 of Plaintiff's Amended Complaint.**

55. Defendants' conduct as alleged herein constitutes unfair competition in violation of

16

**Exhibit C**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 55 of Plaintiff's Amended Complaint.**

56. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 56 of Plaintiff's Amended Complaint.**

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 57 of Plaintiff's Amended Complaint.**

58. Plaintiff repeats and re-alleges paragraphs 1 through 58, as if fully set forth herein.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 57 as the answer to paragraph 58 of Plaintiff's Amended Complaint.**

59. Plaintiff owns all rights in and to the TILT, TILT STUDIO, and TILTED 10 service marks, which are strong and distinctive, and were strong and distinctive as of the date that Defendants registered the Domain Name.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 59 of Plaintiff's Amended Complaint.**

60. Defendant registered and used the Domain Name, which is confusingly similar to

17

**Exhibit C**

Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 60 of Plaintiff's Amended Complaint.**

61. Defendant registered and used the Domain Name with bad intent, including an intent to profit from its confusingly similarity to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks. Among other things, upon information and belief: (a) Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the Domain Name; and (b) Defendants intended to divert consumers looking for Plaintiff's arcade and entertainment facility services online to Defendants' Website by exploiting the confusing similarity of the Domain Name and the TILT, TILT STUDIO, and TILTED 10 service marks for Defendants' commercial gain.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 61 of Plaintiff's Amended Complaint.**

62. Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 62  of Plaintiff's Amended Complaint.**

63. Plaintiff is entitled to injunctive relief pursuant to U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, cancellation of Defendants' registration of the Domain Name.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 63 of Plaintiff's Amended Complaint.**

64. Plaintiff is further entitled to recover its damages and Defendants' profits, enhanced as

18

**Exhibit C**

the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117 (a). Alternatively, Plaintiff is entitled to maximum statutory damages in the amount of $100,000 for the Domain Name pursuant to 15 U.S.C. § 1117(d).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 64 of Plaintiff's Amended Complaint.**

65. Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 65 of Plaintiff's Amended Complaint.**

66. Plaintiff repeats and re-alleges paragraphs 1 through 6, as if fully set forth herein.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 65 as the answer to paragraph 66 of Plaintiff's Amended Complaint.**

67. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' arcade services, and is likely to cause consumers to believe, contrary to fact, that Defendants' arcade services are in some way affiliated with or sponsored by Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 67 of Plaintiff's Amended Complaint.**

68. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 68 of Plaintiff's Amended Complaint.**

19

**Exhibit C**

69. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 69 of Plaintiff's Amended Complaint.**

70. Defendants' conduct as alleged herein constitutes unfair competition and deceptive trade practices.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 70 of Plaintiff's Amended Complaint.**

71. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public opinion unless enjoined by this court. Plaintiff has no adequate remedy at law.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 71 of Plaintiff's Amended Complaint.**

72. Plaintiff is entitled to, among other relief, an award of monetary damages in an amount to be determined at title.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 72 of Plaintiff's Amended Complaint.**

73. Plaintiff repeats and re-alleges paragraphs 1 through 72, as if fully set forth herein.

**ANSWER**:    **Defendants hereby incorporate their answers to paragraphs 1 through 72 as the answer to paragraph 73 of Plaintiff's Amended Complaint.**

74. This Court has jurisdiction to determine the right to registration.

20

**Exhibit C**

**ANSWER**:    **Defendants are without sufficient information to be able to admit or deny the material allegations set forth in paragraph 74 of Plaintiff's Amended Complaint. Therefore, that paragraph is deemed denied.**

75. Noah's Arcade, LLC is the record owner of Application Serial Nos. 9811270 and 98112929 for the marks FULL TILT (in standard characters) and FULL TILT & Design.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 75 of Plaintiff's Amended Complaint.**

76. Noah's Arcade, LLC d/b/a Full Tilt is a party to this lawsuit.

**ANSWER**:    **Defendants admit the material allegations set forth in paragraph 76 of Plaintiff's Amended Complaint.**

77. The FULL TILT (in standard characters) and FULL TILT & Design marks in Application Serial Nos. 98111270 and 98112919 are the subject of this lawsuit and are sufficiently related to Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 77 of Plaintiff's Amended Complaint.**

78. Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks have priority over Noah's Arcade, LLC's FULL TILT (in standard characters) and FULL TILT & Design marks displayed in Application Serial Nos. 98111270 and 98112919.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 78 of Plaintiff's Amended Complaint.**

79. Defendant, Noah's Arcade, LLC's FULL TILT (in standard characters) and FULL TILT & Design marks displayed in Application Serial Nos. 98111270 and 98112919 are likely to cause confusion with Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**Exhibit C**

**ANSWER**:     **Defendants deny the material allegations set forth in paragraph 79 of Plaintiff's Amended Complaint.**

80. Plaintiff is entitled to the express abandonment of Application Serial Nos. 98111270 and 98112919, and injunctive relief preventing Defendants from re-filing a service mark application for either the FULL TILT (in standard characters) or FULL TILT & Design trademarks.

