UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 3:23-CV-699-CCB-MGG |
| | ) |
| Noah's Arcade, LLC d/b/a Full Tilt, | ) |
| Ben Konowitz, and Ryan Hart, | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION SEEKING LEAVE TO FILE AN AMENDED ANSWER**

After both the deadline to amend its pleadings and the close of fact discovery passed, Defendants have now moved to amend their Answer submitted nearly ten months ago because their counsel failed to review it. Defendants cannot meet their burden under the heightened standard of Federal Rule of Civil Procedure 16(b)(4), and they are also not entitled to leave under Rule 15(a) because of their undue delay and prejudice to Plaintiff Nickels and Dimes Incorporated.

**Background**

Plaintiff operates arcades and entertainment facilities across the United States under its federally registered service marks TILT®, TILT STUDIO®, and TILTED 10™ (collectively the "TILT Marks"). In 2022, Defendants opened an identical arcade facility using the virtually identical mark FULL TILT without Plaintiff's authorization. Because Defendants' FULL TILT mark incorporates the entirety of Plaintiff's registered TILT® mark and is being used in connection with identical arcade services, consumers are likely to mistakenly believe there is an affiliation, connection, or association between Defendants and Plaintiff, that Plaintiff is the origin or sponsor

1

of Defendants' arcade services, or that Plaintiff approved Defendants' arcade services or related commercial activities.

Plaintiff sent a cease and desist letter to Defendants in June 2023 and initiated this lawsuit on July 25, 2023. Two days later, on July 27, 2023, Defendant Ryan Hart signed the trademark application for the FULL TILT & Design mark, which was filed with the United States Patent and Trademark Office ("USPTO") on August 1, 2023. Dkt. 10-11. The day after the FULL TILT & Design mark was filed, on August 2, 2023, Defendant Ryan Hart signed and filed with the USPTO the trademark application for the FULL TILT (in standard characters) mark. Dkt. 10-10. The following table is a summary of Defendants' pending trademark applications:

| Serial No. | Mark | Service Description | Filing Date | Date of Alleged First Use |
|---|---|---|---|---|
| 98112919 | FULL TILT (in standard characters) | Amusement centers | 8/2/2023 | 6/10/2022 – first use anywhere; 9/14/2022 first use in commerce |
| 98111270 | [FULL TILT logo] | Amusement arcade services | 8/1/2023 | 5/10/2022 – first use anywhere; 9/13/2022 first use in commerce |

(collectively, the "FULL TILT Applications"). *See* Dkt. 10-10; Dkt. 10-11. It is undisputed that Defendants filed the FULL TILT Applications with actual knowledge of Plaintiff's prior rights in and to the TILT Marks.

An application filed under Trademark Act Section 1(a) based on a use in commerce must include **ALL** the following statements:

2

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered.
- The mark is in use in commerce on or in connection with the goods/services in the application.
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application.
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.
- To the best of the *signatory's knowledge and belief*, *no other persons*, except, if applicable, concurrent users*, have the right to use the mark in commerce*, either in the identical form *or in such near resemblance* as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.[1]

The FULL TILT Applications were filed under Trademark Act Section 1(a). *See* Dkt. 10-10; Dkt. 10-11. Plaintiff filed the Amended Complaint on September 5, 2023, and Defendants filed their Answer on September 26, 2023. For Paragraphs 40 through 42, Defendants' Answer stated:

> 40.  Ryan Hart signed the applications for the FULL TILT (in standard characters) and FULL TILT & Design applications. Attached hereto as Exhibits 10 and 11 are true and correct copies of the service mark applications for the FULL TILT (in standard characters) and FULL TILT & Design marks from the TSDR.
>
> **ANSWER: Defendants admit the material allegations set for in paragraph 40 of Plaintiff's Amended Complaint.**
>
> 41.  Mr. Hart falsely declared in the FULL TILT (in standard characters) and FULL TILT & Design applications that "to the best of signatory's knowledge and belief, no other person, except, if applicable, concurrent users, have the right to use the [FULL TILT (in standard characters) and FULL TILT & Design marks] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.
>
> **ANSWER: Defendants admit the material allegations set for in paragraph 41 of Plaintiff's Amended Complaint.**
>
> 42.  Upon information and belief, Mr. Hart made his false declaration to the United States Patent and Trademark Office ("USPTO") intending to mislead the USPTO in order to obtain a federal service mark registration to which Defendant Noah's Arcade, LLC d/b/a Full Tilt is not entitled.

