# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 3:23-CV-699-CCB-MGG |
| | ) |
| Noah's Arcade, LLC d/b/a Full Tilt, | ) |
| Ben Konowitz, and Ryan Hart, | ) |
| | ) |
| *Defendants*. | ) |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

In support of its Motion to Compel Discovery, Plaintiff Nickels and Dimes Incorporated seeks to apprise the Court of Defendant Noah's Arcade, LLC's remaining discovery deficiencies. Since Plaintiff's filing of the Motion to Compel, Defendants have continued their laggard and piecemeal discovery practices. Defendant Noah's Arcade has belatedly resolved the identified deficiencies in their responses to Document Requests Nos. 12 and 13, subject to proper supplementation. But the remaining deficiencies Plaintiff identified in the Motion to Compel remain outstanding, and require the Court's intervention.

On June 18, 2024, Defendants' counsel sent Plaintiff correspondence in response to the parties' meet and confer on April 29, along with some supplemental exhibits. *See* Ex. 1-1. Defendant's correspondence did not address the identified deficiencies with its responses to Interrogatories Nos. 2, 3, and 6. Defendant still refused to produce *any* electronically stored information, maintaining that such information is not in Defendant's possession, custody, or control. *Id.* And Defendant continued to repeat that it is "not obligated to create documents for Plaintiff." *Id.* Instead, Defendant produced limited screenshots, such as one of its Google Analytics report from an unidentified time for Document Request No. 4.

1

Plaintiff's counsel responded on June 28, explaining that "the majority of the documents produced are nonresponsive, and Defendants have utterly failed to produce any responsive ESI." Ex. 1-2, at 1. Plaintiff advised Defendant of its obligation to produce responsive ESI, and that "Plaintiff is not asking Defendant to create any documents; Plaintiff is just seeking complete responses to these Document Requests, as it has been for over five months." *Id.* For Document Request No. 2, Plaintiff explained that a screenshot of Defendants' Facebook post is insufficient; Defendant must produce the full ESI information, "which would finally allow Plaintiff to see the relevant comments." *Id.* at 2. For Document Requests Nos. 5 and 6, Plaintiff explained that "[a] screenshot of responsive emails, without producing all the emails, is not a full and complete discovery response." *Id.* For Document Request No. 10, Defendant's own website describes an email subscription option, so Defendant's response that they do not have an email subscription option is insufficient. *Id.* Plaintiff requested full responses by July 10.

On July 9, Defendants' counsel sent correspondence in response, advising Plaintiff that Defendant Ryan Hart is "returning from vacation" and the responses to Document Requests Nos. 2, 5, and 6 would be "supplemented as soon as possible, but unfortunately, likely not before the requested date of July 10, 2024." Ex. 1-3, at 1. Defendant also admitted it has "a list of e-mail addresses from individuals who have expressed an interest to be notified when Defendant has information to send out," and stated it would "provide this list of individual e-mail addresses and e-mails that have been sent to these individuals as soon as possible, but unfortunately, likely not before the requested date of July 10, 2024." *Id.*

The parties met and conferred on July 10, and discussed the Defendant supplementing its responses with ESI, and the email subscriber list. Defendant's counsel sent correspondence on July 15, providing a list of email addresses and screenshots of emails with Trademark Engine

and filing receipts from the U.S. Patent and Trademark Office. Defendant did not provide any ESI, and claimed Plaintiff already had the Facebook post from the screenshots. Ex. 1-4, at 1. Defendant concluded the correspondence by saying "We are continuing to work with our clients regarding additional supplementation and will supplement as necessary." *Id.*

Defendant needed to provide full responses to Plaintiff's Discovery requests six months ago. Instead, Defendant continues to "supplement" its deficient responses with additional deficient documents on its own, belated timeline. Defendant's piecemeal and laggard discovery tactics have significantly impacted Plaintiff's ability to prosecute its case. Indeed, Plaintiff cannot yet take Defendants' depositions because it does not have the necessary documents and information it requested on December 20, 2023. And Defendant's continued excuses do not measure up. For example, Defendant cannot claim it does not have ESI in its possession after producing screenshots of relevant emails in its inboxes. And despite Defendant finally admitting to having an email subscriber list, it has produced partial information.

The online form used to purchase gift cards request a person's first and last name, and email address. These are required fields. This same form is used to sign up as a VIP for Defendants' rewards program. Defendants host pinball tournaments that require registration either in person or by email. Finally, Defendants' website has a contact us form that includes a name field. The fact that Defendants produced only a list of email addresses with they are clearly collecting more information about their customers than just email addresses demonstrates their willful withholding of responsive information from Plaintiff.

