UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 3:23-CV-699-CCB-MGG |
| Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, | ) ) ) ) |
| *Defendants*. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS
SECOND MOTION TO COMPEL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff Nickels and Dimes Incorporated requests that the Court compel discovery from Defendants Noah's Arcade, LLC, Ben Konowitz, and Ryan Hart. On May 17, 2024, Plaintiff served Rule 34 requests for production on each of the Defendants (collectively, the "Discovery Requests"). Specifically, Plaintiff served a First Set of Requests for Production on Defendant Ben Konowitz, a First Set of Requests for Production on Defendant Ryan Hart, and a Second Set of Requests for Production on Defendants Noah's Arcade, LLC. Plaintiff's initial discovery requests on Defendants Noah's Arcade, LLC are the subject of a pending Motion to Compel. *See* Dkt. 35. Defendants missed their deadlines to respond to the Discovery Requests, and then belatedly produced largely non-responsive documents. Since then, Plaintiff has been trying to resolve the identified deficiencies in Defendant's responses. Plaintiff has met and conferred with Defendant about its discovery responses, but significant identified deficiencies remain. Having exhausted its informal means of resolving this dispute, Plaintiff seeks the Court's intervention.

**Background**

1

Plaintiff initiated this lawsuit a year ago. Dkt. 1. Plaintiff operates arcades and entertainment facilities across the United States under its federally registered service marks TILT, TILT STUDIO, and TILTED 10. Dkt. 10 at 1, 3. Because of Plaintiff's widespread, continuous, and exclusive use of the TILT, TILT STUDIO, and TILTED 10 service marks to identify its arcades and entertainment facilities and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the TILT, TILT STUDIO, and TILTED 10 service marks. *Id.* at 6. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the arcades and entertainment facility services sold under the TILT, TILT STUDIO, and TILTED 10 service marks including through its website located at the <tiltstudio.com>, Facebook, Instagram, and traditional print media.

In 2022, Defendants opened an arcade facility using the mark FULL TILT without Plaintiff's authorization, and offered nearly identical services as Plaintiff. *Id.* at 7. Defendants' infringing mark is confusingly similar with Plaintiff's service marks, and relevant consumers will mistakenly believe that Defendants' FULL TILT mark is an extension of Plaintiff's service marks and services. *Id.* Defendants have promoted its arcade services through its website located at <fulltiltlp.com>, Facebook, traditional print media, and unsolicited third-party articles. *Id.* at 8. Because Defendants' domain name is confusingly similar to Plaintiff's service marks, and its website promotes nearly identical services to Plaintiff, consumers are likely to be confused into thinking that Plaintiff authorized, approved, or is affiliated or connected with Defendant's website and the arcade services promoted on the site. *Id.* at 9.

In June 2023, Plaintiff's counsel sent a cease and desist letter to Defendant Full Tilt objecting to Defendants' use of the infringing mark. *Id.* Defendants' counsel responded and refused to comply with Plaintiff's reasonable requests. *Id.* After Plaintiff sued, Defendant filed

two trademark applications for FULL TILT with actual knowledge of Plaintiff's rights to the TILT, TILT STUDIO, and TILTED 10 service marks. *Id.* at 9-10. Plaintiff thus sued for trademark infringement, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, along with a claim for unfair competition under Indiana law.

### Plaintiff's Discovery Requests

Plaintiff's Discovery Requests sought standard information in a case of this type. In its Second Set of Requests for Production on Defendant Noah's Arcade, LLC, Plaintiff sought documents in connection with customer confusion, Defendant's adoption of its domain name, customer purchases and information, and Defendant's strategic planning about its business model. *See* Ex. 1-1.[1] Plaintiff's Discovery Requests to Defendants Ben Konowitz and Ryan Hart covered similar, standard grounds—documents about their roles, the adoption and purchase of Defendant's domain name, strategic planning about Defendant's business model, the selection of and trademark applications for the Challenged Marks, their personal knowledge of Plaintiff and its marks prior to this litigation, and their roles in marketing the Challenged Marks to Indiana consumers. *See* Exs. 1-2 and 1-3.

### Plaintiff's Compliance with Federal Rule of Civil Procedure 37

Plaintiff has continued to diligently remind Defendants of their discovery obligations, and has informally sought compliance ever since serving its Discovery Requests. Under Rule 34, Defendants' responses to the Discovery Requests were due on June 17, 2024, which came and went with no response. The undersigned thus reached out on June 18, advising Defendants' counsel that the deadline had passed and "[a]gain, no responses were received from any of the defendants, and no request to extend the time to respond by any of the defendants was received

---

[1] Exhibit 1 is the declaration of the undersigned, and all additional documents are attached to the declaration.

Therefore, all objections to the form of the Document Requests have been waived and we expect full responses by Friday, June 20th." Ex. 1-4.

