# EXHIBIT 1-1

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart,<br><br>Defendants. | Case No. 3:23-cv-00699 |

**PLAINTIFF NICKELS AND DIMES INCORPORATED'S
SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS
TO DEFENDANT NOAH'S ARCADE, LLC D/B/A FULL TILT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff Nickels and Dimes Incorporated ("Plaintiff") hereby requests that Defendant Noah's Arcade, LLC d/b/a Full Tilt ("Defendant"), by its undersigned counsel, respond to the following requests for the production of documents and things by providing written responses thereto and producing for inspection and copying the documents requested herein to the offices of Plaintiff's attorneys, Taft Stettinius & Hollister, LLP, 1 Indiana Square, Suite 3500, Indianapolis, Indiana 46204, Attn: Jonathan Polak, within thirty (30) days of service of this request.

**DEFINITIONS**

1. This document incorporates by reference the rules set forth in Local Rule 26-1.

2. "Plaintiff" means Nickels and Dimes Incorporated, the plaintiff in the above-captioned proceeding.

133080432v1

3. "Defendant," "you," or "your" means refers to Noah's Arcade, LLC d/b/a Full Tilt, one of the defendants in the above-captioned action, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4. A reference to a "person" includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association, or other entity and includes all of that person's principals, employees, agents, attorneys, consultants, and other representatives.

5. The term "mark" means any word, name, symbol, or device (including any key word or metatag) or any combination thereof.

6. "Plaintiff's Marks" means the marks identified in paragraph 12 and Exhibits 1 through 3 of Plaintiff's Amended Complaint in the above-captioned action.

7. "Challenged Marks" means the word mark "FULL TILT" and design mark for "FULL TILT" identified in paragraphs 25, 26, and 39 of Plaintiff's Amended Complaint in the above-captioned action, and any word, name, symbol, or device (including any key words or metatags) incorporating, based on, or derived from that mark, in whole or in part, that Defendant has used or caused or authorized to be used at any time in connection with the advertising, promotion, marketing, or sale of any goods or services.

8. "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A). The term "document" refers to any document now or at any time in the Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

9. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10. "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

11. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

12. The terms "all," "any," or "each" encompass any and all of the matter discussed.

13. The use of singular form includes plural, and vice versa.

14. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Taft Stettinius & Hollister, LLP, 1 Indiana Square, Suite 3500, Indianapolis, Indiana 46204, on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labelled to correspond to the categories requested herein. If there are no documents in response to a particular request or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

3. Electronically stored information (ESI) must be produced per the Protocol for Discovery of Electronically Stored Information, entered into on December 5, 2023.

4. ESI should be produced in accordance with Exhibit A of the Protocol for Discovery of Electronically Stored Information, entered into on November 28, 2023. You should decrypt or provide Plaintiff with passwords to any responsive ESI included in your productions.

5. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

6. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

7. If any document was, but no longer is, in your possession, subject to your control or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of this document from your possession, custody, or control.

8. Each request contemplates production of all documents in their entirety. If a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

9. If any document is withheld in whole or in part, for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each document:

    (a) the ground of privilege or protection claimed;

    (b) each and every basis under which the document is withheld;

  (c) the type of document;

  (d) its general subject matter;

  (e) the document's date; and

  (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

  10. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

  11. If you object to any document request on any ground other than privilege, you must specify:

  (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

  (b) whether any responsive materials are being withheld on the basis of an objection.

  12. If there are no documents in response to any particular request, you shall state so in writing.

13. Unless otherwise stated herein, all documents requested are for the period commencing May 10, 2021 up to and including the present.

14. Unless otherwise stated herein, these requests apply to activities in or in connection with the United States.

15. For the convenience of the Court and the parties, each request should be quoted in full immediately preceding the response.

16. These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

**DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO. 1:** All Documents and communications showing actual confusion by customers between Plaintiff's Marks and the Challenged Marks.

**DOCUMENT REQUEST NO. 2:** All Documents and communications connected to, demonstrating or evidencing customer inquiries about the location of Defendant's arcade, including but not limited to questions regarding whether there are multiple locations of Defendant's arcade in Indiana.

**DOCUMENT REQUEST NO. 3:** All Documents and communications concerning Defendant's consideration, selection, and adoption of the Domain Name, www.fulltiltlp.com, including but not limited to searches conducted for available domain names and alternative domain names considered by Defendant.

**DOCUMENT REQUEST NO. 4:** All Documents sufficient to show the circumstances of any consumer confusion between www.fulltiltfun.com or www.fulltiltlp.com and Plaintiff's domain, www.tiltstudio.com.

**DOCUMENT REQUEST NO. 5:** Any and all Documents, including receipts, ledgers, excel documents, credit card reports, Quickbooks or similar reports, and point-of sale transaction records, sufficient to show individual customer purchases and customer information.

**DOCUMENT REQUEST NO. 6:** All Documents and communications sufficient to show any strategic planning about Defendant's business model, including but not limited to target customer profiles and estimated geographic reach of the business.

May 17, 2024

s/Bradley J. Walz
Bradley J. Walz, *pro hac vice*
bwalz@taftlaw.com
Taft Stettinius & Hollister, LLP
220 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

Jonathan G. Polak, 21952-49
Christine A. Walsh, 36444-45
Taft Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: (317) 713-3500
Facsimile: (317) 713-3699
Email: jpolak@taftlaw.com
cwalsh@taftlaw.com

*Attorneys for Plaintiff, Nickels and Dimes Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I caused a true and correct copy of Plaintiff Nickels and Dimes Incorporated's Second Request for the Production of Documents to Defendant Noah's Arcade, LLC d/b/a Full Tilt to be forwarded to Lyle R. Hardman at his last know email address: lhardman@hsk-law.com.

                                                                      s/Bradley J. Walz
                                                                      Bradley J. Walz