# EXHIBIT 1-8

USDC IN/ND case 3:23-cv-00699-CCB-SJF   document 44-9   filed 07/30/24   page 1 of 4



2200 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2210
Tel: 612.977.8400 | Fax: 612.977.8650
taftlaw.com

Affirmative Action, Equal Opportunity Employer

**Bradley J. Walz**
612.977.8525
BWalz@taftlaw.com

June 28, 2024

**VIA EMAIL TO LHARDMAN@HSK-LAW.COM**

Lyle R. Hardman
Hunt Suedhoff Kearney LLP
205 W. Jefferson Blvd., Ste 300
South Bend, IN 46601

Re:   Discovery Deficiency Letter and Demand for Supplementation
      Case No. 3:23-cv-00699 - Nickels and Dimes Inc. v. Noah's Arcade, LLC

Dear Mr. Hardman:

I write on behalf of our client, Nickels and Dimes Incorporated, about Defendants' deficient responses to our discovery requests. We request that Defendants supplement their discovery responses by **July 10, 2024**. The majority of the documents produced are nonresponsive, and Defendants have utterly failed to produce any responsive ESI.

Beginning with Defendant Noah's Arcade, LLC's supplemental production, it must produce ESI within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). And "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Kokak LLC v. Auto-Owners Ins. Co.,* No. 2:18-CV-177, 2019 WL 4439868, at *3 (N.D. Ind. Sept. 17, 2019) (citation omitted). "It is well-settled that a party need not have actual possession of the documents to be deemed in control of them." *Equal Emp. Opportunity Comm'n v. Heart of CarDon, LLC*, 339 F.R.D. 602, 606 (S.D. Ind. 2021). And Plaintiff is not asking Defendant to create any documents; Plaintiff is just seeking complete responses to these Document Requests, as it has been for over five months.

Additionally, we do not believe that Defendants have produced <u>all</u> emails, text messages, or messaging application communications that are responsive to our discovery requests. In fact, we know not all responsive communications have been produced because Defendants produced a screenshot of a Gmail account showing responsive emails exist but did not produce the actual emails.

Lyle R. Hardman
June 28, 2024
Page 2

In response to Document Request No. 2, Defendant must produce the *full* ESI information for the Facebook post. *Aaron, MacGregor & Assocs., LLC v. Zheijiang Jinfei Kaida Wheels, Co.,* 2017 WL 4875904, at *6 (N.D. Ind. Oct. 30 2017). Screenshots are no supplement for the ESI which would finally allow Plaintiff to see the relevant comments. There is no other possible custodian for this information. *See Vander Pas v. Bd. of Regents of Univ. of Wis. Sys.*, 644 F. Supp. 3d 893 (E.D. Wis. 2023) (explaining that a litigant must produce her own Facebook comments). The collection and production of ESI is a routine process in litigation; Defendant's failure to undertake this process does not mean it does not have the relevant ESI in its possession, custody, or control. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F.Supp.3d 839 (N.D. Ill. 2021).

For Document Request No. 5, Defendant produced none of the responsive information between Defendant and the United States Patent and Trademark Office. For Document Request No. 6, Defendant produced some—but not all—responsive information between Defendant and the United States Patent and Trademark Office. A screenshot of responsive emails, without producing all the emails, is not a full and complete discovery response. As for Document Request No. 10, Defendant's response that "We don't have an email subscription option as of December 28th, 2023" is deficient. As Plaintiff has repeatedly explained, it requests the list of "VIP" subscribers because Defendant itself describes these subscribers as receiving monthly emails.

Defendants Ben Konowitz's and Ryan Hart's discovery responses suffer from the same failings—they have produced no responsive ESI for their Facebook post, nor any of the information concerning their decision to register the Infringing Marks. Defendants have also produced any documents or communications concerning their decision to purchase the domain names at issue.

Finally, Defendants have only produced their financial data through March 2024 when it is clear that Defendants possess daily revenue data; Plaintiff requests they supplement the financial information through the present.

If your client is unable or unwilling to supplement all these deficient responses by July 10, 2024, please provide your availability to meet and confer on this issue.

Lyle R. Hardman
June 28, 2024
Page 3

Sincerely,

Taft Stettinius & Hollister LLP

*Bradley J. Walz*

Bradley J. Walz