UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Nickels and Dimes Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No 3:23-CV-699 |
| | ) | |
| Noah's Arcade, LLC d/b/a/ Full Tilt, | ) | |
| Ben Konowitz, and Ryan Hart. | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION SEEKING LEAVE TO FILE AN AMENDED ANSWER**

In its response, Plaintiff alleges that Defendants are not entitled to leave to file an Amended Answer because of their "undue delay and prejudice to Plaintiff Nickels and Dimes Incorporated." Plaintiff further alleges that it sent a cease and desist letter to Defendants in June 2023 and initiated this lawsuit on July 25, 2023 yet "two days later, on July 27, 2023, Defendant Ryan Hart signed the trademark application for the FULL TILT & Design mark," and Hart's declaration was false presumably because he knew that the challenged mark was either in the "identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." (Dkt. 41, pp. 2-3). Plaintiff fails to inform the Court that Defendants' former counsel responded to the cease and desist letter on June 22, 2023, stating his clients' position, and provided supporting case law to Plaintiff's counsel. (Ex. A). Defendants filed their trademark application in good faith, believing that their mark was not identical to Plaintiff's and was not likely to cause confusion, mistake, or deception.

**Flaws in Plaintiff's Argument**

Plaintiff begins its argument by stating that Defendants *must* admit that they falsely declared they did not know of any other person who had a right to use similar marks and that Ryan

1

Hart signed and filed the trademark application after he had actual knowledge of Plaintiff's "rights." Plaintiff further argues that Defendants' error in admitting Paragraph 41 of the Amended Complaint was "consistent" with their admission of Paragraph 40 and the denial of Paragraph 42, therefore the admission in Paragraph 41 was an "honest admission" and not a scrivener's error. Essentially, Plaintiff has arbitrarily determined that it was the intent of the Defendants to admit that they had falsified their trademark application but had done so without any intent to mislead.

I.    **Rule 16(b)(4)**

Plaintiff relies on *Allen v. Brown Advisory, LLC*, 41 F.4th 832, 852 (7th Cir. 2022) to support its argument that Defendants' motion should be denied. The court in the *Allen* matter did apply a heightened good cause standard when denying Allen's motion to amend his pleading, citing he lacked the proper diligence. Allen had already filed one amended pleading and was aware a month before the deadline that he was going to seek leave to amend a second time, yet he waited until two months after the deadline to file his motion. In explaining the denial, the court stated: "Generally speaking, it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016); *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014); *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 463-64 (7th Cir. 2005). As the deadline to amend approached, Allen received and reviewed the documents purportedly inspiring his motion to amend; yet he did not move to amend or seek an extension of the deadline to do so." *Allen v. Brown*, 41 F.4th at 853.

The Defendants in the instant case are easily distinguished from *Allen*. They did not sit in silence and watch a deadline pass while knowing they had good reason to act or seek an extension of the deadline. Here the Defendants filed their Answer to Plaintiff's Amended Complaint timely

and in compliance with the Court's established deadline. Defendants were unaware of the significant error in their Answer and upon learning of the error, they immediately took the proper action to amend and rectify the error.

Plaintiff further argues that Defendants have not met their burden of diligence because they allegedly "failed to comply with the Court's specific instructions in the scheduling order." These instructions do state that "any requests to modify these Rule 16(b) deadlines will not be considered favorably absent a showing of circumstances beyond the control of the parties and their inability to negotiate those circumstances in the exercise of due diligence." (Dkt. 21, at 2).

A scrivener's error compounded by excusable neglect led to Defendants' failure to amend their Answer until after the deadline. Because the deadline had already expired by the time the error was discovered, it was beyond the control of the Defendants to meet the amending deadline. Defendants filed their motion seeking leave to amend their Answer within days of discovering the mistake. Because pleadings are drafted by mere humans, the courts have long acknowledged the existence of scrivener errors and excusable negligence. *See Heath v. Isenegger*, 2011 U.S. Dist. LEXIS 68918, *7-8, 2011 WL 2580538 finding that "the court should grant leave to amend pleadings upon a finding of good cause. Excusable neglect, such as a scrivener's error, is permissible cause to warrant granting leave to amend a pleading." (*See also Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F.Supp.2d 741, 747-48 (N.D. Ill. 1990) (granting leave to amend complaint due to scrivener's error). Defendants have met their burden to establish their diligence and good cause under Rule 16(b)(4) and their motion should be granted.

