UNITED STATES DISTRICT COURT
NORTHERN DITRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated,<br><br>　　　Plaintiff,<br><br>v.<br><br>Noah's Arcade, LLC d/b/a Full Tilt,<br>Ben Konowitz, and Ryan Hart,<br><br>　　　Defendants. | Case No. 3:23-cv-699-CCB-MGG |

**DEFENDANTS' OBJECTION AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND PROPOSED SUPPLEMENTAL BRIEF**

` 　　Defendants, Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, by counsel, file their objection and response in opposition to Plaintiff, Nickels and Dimes, Incorporated's, motion for leave to file a supplemental brief in support of its Motion to Compel Discovery and opposition to Plaintiff's proposed supplemental brief. In support of their objection and opposition, Defendants state the following:

　　Plaintiff seeks leave to file a supplemental brief to apprise the court of "new developments" it feels are likely to be helpful to the Court in addressing the pending Motion to Compel. In support of its motion, Plaintiff relies on two cases. In the first case, *Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009), the plaintiff offered deposition testimony as newly discovered information. Although the court cited the standard for granting leave to file a supplemental brief, it did not apply this standard and granted the motion simply because "the defendants' response to the motion for leave did not object to the supplemental briefing…" *Id.* at 338.

　　In the second case cited by Plaintiff, *Indiana GRQ, LLC v. Am. Guar. & Liab. Ins. Co.*, Case No. 3:21-cv-227-DRL-MGG, at *17 (N.D. Ind. June 27, 2022), the newly discovered

1

information was again deposition testimony which revealed that the defendants had misrepresented information produced in redacted form. The court granted the motion as it felt the deposition testimony had material relevance. Plaintiff's motion can easily be distinguished from the cases it cited. In its motion for leave, Plaintiff does not even identify the alleged new information that will be helpful to the Court in resolving the pending Motion to Compel. Rather, Plaintiff simply alleges that it wishes to apprise the court of "new developments in the parties' discovery dispute, including one remedied deficiency."

While Local Rule 7.1(a) provides for the filing of a supporting brief or motion, a response, and a reply, it grants no provision for the filing of a surreply. This rule represents the drafter's conclusion that, in the ordinary course of events, a brief, a response and a reply provide a sufficient mechanism for the resolution of matters in this district. Further, the ability to file a supplemental brief may be gained only by leave of the court and by the showing of some factor that justifies a deviation from the rule. *Brunker v. Schwan's Home Serv.*, 2006 U.S. Dist. LEXIS 93370, *5-6, 2006 WL 3827046, Case No. 2:04-cv-478 (N.D. Ind. December 27, 2006) citing *Goltz v. University of Notre Dame du Lac*, 177 F.R.D. 638, 641 n. 3 (N.D.Ind.1997) (collecting cases that describe the standard necessary to justify supplemental briefing).

"Motions for surreplies are not contemplated by the Northern District of Indiana Local Rules and are disfavored." *Batistatos v. Lake Cty. Convention & Visitor's Bureau*, No. 2:22-CV-254-JVB-JEM, 2024 U.S. Dist. LEXIS 108933, at *3 (N.D. Ind. June 18, 2024); See also *Lafayette Life Ins. Co. v. City of Menasha, Wisconsin*, No. 4:09-CV-64, 2010 U.S. Dist. LEXIS 117272, at *1 (N.D. Ind. Nov. 3, 2010) ("denying motion for leave to file surreply where the 'surreply is another attempt to point to the weaknesses in the defendant's brief, and ignores that it is the court's duty to weight the arguments, distinguish cases, and apply the law.'"); *Fletcher v. Hoeppner*

2

*Wagner & Evans, LLC.*, No. 2:14-CV-231-TLS, 2018 U.S. Dist. LEXIS 135817, at *3 (N.D. Ind. Aug. 10, 2018).

While acknowledging that at some point briefing must come to an end, when determining whether to grant leave to file a supplemental brief, the "court considers such a motion for additional briefing on the basis of how helpful the new information will be in making a decision on the underlying motion." *Sajda v. Brewton*, 265 F.R.D. 234 at 338. *See* also *Medical Assurance Co. Inc. v. Weinberger*, 572 F. Supp. 2d 995, 2008 WL 697165, *2 (N.D. Ind. 2008). "Courts in this district generally allow a surreply *only if* it 'raises or responds to some new issue or development in the law.'" *Batistatos,* 2024 U.S. Dist. LEXIS 108933 at *3 (emphasis added) citing *Gillaspy v. Club Newtone, Inc.,* No. 4:20-CV-13, 2022 U.S. Dist. LEXIS 162885, at *3 (N.D. Ind. Sept. 14, 2022) quoting *Stack v. Menard, Inc*. No. 3:19-CV-310, 2021 U.S. Dist. LEXIS 57528, at *2 (N.D. Ind. March 25, 2021).

