UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nickels and Dimes Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>Noah's Arcade, LLC d/b/a Full Tilt,<br>Ben Konowitz, and Ryan Hart,<br><br>    Defendants. | Case No. 3:23-cv-699-CCB-MGG |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Defendants, Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart, by counsel, file their response in opposition to Plaintiff, Nickels and Dimes, Incorporated's Second Motion to Compel Discovery. In support of their opposition, Defendants state the following:

**Factual Background**

Plaintiff alleges as fact that Defendants needed Plaintiff's authorization to open an arcade facility using the mark FULL TILT; the services provided by Defendants are "nearly identical" as Plaintiffs; Defendants' mark is "confusingly similar" to Plaintiff's; Defendants' mark infringes Plaintiff's mark; and consumers will mistakenly believe that Defendants' mark is an extension of Plaintiff's marks and services. These allegations form the basis of Plaintiff's Complaint against Defendants and currently are just that…allegations until a Court determines that they are factual. Plaintiff implies that Defendants were obligated to comply with Plaintiff's cease and desist letter and their failure to do so, along with filing for trademark applications for their own mark, constitutes infringement, unfair competition, and cybersquatting. While acknowledging that Defendants' counsel responded to the cease and desist letter, Plaintiff fails to inform the Court that

1

Defendants' response included rationale for Defendants' belief that they had not infringed on Plaintiff's service mark and supporting case law.

### Plaintiff's Compliance with Federal Rule of Civil Procedure 37

Concerning compliance with Local Rule 37-1, Plaintiff certifies that the telephonic conference was scheduled to "discuss the concerns with Defendant's responses." The telephonic conference was actually scheduled to discuss the pending 30(b)(6) deposition of Plaintiff's agent:

> **From:** Walz, Bradley J. <BWalz@taftlaw.com>
> **Sent:** Tuesday, July 9, 2024 2:34 PM
> **To:** Lyle R. Hardman <lhardman@hsk-law.com>
> **Cc:** Hadley, Vivek R. <VHadley@taftlaw.com>; Polak, Jonathan <JPolak@taftlaw.com>; Jeannie Bittner <jbittner@hsk-law.com>; Walsh, Christine <CWalsh@taftlaw.com>
> **Subject:** RE: Nickels and Dimes Incorporated v. Noah's Arcade, LLC d/b/a Full Tilt, et. al.
>
> Lyle:
>
> Let me know if you are available tomorrow to discuss the deposition topics. Additionally, not only did your amended deposition notice not include Zoom, but it also had blanks for the time. We need to shore all these issues tomorrow if you expect to move forward with the deposition next Tuesday.
>
> Sincerely,
> Brad
>
> **From:** Lyle R. Hardman <lhardman@hsk-law.com>
> **Sent:** Tuesday, July 9, 2024 1:37 PM
> **To:** Walz, Bradley J. <BWalz@taftlaw.com>
> **Cc:** Hadley, Vivek R. <VHadley@taftlaw.com>; Polak, Jonathan <JPolak@taftlaw.com>; Jeannie Bittner <jbittner@hsk-law.com>; Walsh, Christine <CWalsh@taftlaw.com>
>
> Afternoon, Brad,
>
> I'm only available before 10:00 ET. I'll be in a mediation, potentially the rest of the day.

> As to the Zoom, you had requested earlier if it could be done by Zoom, and that's fine. As to the time, I left that blank to be filled in depending on your availability and the deponent's availability.
>
> Lyle

(attached and incorporated as Exhibit A).

Near the end of the telephonic conference, and after attempting to renegotiate already resolved terms pertaining to the deposition, the allegedly deficient discovery responses were briefly discussed. Defendants agreed to again supplement the responses, did so on July 15, 2024, and stated they would continue to do so.

In addition to Attorney Bradley Walz and Attorney Lyle Hardman, Attorney Patricia Mastagh of Hunt Suedhoff Kearney also attended and participated in the telephonic conference.

