# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Nickels and Dimes Incorporated, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-CV-699-CCB-MGG |
| | ) | |
| Noah's Arcade, LLC d/b/a Full Tilt, | ) | |
| Ben Konowitz, and Ryan Hart, | ) | |
| | ) | |
| *Defendants*. | ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

The controlling standard here is simple: how helpful is the new information to deciding the Motion to Compel. Defendants' response is objectively unreasonable as it alternates between arguing Plaintiff has not satisfied the standard for leave to file a ***surreply***, and joining Plaintiff in emphasizing the relevance of some of the information Plaintiff presented to the Court—specifically, the two positive developments in the parties' discovery disputes. While opposing Plaintiff's presentation of new developments to the Court, Defendants simultaneously advise the Court of their own new discovery development. Plaintiff does not object to the Court's consideration of Defendants' latest development, as it is merely more evidence of Defendants' persistent neglect and inattentiveness to the Court's orders and the Defendants' discovery obligations. The new information Plaintiff presents in its proposed supplemental brief—and Defendants present in their response—easily clears the hurdle of helping to deciding the pending Motion to Compel.

I.    **Defendants' cited standard for granting leave to file a surreply is irrelevant.**

Relying on the standard for granting leave to file a surreply, Defendants incorrectly argue Plaintiff's motion should be denied because it "has not demonstrated how its proposed supplemental brief raises a new issue or responds to a new issue or development in the law." Dkt. 48, at 5. Defendants conflate the standard for surreplies with the controlling standard for leave to file supplemental briefing in support of a pending motion, which is simply "how helpful the new information will be in making a decision on the underlying motion." *Ind. GRQ, LLC v. Am. Guar. & Liab. Ins. Co.,* Case No. 3:21-cv-227-DRL-MGG, at *17 (N.D. Ind. June 27, 2022) (quoting *Sajda v. Brewton,* 265 F.R.D. 334, 338 (N.D. Ind. 2009)). But Plaintiff does not seek to raise "some new issue or development in the law" as generally required for leave to file a surreply. *Batistatos v. Lake Cnty. Convention & Visitors Bureau*, No. 2:22-CV-254-JVB-JEM, 2024 WL 3088466, at *1 (N.D. Ind. June 18, 2024). As evidenced by Plaintiff's proposed supplemental brief, it only seeks to advise the Court of the factual developments in the parties' discovery disputes since the Motion to Compel was filed three months ago. Defendants even acknowledge the proposed supplemental brief does not contain legal citations and provides only developments in the parties' discovery disputes. Dkt. 48, at 3-4. The standard for granting leave to file a surreply is thus irrelevant to Plaintiff's motion.

II.    **The proposed supplemental brief provides information helpful to the Court's decision on the pending the Motion to Compel.**

Defendants' response is objectively unreasonable because they try to have it both ways, simultaneously arguing that Plaintiff's motion should be denied because the factual developments are unhelpful, yet emphasizing the positive information—and even adding a new development of their own—for the Court's consideration as it decides the pending Motion to Compel. For example, Defendants highlight Plaintiff's declaration "which clearly demonstrates Defendants

supplemented their discovery responses four times within a 28-day period." Dkt. 48, at 3-4. And Defendants emphasize that "Plaintiff acknowledges that Defendants are continuing to supplement their discovery responses and have resolved some of Plaintiff's alleged deficiencies." *Id.* at 5. Plaintiff, of course, does not object to the Court's consideration of this information. After all, Plaintiff was the one who filed this motion advising the Court of the two remedied deficiencies to hopefully avoid the Court expending time and resources on disputes that no longer exist.

Plaintiff does object to Defendants' use of only the positive information, while arguing the proposed supplemental brief as a whole—which also includes the negative developments—should not be considered by the Court. This motion seeks to provide the Court with all the relevant information it may need in deciding the Motion to Compel, and that includes the positive developments as well as the negative.