**ANSWER**:     **Defendants deny the material allegations set forth in paragraph 80 of Plaintiff's Amended Complaint.**

Wherefore, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

**ANSWER**:     **Defendants deny the material allegations set forth in paragraph 1 of Plaintiff's Amended Complaint.**

2. That Defendants have violated Indiana's common law unfair competition.

**ANSWER**:     **Defendants deny the material allegations set forth in paragraph 2 of Plaintiff's Amended Complaint.**

3. Ordering that the Registrar, upon Plaintiff's request, cancel the registration of the Domain Name.

**ANSWER**:     **Defendants deny the material allegations set forth in paragraph 3 of Plaintiff's Amended Complaint.**

4. Ordering that the United States Patent and Trademark Office expressly abandon 98111270 and 98112919.

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 4 of Plaintiff's Amended Complaint.**

5.   Granting an injunction permanently enjoining the Defendants, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, heirs, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.   providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote arcade services bearing the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, AND TILTED 10 service marks;

    b.   engaging in any activity that infringes Plaintiff's rights in its TILT, TILT STUDIO, and TILTED 10 service marks;

    c.   owning, registering, trafficking in, or otherwise using the Domain Name;

    d.   engaging in any activity constituting unfair competition with Plaintiff;

    e.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' arcade services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

    f.   using or authorizing any third party to use any false description, false representation or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

23

**Exhibit C**

g.   registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark FULL TILT or any other mark that infringes or is likely to be confused with Plaintiff's TILT, TILT STUDIO, or TILTED 10 service marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

h.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 5 of Plaintiff's Amended Complaint.**

6.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 6 of Plaintiff's Amended Complaint.**

7.    Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and to direct all distributors, retailers,

24

**Exhibit C**

wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark FULL TILT or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks, and to immediately remove them from public access and view.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 7 of Plaintiff's Amended Complaint.**

8.   Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark FULL TILT or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's TILT, TILT STUDIO, and TILTED 10 service marks.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 8 of Plaintiff's Amended Complaint.**

9.   Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

25

**Exhibit C**

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 9 of Plaintiff's Amended Complaint.**

10. Awarding Plaintiff an amount up to three times the amount of the actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 10 of Plaintiff's Amended Complaint.**

11. Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 11 of Plaintiff's Amended Complaint.**

12. With respect to the Cybersquatting claim, awarding Plaintiff upon Plaintiff's election, either:

a.    an amount up to three times the amount of its actual damages and all of Defendants' profits realized by its wrongful acts alleged herein, enhanced as appropriate to compensate Plaintiff for the damages caused thereby, in accordance with Section 35(a) and (b) of the Lanham Act (15 U.S.C. § 1117 (a), (b); or

b.    Maximum statutory damages in the amount of $100,000 for Defendants' violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125 (d)), in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

**ANSWER**:    **Defendants deny the material allegations set forth in paragraph 12 of Plaintiff's Amended Complaint.**

13. Awarding Plaintiff exemplary damages as the court finds appropriate to deter any future

26

**Exhibit C**

willful infringement.

> **ANSWER**:     **Defendants deny the material allegations set forth in paragraph 13 of Plaintiff's Amended Complaint.**

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(d)) and awarding Plaintiff the costs and reasonable attorneys' fees hereunder (15 U.S.C. § 1117(a)).

> **ANSWER**:     **Defendants deny the material allegations set forth in paragraph 14 of Plaintiff's Amended Complaint.**

15. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

> **ANSWER**:     **Defendants deny the material allegations set forth in paragraph 15 of Plaintiff's Amended Complaint.**

16. Awarding such other and further relief as the Court deems just and proper.

> **ANSWER**:     **Defendants deny the material allegations set forth in paragraph 16 of Plaintiff's Amended Complaint.**

HUNT SUEDHOFF KEARNEY, LLC

By: /s/ Lyle R. Hardman
     Lyle R. Hardman   (#16056-49)
     205 W. Jefferson Blvd., Suite 300
     P.O. Box 4156
     South Bend, IN 46634-4156
     Telephone:  (574) 232-4801
     Fax: (574) 232-9736
     Email: lhardman@hsk-law.com

**Exhibit C**

<u>**DEFENDANTS' AFFIRMATIVE DEFENSES**</u>

Defendants, by counsel, state the following Affirmative Defenses to Plaintiff's Amended Complaint:

1.   No act or omission by Defendants was a proximate or legally responsible cause of any damage claimed.

2.   Defendants did not owe Plaintiff a legal duty.

3.   There has been a failure to state a claim upon which relief can be granted as to Defendants.

4.   The claims are excused, generally.

5.   Any paragraph or part of any paragraph of the Complaint not specifically otherwise responded to above is now specifically denied.

6.   The Complaint for Damages fails to state a claim upon which relief can be granted.

7.   The Plaintiff has waived the claims alleged in the Complaint for Damages.

8.   Plaintiff has failed to properly allege their claims against the Defendants. The Plaintiff does not have an arcade location in the Northern District of Indiana. The Plaintiff's closest location is 148 miles away in Rockford, Illinois. There is not a threat of market confusion, there is not a similarity of marks, the parties do not compete in the same area or matter of concurrent use, the parties do not compete in the same geographical areas, there is not direct competition between the products, and the parties' arcades are not sold through the same marketing channels.

WHEREFORE, Defendants, by counsel, request that Plaintiff take nothing by way of its Amended Complaint, for Defendants' costs in this action, and as prevailing parties, are entitled to attorneys, and for all other just and proper relief.

**Exhibit C**

HUNT SUEDHOFF KEARNEY, LLC

By: /s/ Lyle R. Hardman
    Lyle R. Hardman   (#16056-49)
    205 W. Jefferson Blvd., Suite 300
    P.O. Box 4156
    South Bend, IN 46634-4156
    Telephone:  (574) 232-4801
    Fax: (574) 232-9736
    Email: lhardman@hsk-law.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 10th day of July, 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record who are registered with the system.

                /s/ Lyle R. Hardman
                Lyle R. Hardman        #16056-49

29

**Exhibit C**