---

[1] https://www.uspto.gov/trademarks/laws/verified-statement#Initial%20application.

> **ANSWER: Defendants deny the material allegations set for in paragraph 42 of Plaintiff's Amended Complaint.**

Dkt. 11, at 15-16.

In the Court's Rule 16(b) Scheduling Order, it explained how the parties were ordered to submit a joint proposed report no later than November 14, 2023. Dkt. 21, at 1. On November 14, 2023, Plaintiff filed a Report of Parties' Planning Meeting indicating that the parties participated in a planning meeting on October 5, 2023. *Id.* After the meeting, Plaintiff prepared a draft report of parties' planning and sent it to Defendants for final review and comment. *Id.* But Defendants never responded to Plaintiff. *Id.*

As a result, Plaintiff's proposed discovery plan did not include final agreement from Defendants, and the Court vacated the original Rule 16(b) Preliminary Pretrial Conference scheduled for November 29, 2023, so that it could obtain input from Defendants before entering a scheduling order. *Id.* The Court further ordered Defendants to submit a proposed report that either adopted Plaintiff's plan or proposed alternatives no later than December 1, 2023. *Id.* On November 28, 2023, Defendants filed their proposed report presenting a discovery plan that agreed with some of Plaintiff's proposals.

"Noting the parties' disagreement as to the deadlines related to fact discovery, expert disclosures, and dispositive motions," the Court entered the Scheduling Order "regarding the conduct of discovery and deadlines using the later dates proposed by Defendants." *Id.*, at 1-2. "But consistent with the mandate of Fed. R. Civ. P. 1 to secure a just, speedy, and inexpensive resolution of this action and in consideration of the Court's acceptance of the Defendants' proposed discovery plan proposing these later dates," the Court advised Defendants to "anticipate that any requests to modify these Rule 16(b) deadlines will not be considered favorably absent a showing of circumstances beyond the control of the parties and their inability to negotiate those circumstances

in the exercise of due diligence." *Id.* at 2. Under the Scheduling Order, the last date for the parties to amend the pleadings without leave of court was April 19, 2024, and the deadline for completion of fact discovery was July 1, 2024. *Id.* The Court advised the parties that "continuances (or extensions of time) with respect to the deadlines for amendments, discovery, and dispositive motions will be granted ***only upon a convincing showing*** of good cause, upon a request made ***before the pertinent deadline has expired***." *Id.* at 5 (citing Fed. R. Civ. P. 16(b)(4) (emphasis added)). "***Lack of diligence or failure to comply with the scheduling order cannot be considered good cause***."[2] *Id.* (emphasis added).

On January 16, 2024, Lyle R. Hardman entered an appearance on behalf of Defendants, and their original counsel, Nicholas T. Otis, withdrew shortly thereafter. Mr. Hardman avers that he "did not read the Answer filed by Nicholas T. Otis until July 1, 2024, [and he only read it] after being notified by Plaintiff's counsel, Brad Walz, that Mr. Otis had admitted liability on behalf of the Defendants in his Answer to Paragraph 41." Dkt. 40-1, at 2. Defendants thus moved for leave to file an amended answer on July 10, 2024, nearly **10 months** after they filed their Answer, and over three months after the deadline to amend their pleadings.

In support of their belated request, Defendants now self-servingly claim Mr. Otis committed a scrivener's error by admitting the allegations in Paragraph 41, and Mr. Hardman's

---

[2] The Court further advised:

> Good cause exists when a movant shows that "despite their diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002). A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In fact, district courts are required to take a "firm hand" in enforcing scheduling orders in order to "secure the just, speedy, and inexpensive determination of every action," *Campania Mgmt. Co.*, 290 F.3d at 851-52, "more motions seeking modification of scheduling orders are denied than are granted." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.2 (3d ed.) (April 2021 Update).

Dkt. 11, at 3 n.1.