Defendant should be compelled to fully respond to these longstanding discovery requests so that Plaintiff may finally be able to prepare its case.

Dated: July 30, 2024

Respectfully submitted,

*/s/Bradley J. Walz*
Bradley J. Walz, *pro hac vice*
TAFT STETTINIUS & HOLLISTER, LLP
220 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

Jonathan G. Polak, 21954-49
Vivek R. Hadley, 36260-5
Christine A. Walsh, 36444-45
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: (317) 713-3500
Facsimile: (317) 713-3699
Email: jpolak@taftlaw.com
cwalsh@taftlaw.com

*Attorneys for Plaintiff Nickels and Dimes Incorporated*

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing document was electronically filed and served upon the following counsel of record, on July 30, 2024.

                                                   */s/Bradley J. Walz*

Eric M. Wilkins
Lyle R. Hardman
HUNT SUEDHOFF KEARNEY LLP
803 Calhoun Street, Suite 900
P.O. Box 4156
Fort Wayne, Indiana 46858
Phone: (260) 423-1311
Facsimile: (260) 424-5396
Email: ewilkins@hsk-law.com
lhardman@hsk-law.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 3:23-CV-699-CCB-MGG |
| ) | |
| Noah's Arcade, LLC d/b/a Full Tilt, ) | |
| Ben Konowitz, and Ryan Hart, ) | |
| ) | |
| *Defendants*. ) | |

### DECLARATION OF BRADLEY WALZ IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

I, Bradley Walz, declare as follows:

1. I am an attorney at the law firm Taft Stettinius & Hollister, LLP ("Taft"). Taft is counsel of record for Plaintiff Nickels and Dimes Incorporated in the above-captioned lawsuit. I have personal knowledge of the statements in this declaration unless otherwise stated.

2. In the course of the above-captioned lawsuit, myself and the other attorneys at my firm have been engaged in attempting to resolve discovery disputes with the Defendants Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart. I have personally been involved in preparing, participating in, and/or overseeing all calls, meetings, hearings, letters, emails, and other correspondence with Defendants' counsel.

3. On December 20, 2023, Plaintiff served its First Set of Requests for Production and First Set of Interrogatories on Defendant Noah's Arcade, LLC d/b/a Full Tilt.

4. Plaintiff's counsel has made significant efforts to communicate, meet and confer, and resolve discovery issues over the last seven months. Defendant and its counsel has failed to meaningfully participate in discovery through the majority of that time. Almost all Plaintiff's efforts in prosecuting this case over the last several months, costing considerable time and

1

expense, were directed toward obtaining Defendants' compliance with its discovery obligations. The following chart contains a true and accurate summary of the dates, events, correspondence, and exhibit numbers discussed in Plaintiff's Supplemental Brief in Support of its Motion to Compel Discovery and for Sanctions in regard to each instance of Defendant's failure to meaningfully participate in discovery:

| Date | Description of Event | Ex. No./ECF No. |
|---|---|---|
| 6/18/2024 | Defendant sent correspondence in response to the parties' meet and confer on April 29, along with some supplemental exhibits. | Ex. 1-1 |
| 6/28/2024 | Plaintiff sent correspondence responding to Defendant's letter and production on June 18, notifying Defendant of continued deficiencies. | Ex. 1-2 |
| 7/9/2024 | Defendant sent correspondence advising that their responses would be supplemented but not before the new deadline of July 10. | Ex. 1-3 |
| 7/15/2024 | Defendant sent correspondence following the parties' meet and confer, and supplemented with two documents. | Ex. 1-4 |

5. Plaintiff's counsel has not received any further supplementation from Defendants' counsel since July 15, 2024.

6. True and accurate copies of each of the Exhibits referenced above are attached hereto.

2

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge, belief, and information, I believe the foregoing is true and correct, in accordance with 28 U.S.C. § 1746.

Respectfully submitted,

July 30, 2024

*s/Bradley J. Walz*
Bradley J. Walz



Lyle R. Hardman
lhardman@hsk-law.com
574-232-4801
Please reply to South Bend Office

June 18, 2024

<u>VIA EMAIL ONLY</u>

Mr. Bradley J Walz PHV
Taft Stettinius & Hollister LLP - Min/MN
2200 IDS Center
80 S 8th St
Minneapolis, MN 55402
bwalz@taftlaw.com

   RE: Nickels and Dimes Incorporated v. Noah's Arcade, LLC d/b/a Full Tilt, et. al.
      Case No. 3:23-cv-00699-DRL-MGG

Dear Mr. Walz:

 Please find enclosed Defendant Ben Konowitz's Responses to Plaintiff's First Request for Production of Documents; Defendant Ryan Hart's Responses to Plaintiff's First Request for Production of Documents; and Defendant, Noah's Arcade, LLC d/b/a Full Tilt's Responses to Plaintiff's Second Request for Production of Documents. Also enclosed are supplemental responses to the information requested in your Meet and Confer Summary correspondence dated May 1, 2024.