Later that day, Defendants produced deficient responses to the Discovery Requests. For the Individual Defendants' responses, they produced:

- **Request for Production No. 1**—A single excel file outlining standard operating procedures for the arcade. Defendants advise that they share all responsibilities and there are no responsive documents or communications with separate roles, responsibilities and duties.
- **Request for Production No. 2—** Despite this request concerning the Full Tilt domain name, Defendants claims it produced Exhibit B in response, which was a document with one sentence about their tax returns.
- **Request for Production No. 3**—Defendants produced Exhibit C, which is a screenshot of the business Facebook page, and stated they **"s**hare all roles, responsibilities and duties and no documents or communications exist regarding individual strategic planning. Additionally, Defendants have never created customer profiles or estimated the geographic reach of their business.
- **Request for Production No. 4**—Defendants produced Exhibit D, which included another screenshot of the business Facebook page and an invoice for placemat advertisements at Round the Clock, and stated they "share all roles, responsibilities and duties and no documents or communications exist regarding individual roles."
- **Request for Production No. 5—**"Defendant has no documents or communications in his possession that are responsive to this request."
- **Request for Production No. 6—** Defendants produced Exhibit E, which included a screenshot of the Gmail account showing responsive emails, and stated they "share all roles, responsibilities and duties and no documents or communications exist regarding individual roles."
- **Request for Production No. 7**—Same response as No. 6.
- **Request for Production No. 8—"** Defendant has no documents or communications in his possession that are responsive to this request .Fulltiltlp.com was available for purchase and was purchased. www.fulltiltfun.comwas also purchased online."

Exs. 1-5 & 1-6. For Defendant Noah's Arcade, LLC, it produced:

- **Request for Production No. 1**—"Defendant has no documents or communications in its possession that are responsive to this request."
- **Request for Production No. 2**—"Defendant has no documents or communications in its possession that are responsive to this request."

4

- **Request for Production No. 3**—Despite this request concerning its domain name, Defendant claims it produced Exhibit B, which was a document with one sentence about their tax returns.
- **Request for Production No. 4**—"Defendant has no documents in its possession that are responsive to this request."
- **Request for Production No. 5**—"Defendant does not keep receipts and does not maintain ledgers, excel documents, credit card reports, QuickBooks or similar reports, or point-of-sale transaction records showing individual customer purchases and/or customer information."
- **Request for Production No. 6**—"Please see Exhibit A and Exhibit C. Defendant has never created customer profiles or estimated the geographic reach of its business." Exhibit A was the excel file outlining standard operating procedures and Exhibit C is a screenshot of the Facebook business page.

Ex. 1-7.

On June 28, 2024, the undersigned sent Defendants a discovery deficiency letter, detailing how the "vast majority of documents produced are nonresponsive, and Defendants have utterly failed to produce any responsive ESI." Ex. 1-8, at 1. Defendants failed to produce any information concerning their decision to register the Infringing Marks, nor their decision to purchase the domain names at issue. Additionally, the undersigned explained that "we do not believe that Defendants have produced all emails, text messages, or messaging application communications that are responsive to our discovery requests. In fact, we know not all responsive communications have been produced because Defendants produced a screenshot of a Gmail account showing responsive emails exist but did not produce the actual emails." *Id.* The undersigned requested these deficient responses be remedied by July 10. *Id.* Defendants' counsel sent correspondence on July 9, advising that no documents or communications exist regarding Defendants' decision to register the Infringing Marks or purchase the domain names.

The parties met and conferred on July 10, and discussed Defendants' deficient discovery responses, including their total failure to produce any ESI. Defendant's counsel sent Plaintiff correspondence and two supplemental exhibits to Defendant's initial discovery responses on

July 15, but remedying none of the identified deficiencies with the Discovery Requests. Defendant's counsel concluded by advising: "We are continuing to work with our clients regarding additional supplementation and will supplement as necessary." Ex. 1- 9, at 1.

**Argument**

I. **The Court should compel Defendant to fully answer discovery, and should find that it has waived any objections to that discovery.**

The Federal Rules provide for "liberal discovery" and "require full, complete, and timely responses to discovery requests." *Aaron, MacGregor & Assocs., LLC v. Zheijiang Jinfei Kaida Wheels, Co.*, 2017 WL 4875904, at *6 (N.D. Ind. Oct. 30 2017). "A party may file a motion to compel under Rule 37 when the responding party is evasive or provides incomplete disclosures or answers." *Swinton v. United States*, 2024 WL 2013613, at *2 (N.D. Ind. May 3, 2024) (citing Fed. R. Civ. P. 37(a)(1)); *see also United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 501 (N.D. Ind. 2010) (granting a party's motion to compel discovery because of the responding party's evasive and incomplete answers).

The moving party generally bears the burden of proving that the discovery he is seeking is relevant to the case. *Swinton*, 2024 WL 2013613 at *2 (citing *United States v. Lake Cnty. Bd. of Comm'rs*, 2006 WL 978882, at *1 (N.D. Ind. Apr. 7, 2006)). "A party may 'obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things.'" *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 536 (N.D. Ind. 2011) (quoting Fed. R. of Civ. P. 26(b)(1)). "The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Swinton*, 2024 WL 2013613 at *2 (citing *Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016) (collecting cases)). When a party fails to timely respond

to discovery requests, it waives any objections to the discovery requests. *Perry v. City of Gary, Ind.*, 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009). Even if these responses were timely, boilerplate objections lodged do not satisfy the specificity required by Federal Rule of Civil Procedure 34. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670-71 (N.D. Ind. 2008).