II.     **Plaintiff's Argument that the Admission was Knowing**

Plaintiff's assertion that Defendants **must** admit they falsely declared they did not know of any other person who had a right to use similar marks because Ryan Hart signed and filed the

trademark application after he had actual knowledge of Plaintiff's "rights" is not correct. Actual knowledge of Plaintiff's filed trademark infringement suit does not lead to the conclusion that the challenged mark is either identical to Plaintiff's or resembles Plaintiff's to the extent that it would likely cause confusion, mistakes, or deception.

Citing to Rule 8(b), Plaintiff correctly argues that the admission of Paragraph 41 was "Defendants' to make, not their counsel's." Plaintiff then alleges there is no evidence Mr. Otis had "personal knowledge of Defendant Ryan Hart's intention with respect to the allegations in Paragraph 41 or that Mr. Otis even discussed Paragraph 41 with Defendant Ryan Hart." Because Mr. Otis "has no personal knowledge about Mr. Hart's intentions" and Mr. Hart failed to submit an affidavit declaring "what allegations he instructed Mr. Otis to admit or deny," Plaintiff jumps to the erroneous conclusion that the admission of Paragraph 41 was an "honest, knowing admission."

Plaintiff apparently has a crystal ball and can definitively determine what personal knowledge Mr. Otis has or does not have about Mr. Hart's intentions. Defendant Ryan Hart has no obligation to divulge information about his privileged communications with his counsel. It is ludicrous to assume that the Defendants should have completed their Answer without the advice of their counsel. Parties retain counsel because they lack the knowledge and expertise to represent themselves. Plaintiff's nonsensical argument, which contains only its assumptions and bears no supporting case law, begs the question did Plaintiff's counsel consult with Plaintiff on every allegation asserted in Plaintiff's Amended Complaint? In his written communication to Plaintiff's counsel dated June 25, 2023, well before the filing of Defendants' Answer, Mr. Otis stated that he had discussed this matter with the Defendants and would continue to do so. (Ex. A).

4

Rule 8(e) also requires that pleadings must be construed so as to do justice. Construing the admission to Paragraph 41 as Defendants' intent to admit a falsification and admit to liability would be grossly unjust to Defendants. Plaintiff's argument is without merit and the Court should disregard it.

III.    **Rule 15(a)**

Plaintiff acknowledges that Rule 15 requires that leave should be "freely given when justice so requires," but argues that leave should not be granted in this case due to undue delay on Defendants' part.  Plaintiff cites to *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 *(*7th Cir. 2019) in support of this argument. While the *Liebhart* court's denial of an amendment was affirmed where a four month delay had occurred, the appellate court noted that there was no undue delay when a plaintiff promptly moved to amend its complaint just ten days after learning of the factual basis for its new count during discovery. *Liebhart*, 917 F.3d 964 (citing *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343* 2015 U.S. App. LEXIS 15424). Defendants in the instant case promptly moved to amend their Answer within days of acquiring knowledge of the significant error in their Answer, and no undue delay occurred.

Plaintiff alleges that it has "relied" on the admission in Paragraph 41 "through the entire period of fact discovery" and that "because fact discovery has since closed, Plaintiff has no opportunity to seek discovery on this issue which Defendants effectively withdrew from contention through their Answer."  Next, Plaintiff asserts that Defendants "fail to mention Plaintiff's pending Motion to Compel Discovery," implying that this somehow constitutes undue delay. The pending Motion to Compel Discovery has no relevance to Defendants' motion seeking leave to amend their Answer, and the Court should disregard Plaintiff's implication.  As to the reliance element, Plaintiff ignores the simple fact that in ¶ 42 of its Answer, the Defendant denied the material allegations.