"The purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *United States v. Shadoan*, No. 1:21-CV-00560-TWP-MJD, 2021 U.S. Dist. LEXIS 219003, at *7 (S.D. Ind. Nov. 12, 2021) citing *Lady Di's Inc. v. Enhanced Servs. Billing, Inc*., No. 1:09-CV-0340-SEB-DML, 2010 U.S. Dist. LEXIS 29463, at *2 (S.D. Ind. Mar. 25, 2010).

Plaintiff's failure to provide details of the "new developments" and how they would be helpful to the Court in its motion, forces the Court to look beyond the motion to the proposed supplemental brief and declaration of counsel. The proposed supplemental brief is devoid of any supporting case law or explanation whatsoever of how the "new developments" would be helpful to the Court. Rather, it is simply a litany of regurgitations of how many times Defendants

supplemented their discovery responses since the filing of the Motion to Compel and how these responses continue to be deficient in Plaintiff's eyes. Plaintiff's declaration contains a detailed chart which clearly demonstrates Defendants supplemented their discovery responses four times within a 28-day period. Additionally, Plaintiff acknowledges in their proposed supplemental brief that Defendants have resolved some of the deficiencies alleged by Plaintiff.[1]

Plaintiff implies to the Court that the parties' meeting on July 10th was for the sole purpose of discussing deficient discovery responses. While a brief discussion regarding supplemental responses occurred at the end of this telephonic meeting (and to which Defendants supplemented on July 15, 2024), the purpose for the meeting was to discuss the upcoming Rule 30(b)(6) deposition of Plaintiff's agent:

> **From:** Walz, Bradley J. <BWalz@taftlaw.com>
> **Sent:** Tuesday, July 9, 2024 2:34 PM
> **To:** Lyle R. Hardman <lhardman@hsk-law.com>
> **Cc:** Hadley, Vivek R. <VHadley@taftlaw.com>; Polak, Jonathan <JPolak@taftlaw.com>; Jeannie Bittner <jbittner@hsk-law.com>; Walsh, Christine <CWalsh@taftlaw.com>
> **Subject:** RE: Nickels and Dimes Incorporated v. Noah's Arcade, LLC d/b/a Full Tilt, et. al.
>
> Lyle:
>
> Let me know if you are available tomorrow to discuss the deposition topics. Additionally, not only did your amended deposition notice not include Zoom, but it also had blanks for the time. We need to shore all these issues tomorrow if you expect to move forward with the deposition next Tuesday.
>
> Sincerely,
> Brad
>
> **From:** Lyle R. Hardman <lhardman@hsk-law.com>
> **Sent:** Tuesday, July 9, 2024 1:37 PM
> **To:** Walz, Bradley J. <BWalz@taftlaw.com>
> **Cc:** Hadley, Vivek R. <VHadley@taftlaw.com>; Polak, Jonathan

---

[1] It should be noted that Plaintiff has produced absolutely no documents in its initial disclosures and has not supplemented its disclosures in accordance with the Court's scheduling order.

4

<JPolak@taftlaw.com>; Jeannie Bittner <jbittner@hsk-law.com>; Walsh, Christine <CWalsh@taftlaw.com>

Afternoon, Brad,

I'm only available before 10:00 ET. I'll be in a mediation, potentially the rest of the day.

As to the Zoom, you had request earlier if it could be done by Zoom, and that's fine. As to the time, I left that blank to be filled in depending on your availability and the deponent's availability.

Lyle

(attached and incorporated as Exhibit A).

Plaintiff acknowledges that Defendants are continuing to supplement their discovery responses and have resolved some of Plaintiff's alleged deficiencies. Defendants have even taken the extra step of contracting with an outside source to supply the documents in the format requested by Plaintiff.

Plaintiff has not demonstrated how its proposed supplemental brief raises a new issue or responds to a new issue or development in the law. The proposed supplemental brief ignores the Court's duty to weigh the arguments, distinguish the cases, and apply the law. It is simply another attempt to point to its perceived weaknesses in Defendants' Response to the pending Motion to Compel. Plaintiff has had its final opportunity to be heard and to rebut Defendants' Response to the pending Motion to Compel.

## CONCLUSION

Because Plaintiff has failed to provide sufficient information to permit the Court to weigh how helpful supplemental briefing would be in deciding the Motion to Compel, its motion to supplement its brief should be denied. For the foregoing reasons, Defendants pray that this Court

enter its Order denying Plaintiff's Motion for Leave to File Supplemental Brief and all other just and proper relief.

                                            Respectfully submitted,

                                            HUNT SUEDHOFF KEARNEY LLP

                                            /s/ Lyle R. Hardman
                                            Lyle R. Hardman        #16056-49
                                            205 W. Jefferson Blvd., Suite 300
                                            P.O. Box 4156
                                            South Bend, IN 46634-4156
                                            Telephone:  (574) 232-4801
                                            Fax: (574) 232-9736
                                            Email: lhardman@hsk-law.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 7th day of August 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record who are registered with the system.

                                            /s/ Lyle R. Hardman
                                            Lyle R. Hardman        #16056-49