**Plaintiff's Discovery Requests**

Plaintiff states that it sought "standard information" in its Second Set of Requests for Production to Defendant, Noah's Arcade, LLC and its First Request for Production to Defendants, Ben Konowitz and Ryan Hart. Specifically, Plaintiff states it sought documents in connection with customer confusion; adoption of the domain name; customer purchases and information; strategic planning about Defendants' business model; the selection of and trademark applications for the Challenged Marks; Defendants' personal knowledge of Plaintiff and Plaintiff's marks prior to this litigation; and Konowitz' and Hart's roles in marketing the Challenged Marks to Indiana consumers. Plaintiff acknowledges that Defendants did respond to these discovery requests and supplemented them but alleges that the responses and supplemental responses were deficient.

Responses that Plaintiff alleges are deficient are as follows:

- **DOCUMENT REQUEST NO. 1:** All Documents and communications evidencing your role, responsibilities and duties in operating the business connected to Noah's Arcade.

3

**Response**: See Exhibit A. Defendant Ryan Hart and Defendant Ben Konowitz share all responsibilities and there are no responsive documents or communications with separate roles, responsibilities and duties.

- **DOCUMENT REQUEST NO. 2**: All Documents and communications concerning Your role in consideration, selection, and adoption of the Domain Name, www.fulltiltlp.com, including but not limited to searches conducted for available domain names and alternative domain names considered by You.

  **Response:** See Exhibit B. Defendant Ryan Hart and Defendant Ben Konowitz together searched for the domain name www.fulltiltlp.com and after finding it available for purchasing, purchased it.

- **DOCUMENT REQUEST NO. 3:** All Documents and communications sufficient to show any strategic planning by You about Defendant's business model, including but not limited to target customer profiles and estimated geographic reach of the business.

  **Response:** See Exhibit C. Defendant Ryan Hart and Defendant Ben Konowitz share all roles, responsibilities and duties and no documents or communications exist regarding individual strategic planning. Additionally, Defendants have never created customer profiles or estimated the geographic reach of their business.

- **DOCUMENT REQUEST NO. 4:** All Documents and communications sufficient to show your individual role in selecting, designing and marketing the Challenged Marks.

  **Response:** See Exhibit D. Defendant Ryan Hart and Defendant Ben Konowitz share all roles, responsibilities and duties and no documents or communications exist regarding individual roles.

- **DOCUMENT REQUEST NO. 5:** All Documents and communications sufficient to show your personal knowledge of Plaintiff and Plaintiff's marks prior to this litigation.

  **Response:** Defendant has no documents or communications in his possession that are responsive to this request.

- **DOCUMENT REQUEST NO. 6:** All Documents and communications sufficient to show Your role in drafting and filing the trademark applications for the Challenged Marks.

  **Response**: Please see Exhibit E. Defendant Ryan Hart and Defendant Ben Konowitz share all roles and no documents or communications exist regarding individual roles.

- **DOCUMENT REQUEST NO. 7:** All Documents and communications sufficient to show Your role in making the determination to file trademark applications for the Challenged Marks.

    **Response:** Please see Exhibit E. Defendant Ryan Hart and Defendant Ben Konowitz share all roles and no documents or communications exist regarding individual roles.

- **DOCUMENT REQUEST NO. 8:** All Documents and communications sufficient to show your individual role in purchasing and selecting domain names www.fulltiltfun.com and www.fulltiltlp.com.

    **Response:** Defendant has no documents or written communications in his possession that are responsive to this request. Fulltiltlp.com was available for purchase and was purchased. www.fulltiltfun.com was also purchased online.

Plaintiff does not state how each of the aforementioned responses are deficient; instead, Plaintiff simply alleges the responses are deficient. The claimed deficiencies are as follows:

- **Request No. 1**: Defendants only produced a "single excel file outlining standard operating procedures for the arcade," implying that Defendants' operating procedures must constitute more than a single file. "Defendants advise that they share all responsibilities and there are no responsive documents or communications with separate roles, responsibilities and duties." Again, Plaintiff implies that Defendants cannot operate a business by sharing all responsibilities and not having written documents and communications defining "separate roles, responsibilities and duties."

- **Request No. 2**: Plaintiff ignores Defendants' response that Defendants, Ryan Hart and Ben Konowitz, searched together for the domain name and after finding it available, purchased it. Plaintiff implies that production of a single file constitutes a deficient response.

- **Request No. 3**: Again, Plaintiff implies that the response is deficient because Defendants' do have any documents or written communications regarding their individual strategic planning and have never created customer profiles or estimated the geographic reach of their business.