Defendants' emphasis of their "supplementation" merely serves as more evidence of their continued misconstruction of what the duty to supplement means. As Plaintiff already explained in its briefing of the pending Motion to Compel, Rule 26(e) "presumes that proper formal, **complete** and sworn answers had been previously served." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (emphasis added). The Rule simply requires Defendants to supplement if they learned that their original complete discovery responses are "in some material respect incomplete or incorrect." *Id.* Defendants have never served complete responses to these Discovery Requests, yet they continue to assert the Motion to Compel should be denied because Defendants continue to "supplement" with documents that should have been produced at the outset.

Plaintiff's Motion for Leave should be granted because Defendants have "joined in extending the legal arguments" from the Motion to Compel to the added discovery developments,.

*Sajda*, 65 F.R.D. at 338; *see also* Case No. 2:08-cv-00255, Dkt. No. 28 (*Sajda* Defendants' Response in Opposition to the Motion for Leave).

### III. Defendants' new development of finally hiring an ESI vendor exemplifies their inattentiveness and neglect throughout this litigation.

Defendants now make the frivolous claim that they "have even taken the *extra* step of contracting with an outside source to supply the documents in the format *requested* by Plaintiff." Dkt. 48, at 5. Plaintiff does not object to the Court's consideration of Defendants' added development, but this demonstrates that objective unreasonableness of Defendants' conduct and Defendants' overall inattentiveness to the Court's scheduling order.

Finally hiring someone to collect Defendants' electronically stored information (ESI) is not an "extra step," nor is it to satisfy a "request" from Plaintiff. Defendants agreed to the ESI Protocol in November, and the Court entered the ESI Protocol *as an order* in December. *See* Dkt. 21, at 3 ("The Court … adopts and incorporates by reference the parties' agreement regarding electronic discovery"). Despite this order, Defendants have never produced a single piece of ESI throughout the discovery process. Plaintiff has repeatedly highlighted this deficiency, even explaining that an outside vendor is usually necessary to comply with one's ESI discovery obligations. Defendants have ignored their obligations and Plaintiff's explanations, and instead claimed in its response to the Motion to Compel that it does not have any ESI in its possession, custody, or control. *See* Dkt. 37, at 3-4. That Defendants have just now taken a necessary step to comply with the ESI protocol is more evidence of their piecemeal and laggard discovery tactics.

### Conclusion

Plaintiff's motion should be granted because the proposed supplemental brief provides helpful information to deciding the Motion to Compel. Plaintiff has included both the positive and negative developments in the parties' discovery disputes to hopefully avoid the Court expending

4

time and resources on disputes that no longer exist, and also to provide the Court with further

relevant information to decide the disputes that have remained.

Dated: August 14, 2024                    Respectfully submitted,

                                          */s/Bradley J. Walz*
                                          Bradley J. Walz, pro hac vice
                                          TAFT STETTINIUS & HOLLISTER, LLP
                                          220 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, Minnesota 55402
                                          Phone: (612) 977-8400
                                          Facsimile: (612) 977-8650
                                          Email: bwalz@taftlaw.com

                                          Jonathan G. Polak, 21954-49
                                          Vivek R. Hadley, 36260-5
                                          Christine A. Walsh, 36444-45
                                          TAFT STETTINIUS & HOLLISTER, LLP
                                          One Indiana Square, Suite 3500
                                          Indianapolis, Indiana 46204
                                          Phone: (317) 713-3500
                                          Facsimile: (317) 713-3699
                                          Email: jpolak@taftlaw.com
                                                  cwalsh@taftlaw.com

                                          *Attorneys for Plaintiff Nickels and Dimes*
                                          *Incorporated*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was electronically filed and served upon the following counsel of record, on August 14, 2024.

/s/Bradley J. Walz

Eric M. Wilkins
Lyle R. Hardman
HUNT SUEDHOFF KEARNEY LLP
803 Calhoun Street, Suite 900
P.O. Box 4156
Fort Wayne, Indiana 46858
Phone: (260) 423-1311
Facsimile: (260) 424-5396
Email: ewilkins@hsk-law.com
lhardman@hsk-law.com

6