"[f]ailure to read the Answer drafted by former counsel is regrettable but constitutes excusable neglect." Dkt. 40, at 4. Defendants admit their request comes after the deadline to amend their pleadings and after the close of fact discovery, but claim that discovery "is being supplemented as appropriate." *Id.* at 7. Yet Defendants fail to mention Plaintiff's pending Motion to Compel Discovery, and their persistent delay and neglect in responding to Plaintiff's original discovery requests served on December 20, 2023. *See* Dkt. No. 35. Nevertheless, Defendants argue they "have shown a valid reason for their neglect and delay in seeking to amend their Answer," and when "weighing the Defendants' explanation against the contention of prejudice or surprise to the Plaintiff, it is clearly reasonable that it is the Defendants and not the Plaintiff who would be unduly prejudiced if Defendants are not permitted to amend their Answer." Dkt. 40, at 7.

### Standard of Review

Though Federal Rule of Civil Procedure 15(a) generally governs requests for amending pleadings, Defendants' motion fails to identify the standard governing belated requests such as theirs, which "face[s] an additional hurdle because it came after the deadline for amending the pleadings had expired." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022). When "a party seeks leave to amend a pleading after the deadline to do so established by the applicable case management plan has passed, a 'heightened good-cause standard' from Rule 16(b)(4) applies before the court considers whether the requirements of Rule 15(a)(2) are satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted). Under Rule 16(b)(4), the "***central consideration*** in assessing whether good cause exists ***is the diligence of the party seeking to amend***." *Allen*, 41 F.4th at 852-53 (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005)) (emphasis added). The movant bears the burden to establish its diligence under Rule 16. *Trustmark*

*Ins. Co.*, 424 F.3d at 553 (7th Cir. 2005). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *HMV Indy I, LLC v. Inovateus Solar, LLC*, 2020 WL 9607043, at *1 (S.D. Ind. Mar. 12, 2020). And even under Rule 15(a), the Court can deny leave to amend for "good reason," including futility, undue delay, prejudice to another party, or bad-faith conduct. *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019). "Prejudice to the nonmoving party caused by undue delay is a particularly important consideration when assessing a motion under Rule 15(a)(2)." *Allen,* 41 F.4th at 853.

**Argument**

Defendants admitted—as they must—that they falsely declared they did not know of any other person who had a right to use similar marks compared to the trademarks displayed in the Full Tilt Applications. It is undisputed that Defendant Ryan Hart signed and filed the FULL TILT Applications after he had actual knowledge of Plaintiff's prior rights in the TILT Marks. The admission of Paragraph 41 was consistent with Defendants' admission of Paragraph 40, which stated that Defendant Ryan Hart signed the FULL TILT Applications. Defendants' denial of Paragraph 42 is also consistent with its admissions of Paragraphs' 40 and 41; namely, that Defendant Hart did not intend to mislead the USPTO with the false statement contained in the FULL TILT Applications. Therefore, the admission of Paragraph 41 was an honest admission, not as Defendants' self-servingly argue a "scrivener's error."

Moreover, the admission of Paragraph 41 was Defendants to make, not their counsel's, and there is no evidence Mr. Otis had personal knowledge of Defendant Ryan Hart's intention with respect to the allegations in Paragraph 41 or that Mr. Otis even discussed Paragraph 41 with Defendant Ryan Hart. Even if Defendants' admission was a "scrivener's error," which it is not, Defendants fail to identify—let alone satisfy—the heightened good-cause standard of Rule

7

16(b)(4). Defendants knowingly made an admission, and their counsel's failure to read the pleadings is neither good cause under Rule 16(b)(4), nor excusable neglect under Rule 15(a)(2).