 Please note that there is one set of exhibits (labeled A through E) to the individual defendants' responses to the requests for production of documents. There is also a second set of supplemental exhibits (labeled Supplemental 1 through Supplemental 2) which are responsive to the meet and confer summary correspondence. Specifically, relating to the supplemental information requested in the latter, please see below.

 Information requested in the Meet and Confer Summary correspondence:

- <u>The ESI for the Facebook post in response to Document Request No. 2</u>: Please note that Defendants have produced all documents in their possession, custody, or under their control and are under no obligation to create documents for Plaintiff.
- <u>Any analytics data about the reach of any marketing channels used by Noah's Arcade, for example, the Goggle Analytics data in response to Document Request No. 4</u>: Please see Supplemental Exhibit 1.
- <u>The prosecution history from the USPTO and full correspondence with Trademark Engine in response to Document Requests Nos. 5 and 6</u>: Please see Exhibit E to the three sets of responses to Requests for Production of Document. Please note that the only documents in Defendants' possession, custody, or control have been produced and Defendants are not required to create documents for Plaintiff.

**HSK | HUNT SUEDHOFF KEARNEY LLP**
ATTORNEYS AT LAW

Lyle R. Hardman
lhardman@hsk-law.com
574-232-4801
Please reply to South Bend Office

- <u>The customer information collected by Noah's Arcade from sources such as the web forms on its website in response to Document Request No. 10</u>: Defendants have produced all documents in their possession, custody and control and are not obligated to create documents for Plaintiff.
- <u>Full day-to-day financial information from June 8, 2022 through December 31, 2022, and that same information for all of 2023, and the beginning of this year to the present in response to Document Requests No. 12 and 13</u>: Please see Supplemental Exhibit 2.

I apologize in advance for any duplication of documents.

Sincerely,

HUNT SUEDHOFF KEARNEY

*Lyle R. Hardman*

Lyle R. Hardman

cc:   Vivek Hadley
      Christine Walsh
      Jonathan Polak



2200 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2210
Tel: 612.977.8400 | Fax: 612.977.8650
taftlaw.com

Affirmative Action, Equal Opportunity Employer

**Bradley J. Walz**
612.977.8525
BWalz@taftlaw.com

June 28, 2024

**VIA EMAIL TO LHARDMAN@HSK-LAW.COM**

Lyle R. Hardman
Hunt Suedhoff Kearney LLP
205 W. Jefferson Blvd., Ste 300
South Bend, IN 46601

Re:   Discovery Deficiency Letter and Demand for Supplementation
      Case No. 3:23-cv-00699 - Nickels and Dimes Inc. v. Noah's Arcade, LLC

Dear Mr. Hardman:

I write on behalf of our client, Nickels and Dimes Incorporated, about Defendants' deficient responses to our discovery requests. We request that Defendants supplement their discovery responses by **July 10, 2024**. The majority of the documents produced are nonresponsive, and Defendants have utterly failed to produce any responsive ESI.

Beginning with Defendant Noah's Arcade, LLC's supplemental production, it must produce ESI within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). And "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Kokak LLC v. Auto-Owners Ins. Co.,* No. 2:18-CV-177, 2019 WL 4439868, at *3 (N.D. Ind. Sept. 17, 2019) (citation omitted). "It is well-settled that a party need not have actual possession of the documents to be deemed in control of them." *Equal Emp. Opportunity Comm'n v. Heart of CarDon, LLC*, 339 F.R.D. 602, 606 (S.D. Ind. 2021). And Plaintiff is not asking Defendant to create any documents; Plaintiff is just seeking complete responses to these Document Requests, as it has been for over five months.

Additionally, we do not believe that Defendants have produced <u>all</u> emails, text messages, or messaging application communications that are responsive to our discovery requests. In fact, we know not all responsive communications have been produced because Defendants produced a screenshot of a Gmail account showing responsive emails exist but did not produce the actual emails.