Defendant has failed to adhere to any deadline of sufficiently responding to the Discovery Requests, and Plaintiff is thus entitled to "full, complete, and timely responses to discovery requests." *Aaron, MacGregor & Assocs., LLC*, 2017 WL 4875904 at *6. Plaintiff has the right to move to compel discovery because Defendant has been evasive and provided incomplete disclosures and answers. *Swinton*, 2024 WL 2013613 at *2 (citing Fed. R. Civ. P. 37(a)(1)). And Defendant cannot meet its burden to prove the requested discovery should be disallowed. *Id.* Defendant has not withdrawn its initial objections to the form of Plaintiff's Discovery Requests. Exs. 1-7 & A-8. Yet Defendant waived any objections to the Discovery Requests by failing to timely respond. *Perry*, 2009 WL 2253157 at *2. And even if its responses were timely, Defendant's boilerplate objections do not satisfy the specificity required by Rule 34. *McGrath,* 625 F. Supp. 2d at 670-71. Counsel for Plaintiff could hardly be expected to do more than they did to accommodate Defendant's requests for extensions, send follow up reminders, or repeatedly explain the specific deficiencies. Plaintiff needs this discovery—indeed, it cannot take Defendants depositions until it receives full responses. Plaintiff thus requests that the Court compel Defendant to provide full and complete answers to the Discovery Requests, and find that Defendant has waived any objections it could have made. *See United Consumers Club, Inc.,* 271 F.R.D. at 501 (granting a party's motion to compel discovery because of the responding party's evasive and incomplete answers).

**II.       Plaintiff is entitled to fees.**

Federal Rule of Civil Procedure 37 provides that if a motion to compel discovery is granted, "the court must ... require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). The Rule "presumptively requires the loser 'to make good the victor's costs.'" *Rehder v. KMM Corp.*, 2023 WL 5836605, at *2 (N.D. Ind. July 31, 2023) (quoting *Rackemann v. LISNR, Inc.*, 2018 WL 3328140, at *2 (S.D. Ind. July 6, 2018)). As explained in Plaintiff's pending Motion to Compel:

> While the undersigned would typically not seek fees on what would be 'ordinary course' discovery disputes, this is not what is present here. This is not a motion arising from a good faith dispute over relevancy or scope. This motion is necessitated by the absolute lack of good faith participation in the discovery process that has now resulted in a several months long—and futile—dialogue to obtain the requested documents. There is no reasonable excuse for the delay, and the delay has resulted in unnecessarily incurred attorneys' fees and expenses.

Dkt. 36, at 10-11. From the beginning to the end of fact discovery, Defendants have failed to participate in good faith and have needlessly increased the cost for Plaintiff to pursue its rights.

The Rule requires the Court to give the party "whose conduct necessitated the motion" an opportunity to be heard. Fed. R. Civ. P. 37(a)(5). If the Court grants this Motion, Plaintiff requests that the Court set the matter of Plaintiff's fees for a hearing, briefing schedule, or both.

## Conclusion

Plaintiff respectfully requests that this Court grant its Second Motion to Compel and order Defendants to respond to the Discovery requests with a finding that it has waived any objections it could have made. If the Court grants this motion, Plaintiff requests that the Court set the matter of its fees for a hearing, briefing schedule, or both

Dated: July 30, 2024                                Respectfully submitted,

                                                    */s/Bradley J. Walz*
                                                    Bradley J. Walz, *pro hac vice*
                                                    TAFT STETTINIUS & HOLLISTER, LLP
                                                    220 IDS Center
                                                    80 South Eighth Street
                                                    Minneapolis, Minnesota 55402
                                                    Phone: (612) 977-8400
                                                    Facsimile: (612) 977-8650
                                                    Email: bwalz@taftlaw.com

                                                    Jonathan G. Polak, 21954-49
                                                    Vivek R. Hadley, 36260-5
                                                    Christine A. Walsh, 36444-45
                                                    TAFT STETTINIUS & HOLLISTER, LLP
                                                    One Indiana Square, Suite 3500
                                                    Indianapolis, Indiana 46204
                                                    Phone: (317) 713-3500
                                                    Facsimile: (317) 713-3699
                                                    Email: jpolak@taftlaw.com
                                                    cwalsh@taftlaw.com

                                                    *Attorneys for Plaintiff Nickels and Dimes Incorporated*

**CERTIFICATE OF SERVICE**

    I do hereby certify that a copy of the foregoing document was electronically filed and served upon the following counsel of record, on July 30, 2024.

                                                                            */s/Bradley J. Walz*

Eric M. Wilkins
Lyle R. Hardman
HUNT SUEDHOFF KEARNEY LLP
803 Calhoun Street, Suite 900
P.O. Box 4156
Fort Wayne, Indiana 46858
Phone: (260) 423-1311
Facsimile: (260) 424-5396
Email: ewilkins@hsk-law.com
lhardman@hsk-law.com