Accordingly, Plaintiff was on notice that the answer to ¶ 41 was erroneous.  This is particularly true since throughout this litigation, the Defendant has been contesting liability.

Plaintiff further asserts that granting Defendants' motion would provide Defendants with an unfair advantage because Plaintiff now has "no opportunity" to seek discovery on this issue and that it is still "seeking full answers to its original discovery requests," which were served on December 20, 2023. This assertion is factually incorrect as Defendants have answered Plaintiff's discovery and have also supplemented their responses on at least five occasions. Defendants have also produced relevant documents in their initial disclosures and supplemental disclosure.[1]

In its initial discovery requests, Plaintiff sought the following information relevant to the inadvertent admission in Paragraph 41:

> **DOCUMENT REQUEST NO. 5:** Documents concerning United States Trademark Application Serial No. 98112919, including, but not limited to, all Documents concerning the decision to file the application and copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the application.

> **DOCUMENT REQUEST NO. 6:** Documents concerning United States Trademark Registration No. 9811270, including, but not limited to, copies of all documents submitted to or received from the United States Patent and Trademark Office in connection with the registration.

> **DOCUMENT REQUEST NO. 11:** All Documents concerning Defendant's knowledge of Plaintiff or Plaintiff's Mark, including, but not limited to, all Documents reflecting communications about Plaintiff or Plaintiff's use of Plaintiff's Mark.

Not only did Defendants respond to this discovery, the responses to these particular discovery requests have been supplemented on numerous occasions. Defendants are also in the process of hiring an electronics expert to produce the requested documents in the electronic format requested by Plaintiff. Contrary to its assertion otherwise, Plaintiff has sought discovery on this

---

[1] It should be noted that Plaintiff has produced absolutely no documents in its initial disclosures and has not supplemented its disclosures in accordance with the Court's scheduling order.

issue. Plaintiff has been put on notice by the responses to this discovery that no evidence exists to support the erroneous admission to Paragraph 41.

All discovery in this matter does not close until January 20, 2025, and Plaintiff still has ample time to take depositions and ascertain additional information on this issue. Rather than taking this route, Plaintiff has chosen to avoid taking any depositions and to propound unreasonable settlement demands to Defendants in an effort to increase the cost of this litigation and generate unnecessary fees for inclusion in its claim for damages.[2] Permitting Defendants to amend their Answer causes no undue prejudice to Plaintiff.

**Conclusion**

Denying Defendants the opportunity to amend their Answer and correct the fatal flaw in their original Answer is tantamount to an admission of liability.  All that would be left to do would be to calculate Plaintiff's damages.  Plaintiff has been on notice throughout discovery that Defendants' posture has been to contest liability, not admit it. Permitting Defendants to file an Amended Answer places no undue burden whatsoever on Plaintiff and corrects an unfortunate error that, if left to stand, creates an undue and unjust burden on Defendants. Therefore, Defendants Motion Seeking Leave to Amend their Answer to Plaintiff's Amended Complaint should be granted.

---

[2] Defendants took the 30(b)(6) deposition of Plaintiff's designated agent on July 16, 2024. This deposition occurred after Plaintiff's demands led to the Notice of Deposition having to be amended three times and a "meet and greet" conference wherein Plaintiff tried to re-argue objections to topics that had already been agreed upon by the parties. In the deposition, Plaintiff's agent admitted that he was unaware of any confusion caused by Defendants' mark and unaware of any financial losses whatsoever suffered by Plaintiff as a result of Defendants' mark.

Respectfully submitted,

HUNT SUEDHOFF KEARNEY LLP
By: /s/ Lyle R. Hardman
Lyle R. Hardman        #16056-49
205 W. Jefferson Blvd., Suite 300
P.O. Box 4156
South Bend, IN 46634-4156
Telephone: (574) 232-4801
Fax: (574) 232-9736
Email: lhardman@hsk-law.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 31st day of July 2024, I electronically filed the

above and foregoing document with the Clerk of the Court using the CM/ECF system which sent

notification of such filing to counsel of record who are registered with the system.

/s/ Lyle R. Hardman
Lyle R. Hardman        #16056-49

8