- **Request No. 4**: The implication that this response is deficient is that Defendants must have documents and written communications relating to their individual roles and are refusing to produce them.

- **Request No. 5**: It is unclear how Defendants' response that they have no documentation or written communications demonstrating their personal knowledge of Plaintiff and Plaintiff's marks prior to this litigation is a deficient response.

5

- **Request No. 6**:   Again, just because no written documentation exists to show each Defendant's role in drafting and filing the trademark applications for the Challenged Marks does not make the response deficient.

- **Request No. 7**:   Again, just because no written documentation exists to show each Defendant's role in making the determination to file trademark applications for the Challenged Marks does not make the response deficient.

- **Request No. 8**:   Plaintiff implies that because Defendants did not create documents or keep written communications showing each Defendant's individual role in purchasing and selecting domain names, the response is deficient.

By providing the Court with only the response to each Request for Production of Documents and not the actual Request, Plaintiff fails to give the Court the necessary context to adequately evaluate Noah's Arcade, LLC's responses.  When putting the requests together with the responses, it becomes readily apparent the responses are adequate.  Instead, Plaintiff simply doesn't like the responses.  But that's an insufficient basis to justify filing a motion to compel, let alone a basis to require a Defendant to produce additional documentation, and even a further cry for an award of attorneys' fees.

- **DOCUMENT REQUEST NO. 1**: All Documents and communications showing actual confusion by customers between Plaintiff's Marks and the Challenged Marks.

  **Response:** Defendant has no documents or communications in its possession that are responsive to this request.

- **DOCUMENT REQUEST NO. 2**:  All Documents and communications connected to, demonstrating or evidencing customer inquiries about the location of Defendant's arcade, including but not limited to questions regarding whether there are multiple locations of Defendant's arcade in Indiana.

  **Response:**  Defendant has no documents or communications in its possession that are responsive to this request.

- **DOCUMENT REQUEST NO. 3:** All Documents and communications concerning Defendant's consideration, selection, and adoption of the Domain Name, www.fulltiltlp.com, including but not limited to searches conducted for available domain names and alternative domain names considered by Defendant.

  **Response:**  See Exhibit B.

6

- **DOCUMENT REQUEST NO. 4:** All Documents sufficient to show the circumstances of any consumer confusion between www.fullfiltfun.com or www.fulltiltlp.com and Plaintiff's domain.www.tiltstudio.com.

    **Response:** Defendant has no documents in its possession that are responsive to this request.

- **DOCUMENT REQUEST NO. 5:** Any and all Documents, including receipts, ledgers, excel documents, credit card reports, Quickbooks or similar reports, and point-of-sale transaction records, sufficient to show individual customer purchases and customer information.

    **Response:** Defendant does not keep receipts and does not maintain ledgers, excel documents, credit card reports, Quickbooks or similar reports, or point-of-sale transaction records showing individual customer purchases and/or customer information. Please see Defendants' Supplemental Responses for what information Defendant has in its possession.

- **DOCUMENT REQUEST NO. 6:** All Documents and communications sufficient to show any strategic planning about Defendant's business model, including but not limited to target customer profiles and estimated geographic reach of the business.

    **Response**: Please see Exhibit A and Exhibit C. Defendant has never created customer profiles or estimated the geographic reach of its business.

Again, Plaintiff does not identify the deficiencies in Defendant, Noah's Arcade, LLC's responses, but simply alleges that they are deficient:

- **Request No. 1**: Plaintiff implies that because Noah's Arcade, LLC does not have any documents or written communication in its possession showing actual confusion by customers, Defendant must be lying and refusing to produce the intentionally withheld documents. Assuming arguendo that Defendant had actual knowledge of any confusion by customers, there is no obligation that this knowledge be demonstrated in documents or written communications.

- **Request No. 2**: Again, the implication is that Defendant is intentionally withholding documents in its response. Defendant's response that it has no documentation or communications in its possession is a complete response.

- **Request No. 3**: Plaintiff implies that because Defendant only produced a single document, the response is someone deficient and Defendant is intentionally withholding documents.