### I. Defendants fail to meet their burden under Rule 16(b)(4).

Defendants fail to identify—let alone satisfy—the heightened good-cause standard of Rule 16(b)(4). *Adams*, 742 F.3d at 734. Under this Rule, the "central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen*, 41 F.4th at 852-53 (citing *Alioto*, 651 F.3d at 720; *Trustmark Ins. Co.,* 424 F.3d at 553). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *HMV Indy I, LLC*, 2020 WL 9607043, at *1. Indeed, as the Court advised the parties: "Good cause exists when a movant shows that 'despite their diligence the time table could not have reasonably been met.'" Dkt. 11, at 3 n.1 (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

Even if Defendants had identified the correct standard, they could not satisfy their burden of showing diligence. Defendants filed their Answer nearly 10 months ago, and their current counsel appeared over six months ago. Defendants' only excuse—that their new counsel never read the Answer until Plaintiff mentioned their admission—can neither be considered diligent nor a circumstance beyond their control. "Generally speaking, it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline." *Allen*, 41 F.4th at 853. April 19th came and went, and Defendants failed to review their own Answer to determine whether any amendments were needed. This circumstance is plainly within Defendants' control. Defendants' belated motion must therefore be denied for failure to meet the heightened level of diligence required under Rule 16(b)(4). *See Martin v. Noble Cnty. Sheriff's Dept*., 2020 WL 359141 (N.D. Ind. Jan. 22, 2020) (denying a motion to amend not filed until over a year after the deadline for amendments had

8

passed); *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 690 (N.D. Ill. 2009) (denying a motion to amend not filed "until fifty-six days after the deadline for amendments" had passed).

Defendants also failed to comply with the Court's specific instructions in the scheduling order. In adopting Defendants' deadlines that proposed later dates, the Court explicitly warned Defendants that "any requests to modify these Rule 16(b) deadlines will not be considered favorably absent a showing of circumstances ***beyond the control of the parties*** and their inability to negotiate those circumstances in the exercise of due diligence." Dkt. 21, at 2 (emphasis added). The Court also warned that an extension to the deadline for amendments "will be granted only upon ***a convincing showing*** of good cause, upon a request made ***before*** the pertinent deadline has expired." *Id.* at 5 (citing Fed. R. Civ. P. 16(b)(4)) (emphasis added). And "[l]ack of diligence or failure to comply with the scheduling order cannot be considered good cause." *Id.*

"Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002). Because "district courts are required to take a firm hand in enforcing scheduling orders in order to secure the just, speedy, and inexpensive determination of every action, more motions seeking modification of scheduling orders are denied than are granted." Dkt. 21, at 3 n.1 (internal citation and quotation marks omitted). Because Defendants have not and cannot meet their burden of demonstrating diligence and circumstances beyond their control, their motion must be denied under Rule 16(b)(4).

## II.     The Admission was a knowing admission, not a scrivener's error.

Under Rule 8(b), a party—not its counsel—must admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b)(1)(2). The Answer is thus the party's response, not the response of the party's counsel. The allegation in Paragraph 41 of the Amended Complaint

9

pertains to **Defendants' declaration** in the FULL TILT Applications that they did not know of any other person who had a right to use a mark in such near resemblance to the FULL TILT mark in connection arcade services. Ryan Hart signed the FULL TILT Applications attesting to the truth and accuracy of the facts contained in the FULL TILT Applications—another allegation Defendants admitted—and he filed these applications *after* Plaintiff informed Defendants of its prior rights in TILT® for identical arcade services. *See* Dkt. 11, at 15; Dkt. 10-10; Dkt. 10-11. Indeed, Defendant Ryan Hart signed the first application for the FULL TILT & Design mark after receiving Plaintiff's demand letter and *two days* after Plaintiff initiated this lawsuit.

Mr. Otis did not testify in his declaration that he discussed the FULL TILT Applications with Mr. Hart before Mr. Hart filed them, and Mr. Otis did not sign the FULL TILT Applications. *See* Dkt. 10-10; Dkt. 10-11. Mr. Otis has no personal knowledge about Mr. Hart's intentions to admit the allegations in Paragraph 41 of the Amended Complaint. Additionally, Mr. Hart did not submit a declaration in support of Plaintiff's Motion for Leave declaring what allegations he instructed Mr. Otis to admit or deny in the Amended Complaint including the instruction to deny Paragraph 41.