*Taft Stettinius & Hollister LLP* **/** *Taftlaw.com* **/** The Modern Law Firm

133659573v1

Lyle R. Hardman
June 28, 2024
Page 2

In response to Document Request No. 2, Defendant must produce the *full* ESI information for the Facebook post. *Aaron, MacGregor & Assocs., LLC v. Zheijiang Jinfei Kaida Wheels, Co.,* 2017 WL 4875904, at *6 (N.D. Ind. Oct. 30 2017). Screenshots are no supplement for the ESI which would finally allow Plaintiff to see the relevant comments. There is no other possible custodian for this information. *See Vander Pas v. Bd. of Regents of Univ. of Wis. Sys.*, 644 F. Supp. 3d 893 (E.D. Wis. 2023) (explaining that a litigant must produce her own Facebook comments). The collection and production of ESI is a routine process in litigation; Defendant's failure to undertake this process does not mean it does not have the relevant ESI in its possession, custody, or control. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F.Supp.3d 839 (N.D. Ill. 2021).

For Document Request No. 5, Defendant produced none of the responsive information between Defendant and the United States Patent and Trademark Office. For Document Request No. 6, Defendant produced some—but not all—responsive information between Defendant and the United States Patent and Trademark Office. A screenshot of responsive emails, without producing all the emails, is not a full and complete discovery response. As for Document Request No. 10, Defendant's response that "We don't have an email subscription option as of December 28th, 2023" is deficient. As Plaintiff has repeatedly explained, it requests the list of "VIP" subscribers because Defendant itself describes these subscribers as receiving monthly emails.

Defendants Ben Konowitz's and Ryan Hart's discovery responses suffer from the same failings—they have produced no responsive ESI for their Facebook post, nor any of the information concerning their decision to register the Infringing Marks. Defendants have also produced any documents or communications concerning their decision to purchase the domain names at issue.

Finally, Defendants have only produced their financial data through March 2024 when it is clear that Defendants possess daily revenue data; Plaintiff requests they supplement the financial information through the present.

If your client is unable or unwilling to supplement all these deficient responses by July 10, 2024, please provide your availability to meet and confer on this issue.

133659573v1

Lyle R. Hardman
June 28, 2024
Page 3

Sincerely,

Taft Stettinius & Hollister LLP

*Bradley J. Walz*

Bradley J. Walz

Lyle R. Hardman
lhardman@hsk-law.com
574-232-4801
Please reply to South Bend Office

July 9, 2024

**Via E-Mail Transmission**
bwalz@taftlaw.com

Bradley J. Walz PHV
Taft Stettinius & Hollister LLP - Min/MN
2200 IDS Center
80 S 8th St
Minneapolis, MN 55402

> RE: Nickels and Dimes Incorporated v. Noah's Arcade, LLC d/b/a Full Tilt, et. al.
> Case No. 3:23-cv-00699-DRL-MGG

Dear Mr. Walz:

This letter is in response to your correspondence of June 28, 2024 regarding perceived deficiencies in Defendants' supplemental discovery responses.

Request for Production No. 2: Submitted with this correspondence is the requested information from Ben Konowitz's Facebook page. Ryan Hart posted Ben's Facebook on his page. Ryan is returning from vacation and the information from his page will be produced as soon as possible, but unfortunately, likely not before the requested date of July 10, 2024. The Facebook posts from Ben and Ryan are responsive to Request No. 2 for Noah's Arcade.

Request for Production No. 5: Ryan Hart is returning from vacation and this response will be supplemented as soon as possible, but unfortunately, likely not before the requested date of July 10, 2024.

Request for Production No. 6: Ryan Hart is returning from vacation and this response will be supplemented as soon as possible, but unfortunately, likely not before the requested date of July 10, 2024.

Request for Production No. 10: Plaintiff claims that it has "repeatedly explained" that it is requesting the list of "VIP" subscribers "because Defendant itself describes these subscribers as receiving monthly mail." Defendant does not have any per se "VIP" subscribers. Defendant does have a list of e-mail addresses from individuals who have expressed an interest to be notified when Defendant has information to send out. No monthly email is sent to these individuals. Defendant will provide this list of individual e-mail addresses and e-mails that have been sent to these individuals as soon as possible, but unfortunately, likely not before the requested date of July 10, 2024.

| FORT WAYNE | SOUTH BEND | INDIANAPOLIS |
| --- | --- | --- |
| Post Office Box 11489 | Post Office Box 4156 | 155 E. Market Street, Ste. 750 |
| 803 S. Calhoun Street, Ste. 900 | 205 W. Jefferson Boulevard, Ste. 300 | Indianapolis, IN 46204 |
| Fort Wayne, IN 46858-1489 | South Bend, IN 46634-4156 | 317-784-4966 |
| 260-423-1311 | 574-232-4801 | 317-784-5566 Fax |
| 260-424-5396 Fax | 574-232-9736 Fax | |

Regarding your statement that neither Ben Konowitz nor Ryan Hart "have produced no responsive ESI for their Facebook post, nor any of the information concerning their decision to register the Infringing Marks," please see Request for Production No 2 above regarding the Facebook post. No additional written documentation exists concerning "their decision to register the Infringing Marks." Your statement that "Defendants have also produced any documents or communications concerning their decision to purchase the domain names at issue" is nonsensical as written. If your statement was meant to read that "Defendants have *not* produced any such documents or communications…," no additional written documents exist.