7

- **Request No. 4**:  The fact that Defendant does not have any documents in its possession that are responsive to this request does not make the response deficient.

- **Request No. 5**:  Defendant's response that it does not keep receipts and does not maintain ledgers, excel documents, credit card reports, QuickBooks or similar reports, or point-of-sale transaction records reflecting individual customer purchases and/or customer information, does not make the response deficient. Defendant is not required to maintain these documents in the course of its business.

- **Request No. 6**:  Again, Defendant is not required to create customer profiles or estimate the geographic reach of its business and a response stating that Defendant does not maintain these documents does not make its response deficient.

By eliminating the actual Request for Production of Documents and providing only the Response presents, at best, an incomplete picture of the documents sought, Noah's Arcade's responses, and the documents produced by Noah's Arcade.

### Argument

I.   **A Motion to Compel is Only Appropriate when Discovery is Deficient**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *Marnocha v. City of Elkhart*, No. 3:16-cv-592-PPS-JEM, 2018 U.S. Dist. LEXIS 172198 (N.D. Ind. Oct. 4, 2018), citing Fed. R. Civ. Pro. 37(a). In this case, a motion to compel is not appropriate. Defendants have not failed to respond to Plaintiff's discovery requests and have supplemented their responses numerous times. Additionally, Defendants have communicated to Plaintiff that it will continue to supplement their responses and are working with an outside source to produce ESI documents in the format requested by Plaintiff.

Plaintiff relies on the case law holding that "a party may file a motion to compel under Rule 37 when the responding party is evasive or provides incomplete disclosures or answers." *Swinton v. United States*, 2024 WL 2013613, at *2 (N.D. Ind. May 3, 2024) (citing Fed. R. Civ. P. 37(a)(1) and *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 501

(N.D. Ind. 2010) (granting a party's motion to compel discovery because of the responding party's evasive and incomplete answers). Plaintiff's reliance is misplaced and a motion to compel is inappropriate because Defendants have not provided evasive or incomplete responses. Plaintiff refuses to accept Defendants' responses and continually harangues the Defendants to provide different responses. Plaintiff also seeks additional bites of the proverbial apple: Plaintiff has a Motion to Compel pending before this Court, has filed a motion seeking leave to file a supplemental brief to that Motion to Compel, and has now filed its Second Motion to Compel. While the instant motion focuses on Plaintiff's Second Request for Production of Documents propounded to Defendant, Noah's Arcade, LLC and First Request for Production of Documents to Defendants, Ben Konowitz and Ryan Hart, this same discovery is referenced throughout Plaintiff's proposed supplemental brief. Thus, Plaintiff is asking the Court to simultaneously consider two separate motions to compel and to grant them fees on the same discovery it alleges is deficient.

II.    **A Party is Not Required to Create New Documents in Response to a Rule 34 Request**

Fed. R. Civ. Pro. 34 does not require parties to create records; only to provide those records that already exist. *Turner v. Rataczak*, No. 13-cv-48-BBC, 2014 U.S. Dist. LEXIS 27221 (W.D. Wis. Mar. 3, 2014); citing *Cholakyan v. Mercedes-Benz USA, LLC*, CV 10-5944-MMM-JC, 2011 U.S. Dist. LEXIS 154368, (C.D. Cal. Dec. 20, 2011). Furthermore, "Courts may not compel a party to create new documents solely for their production in response to a Rule 34 request." *Turner v. Rataczak*, No. 13-cv-48-BBC, 2014 U.S. Dist. LEXIS 27221, at *6-7 citing *Cholakyan v. Mercedes-Benz USA, LLC*, CV 10-5944-MMMC-JC, 2011 U.S. Dist. LEXIS 154368). See also *Gaustad v. Frank*, No. 05-CV-187, 2006 U.S Dist. LEXIS 106877; *4 (E.D. Wis. Mar. 1, 2006), *Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 511 (W.D. Pa. 1983).

Plaintiff fails to provide any evidence whatsoever that Defendants' responses are evasive, incomplete, or deficient. While Plaintiff may believe that strategic planning and a business model are required to operate a business and may do so in its own business, Defendants are not required to do so nor are they required to create these documents to respond to the request. Defendants' responses that they do not possess the requested documents are sufficient.