Instead, Defendants argue it was not Mr. Otis's intent to admit Paragraph 41, but Mr. Otis's intent is irrelevant. Defendants have proffered no explanation for why this answer was not *their* knowing admission because the Answer rightfully claims that "*Defendants* admit the material allegations set for in paragraph 41 of Plaintiff's Amended Complaint." Dkt. 11, at 15 (emphasis added). It is undisputed that Defendants had actual knowledge of Plaintiff's *prior rights* in its TILT® mark for arcade services, and that Defendants' FULL TILT mark incorporates the entirety of Plaintiff's registered TILT® mark. Plaintiff's TILT® mark is a near resemblance to Defendants' FULL TILT mark. Therefore, Mr. Otis did not commit a scrivener's error by admitting the

allegations in Paragraph 41; instead, the admission was Defendants' honest, knowing admission in line with their admission of Paragraph 40 and denial of Paragraph 42.

### III. Defendants fail to meet their burden under Rule 15(a).

Defendants' motion for leave should also be denied under Rule 15(a). "While 'leave is to be freely given when justice so requires,' Fed. R. Civ. P. 15, 'the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court.'" *Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, 2020 WL 503036, at *2 (N.D. Ind. Jan. 31, 2020) (quoting *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases)). "Further, leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Id.* (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)); *see also Liebhart*, 917 F.3d at 964. "Prejudice to the nonmoving party caused by undue delay is a particularly important consideration when assessing a motion under Rule 15(a)(2)." *Allen,* 41 F.4th at 853.

Defendants argue that *they* would be the parties prejudiced by their own neglect and delay, not Plaintiff. Defendants' failure to review their own Answer is neither a "valid" nor "excusable" reason for their neglect and delay. Not only has the deadline to amend the pleadings passed over three months ago, but the close of fact discovery has also passed. Plaintiff has relied on Defendants' knowing admission to Paragraph 41 since they filed their Answer over eight months ago. Critically, Plaintiff relied on this admission through the entire period of fact discovery. Because fact discovery has since closed, Plaintiff has no opportunity to seek discovery on this issue which Defendants effectively withdrew from contention through their Answer. *Aaron*

11

*MacGregor & Associates v. Zhefiang Jinfei Kaida Wheels Co., Ltd.*, 328 F. Supp. 3d 906, 927-28 (N.D. Ind. 2018).

Defendants claim there is no prejudice to Plaintiff because discovery "is being supplemented as appropriate." Dkt. 40, at 7. Defendants fail to mention Plaintiff's pending Motion to Compel Discovery, and their persistent delay and neglect in responding to Plaintiff's original discovery requests served on December 20, 2023. *See* Dkt. No. 35. Plaintiff is still seeking full answers to its original discovery requests, and now cannot serve any supplemental requests to address the issue Defendants wish to place back in contention. Because Defendants' amendment is the result of their undue delay and would prejudice Plaintiff, their motion for leave must be denied under Rule 15(a) as well. *See Liebhart*, 917 F.3d at 966 (affirming a district court's finding of prejudice when five weeks of discovery still remained).

**Conclusion**

Defendants admit they have not been diligent in any respect in this case and have not satisfied the heightened good-cause standard from Rule 16(b)(4). Additionally, Defendants have not established that the admission of Paragraph 41 in the Amended Complaint was a scrivener's error and not a self-serving, after the fact statement from Mr. Otis. On the contrary and under the circumstances, the admission was Defendants' honest, knowing admission.

Finally, in addition to not reviewing the pleadings in this case, Defendants have dragged their feet throughout the entire discovery period, continuing to produce information piecemeal and necessitating discovery motion practice. Now Defendants seek to gain an unfair advantage from their lack of diligence. Plaintiff has reasonably relied on Defendants' Answer to Paragraph 41 since they filed it about 10 months ago, and did not seek specific discovery on this issue because Defendants withdrew the issue from contention. Defendants' own failure to review their Answer

cannot be considered diligent nor a circumstance beyond their own control. Defendants' motion for leave should be denied under both Rules 16(b)(4) and 15(a).

Dated: July 24, 2024

Respectfully submitted,

/s/ Bradley J. Walz
Bradley J. Walz, *pro hac vice*
TAFT STETTINIUS & HOLLISTER, LLP
220 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

Jonathan G. Polak, 21954-49
Vivek R. Hadley, 36260-5
Christine A. Walsh, 36444-45
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: (317) 713-3500
Facsimile: (317) 713-3699
Email: jpolak@taftlaw.com
           cwalsh@taftlaw.com

*Attorneys for Plaintiff Nickels and Dimes Incorporated*