Finally, regarding your statement, "Defendants have only produced their financial data through March 2024 when it is clear that Defendants possess daily revenue data; Plaintiff requests they supplement the financial information *through the present*," (emphasis added), please note the following:

> 1. Your original requests propounded to Defendants on December 20, 2023, are below.
>
> DOCUMENT REQUEST NO. 12: Documents sufficient to show the annual volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by Defendant under or in connection with the Challenged Mark, separated by good or service.
>
> DOCUMENT REQUEST NO. 13: Documents sufficient to show the calculation of the gross and net profits realized by Defendant, directly or indirectly, from the sale of any goods or services under or in connection with the Challenged Mark.
>
> 2. Defendants responded to these requests on March 11, 2024; supplemented their responses on April 12, 2024 and June 18, 2024.
>
> 3. You will note that you modified these requests in your "Meet and Confer Summary" correspondence of May 1, 2024 to read as follows:
>
> Full day-to-day financial information from June 8, 2022 through December 31, 2022, and that same information for all of 2023, and the beginning of this year to the present in response to Document Requests No. 12 and 13.
>
> 4. Defendants have provided you with their tax returns and their financial information through March 24, 2024. Defendants have sufficiently responded to your requests as originally propounded. Neither Request No. 12 nor Request No. 13 request documents for a specific time period.

As above, Defendants will provide you with the additional information noted above regarding Ryan Hart's Facebook post and the list of individual e-mail addresses and documents e-mailed to those individuals as soon as possible.

Should you have any further questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

HUNT SUEDHOFF KEARNEY LLP

/s/Lyle R. Hardman
Lyle R. Hardman

Enc.

cc:    Vivek Hadley
        Christine Walsh
        Jonathan Polak

**HSK** | HUNT SUEDHOFF KEARNEY LLP
ATTORNEYS AT LAW

Lyle R. Hardman
lhardman@hsk-law.com
574-232-4801
Please reply to South Bend Office

July 15, 2024

**Via E-Mail Transmission**
bwalz@taftlaw.com

Bradley J. Walz PHV
Taft Stettinius & Hollister LLP - Min/MN
2200 IDS Center
80 S 8th St
Minneapolis, MN 55402

    RE:    Nickels and Dimes Incorporated v. Noah's Arcade, LLC d/b/a Full Tilt, et. al.
              Case No. 3:23-cv-00699-DRL-MGG

Dear Mr. Walz:

This letter is in response to our recent telephonic conversation regarding supplemental discovery responses. Included with this letter is the following supplementations:

1. Regarding the requested information regarding the Facebook post about naming the arcade, the post was originally made on Ben Konowitz's Facebook page. You have already been sent the post from Ben's page as well as all of the comments. The post was then shared by Ben to Ryan's Hart Facebook page. All comments from both Ben and Ryan's Facebook pages were included with the documents previously sent to you from Ben's Facebook page.

2. The list of e-mail names and addresses that you refer to as "VIP members" is attached as Exhibit A. Please note that these individuals are individuals who have requested to receive e-mails from Ben Konowitz notifying them of upcoming events that may be of interest to them. These e-mails may or may not pertain to activities at Noah's Arcade.

3. The e-mail communications between Ryan Hart and the USPTO are attached as Exhibit B.

We are continuing to work with our clients regarding additional supplementation and will supplement as necessary.

Should you have any further questions regarding this matter, please do not hesitate to contact me.

FORT WAYNE
Post Office Box 11489
803 S. Calhoun Street, Ste. 900
Fort Wayne, IN 46858-1489
260-423-1311
260-424-5396 Fax

SOUTH BEND
Post Office Box 4156
205 W. Jefferson Boulevard, Ste. 300
South Bend, IN 46634-4156
574-232-4801
574-232-9736 Fax

INDIANAPOLIS
155 E. Market Street, Ste. 750
Indianapolis, IN 46204
317-784-4966
317-784-5566 Fax

Very truly yours,

HUNT SUEDHOFF KEARNEY LLP

/s/Lyle R. Hardman
Lyle R. Hardman

Enc.

cc: Vivek Hadley
Christine Walsh
Jonathan Polak