Likewise, Defendants' responses that they have no documents or written communications pertaining to their individual responsibilities to operate their business, their trademark applications, customer records, or knowledge of confusion on the part of their customers are not deficient. Nor are Defendants required to maintain these records in the course of their business or to create them in response to Plaintiff's requests.

Plaintiff's allegations that its Motion to Compel should be granted because Defendant "has not withdrawn its initial objections to the form of Plaintiff's Discovery Requests" and "waived any objections to the Discovery Requests by failing to timely respond" are without merit. As stated above, Defendants have responded, have supplemented their responses numerous times, and continue to supplement their responses.[1]

Many of the contested Responses referenced in Plaintiff's Second Motion to Compel should have been propounded to Defendants in the form of Interrogatories or asked during depositions.

III. **Fees**

Plaintiff cites from its pending first Motion to Compel the following:

> While the undersigned would typically not seek fees on what would be 'ordinary course' discovery disputes, this is not what is present here. This is not a motion arising from a good faith dispute over relevancy or scope. This motion is necessitated by the absolute lack

---

[1] It should be noted that Plaintiff has produced absolutely no documents in its initial disclosures and has not supplemented its disclosures in accordance with the Court's scheduling order.

> of good faith participation in the discovery process that has now resulted in a several months long—and futile—dialogue to obtain the requested documents. There is no reasonable excuse for the delay, and the delay has resulted in unnecessarily incurred attorneys' fees and expenses.

Plaintiff further alleges that "From the beginning to the end of fact discovery, Defendants have failed to participate in good faith and have needlessly increased the cost for Plaintiff to pursue its rights." Defendants have provided responses to Plaintiff's discovery requests and have supplemented said responses numerous times, including four times over a 28-day period. As above, Defendants have acknowledged their duty to continue supplementation and are working with an outside source to provide information in the format requested by Plaintiff.

Plaintiff is correct that "this is not a motion arising from a good faith dispute over relevancy or scope," but wrong on its statement that "this motion is necessitated by the absolute lack of good faith participation in the discovery process…" In actuality, it is Plaintiff who has exhibited a lack of good faith participation in the discovery process by alleging that Defendants' discovery responses are deficient, evasive, and incomplete without establishing how they are deficient, evasive or incomplete; implying that Defendants are being untruthful in their responses; and demanding that Defendants fabricate or create documents in response to Plaintiff's requests.

Fed. R. Civ. Pro. 37(a)(5)(B) allows the Court to award reasonable expenses incurred in opposing the motion to the defending party, including attorney's fees, if the motion is denied. Defendants have been forced to turn their attention from providing discovery responses to defending the discovery they have already provided in response to Plaintiff's demands for responses that are unreasonable and/or do not exist. Furthermore, Plaintiff's Rule 37-1 Certification is at best inaccurate. Indeed, we dispute the purpose of that conference was to address written discovery deficiencies. Instead, the purpose of that conference was to address the

11

numerous boilerplate and substantially improper objections of the Plaintiff to Noah's Arcade, LLC's Rule 30(b)(6) deposition notice. Furthermore, at no time during that conversation was there any indication by opposing counsel that the purpose of that call was in compliance with Local Rule 37-1. This is especially true, when as here, Plaintiff has failed to produce a single document, including any documents in its initial Rule 26 disclosures. Therefore, Plaintiff's Motion to Compel should be denied and it is the Defendants who should be awarded reasonable expenses incurred in opposing this motion, including attorneys' fees.

IV.  **Conclusion**

For the foregoing reasons, Defendants pray that this Court deny Plaintiff's Motion to Compel and pursuant to Fed. R. Civ. Pro. 37(a)(5)(B), award Defendants all reasonable expenses, fees, and for all other just and proper relief.

Respectfully submitted,

HUNT SUEDHOFF KEARNEY LLP

/s/ Lyle R. Hardman
Lyle R. Hardman   #16056-49
205 W. Jefferson Blvd., Suite 300
P.O. Box 4156
South Bend, IN 46634-4156
Telephone: (574) 232-4801
Fax: (574) 232-9736
Email: lhardman@hsk-law.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 7th day of August 2024, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record who are registered with the system.

/s/ Lyle R. Hardman
Lyle R. Hardman   #16056-49