**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| Nickels and Dimes Incorporated, )<br>)<br>  *Plaintiff*, )<br>)<br>v. )<br>)<br>Noah's Arcade, LLC d/b/a Full Tilt, )<br>Ben Konowitz, and Ryan Hart, )<br>)<br>  *Defendants*. ) | Case No. 3:23-CV-699-CCB-MGG |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS**
**SECOND MOTION TO COMPEL DISCOVERY**

Throughout discovery, Defendants' actions and arguments have followed several themes: inattentiveness, frivolousness, and objective unreasonableness. Defendants have continued to neglect their duties to timely produce complete information to Plaintiff. Instead, Defendants frivolously accuse Plaintiff of demanding they fabricate responsive documents, claim they have no other responsive information (even when publicly available information betrays those claims), or argue that they continue to "supplement" discovery at their own leisure. Defendants' conduct throughout this case has needlessly increased the costs for Plaintiff, who still does not have the complete information it needs and is entitled to. Yet Defendants now claim Plaintiff has acted in bad faith, and demand that they be awarded their fees. Defendants should not be rewarded for the unreasonable manner in which they have litigated this case.

**I. Plaintiff's Motion to Compel is an appropriate response to Defendants' evasive and incomplete Discovery Responses.**

  **a. Defendants waived its untimely and boilerplate objections.**

The Federal Rules provide for "liberal discovery" and "require full, complete, and timely responses to discovery requests." *Aaron, MacGregor & Assocs., LLC v. Zheijiang Jinfei Kaida*

1

*Wheels, Co.*, 2017 WL 4875904, at *6 (N.D. Ind. Oct. 30 2017). Defendants missed their deadline to respond to the Discovery Requests on June 17, 2024. When a party fails to timely respond to discovery requests, it waives any objections to the discovery requests. *Perry v. City of Gary, Ind.*, 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009). Nonetheless, Defendants included objections to the Discovery Requests in their untimely Discovery Responses. Defendants thus waived any objection to the Discovery Requests. Besides describing this argument as "meritless," Defendants developed no counterargument nor cited any authority in their Response. But "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Warner v. Astrue*, 880 F. Supp. 2d 935, 945 (N.D. Ind. 2012) (quoting *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000)). Defendants have thus waived any argument that they did not waive any objections to the Discovery Requests.

And even if Defendants' responses were timely, boilerplate objections lodged do not satisfy the specificity required by Federal Rule of Civil Procedure 34. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670-71 (N.D. Ind. 2008). All three of Defendants' Discovery Responses contained the same objections at the outset:

> The Defendant, by counsel, objects to all the duties, instructions, definitions and obligations of any type which proceed Plaintiff's First Request for Production to the Defendant, and which Plaintiff attempts to impose on the Defendant. These are not agreed to between the parties under FRCP 29. These responses have been made according to FRCP 26 regarding the scope of discovery, FRCP 34 regarding Responses to Request for Production, and case law interpreting those rules. The Defendant does not agree to any additional duties, instructions, definitions, or obligations in responding to Plaintiff's First Request for Production of Documents.
>
> The Defendant also objects to the lengthy, multiple, separate definitions used by Plaintiff because they make the Request for Production of Documents unduly burdensome, confusing, and not understandable taken alone.

Dkt. 44-6, at 2; Dkt. 44-7, at 2; Dkt. 44-8, at 2.

"The burden rests upon the objecting party to show why a particular discovery request is improper." *McGrath*, 625 F. Supp. 2d at 670 (citation omitted). "The objecting party must show with specificity that the request is improper." *Id.* (citation omitted). "That burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id.* (citation omitted). Defendants provided no response to this argument, let alone satisfy their burden of showing with specificity what requests are improper. Defendants have thus waived any objections to the Discovery Requests, including their new assertion that "[m]any of the contested Responses referenced in Plaintiff's Second Motion to Compel should have been propounded to Defendants in the form of Interrogatories or asked during depositions." Dkt. 49, at 10.

### b. Plaintiff properly filed a Second Motion to Compel to address a different set of Discovery Requests.

Defendants make the frivolous argument that Plaintiff is seeking "additional bites of the proverbial apple" by filing this Second Motion to Compel and the Motion For Leave to File Supplemental Brief in Support of the Motion to Compel while the original Motion to Compel remains pending. Dkt. 49, at 9. Defendants apparently object to the proposed supplemental brief, claiming it references the "same discovery" at issue in this Second Motion to Compel. *Id.* Defendants thus argue that "Plaintiff is asking the Court to simultaneously consider two separate motions to compel and to grant them fees on the same discovery it alleges is deficient." *Id.* But Defendants provide no legal authority for the alleged impropriety of Plaintiff's Second Motion to Compel. *Warner*, 880 F. Supp. 2d at 945 (quoting *Lanzotti*, 205 F.3d at 957) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). And Defendants acknowledge that the original Motion to Compel concerns a different set of

discovery requests from the Second Motion to Compel. Dkt. 49, at 9. Specifically, the original Motion to Compel concerns Plaintiff's First Set of Requests for Production and First Set of Interrogatories to Defendant Noah's Arcade, LLC d/b/a Full Tilt, while the Second Motion to Compel concerns Plaintiff's First Set of Requests for Production on Defendant Ben Konowitz, First Set of Requests for Production on Defendant Ryan Hart, and its Second Set of Requests for Production on Defendant Noah's Arcade, LLC. Plaintiff properly filed the Second Motion to Compel about a separate set of Discovery Requests. *See MercAsia USA, Ltd. v. Jianqing Zhu*, No. 3:17-CV-718-JD-MGG, 2021 WL 777852, at *1 (N.D. Ind. Mar. 1, 2021) (Gotsch, J.) (resolving two motions to compel about two sets of discovery requests). And if the proposed supplemental brief references the "same discovery," it is only because Defendants have produced the same insufficient documents in response to this second set of Discovery requests.

### c. Defendants continue to misconstrue the duty of "supplementation."

Defendants claim this Motion to Compel is inappropriate because "Defendants have not failed to respond to Plaintiff's discovery requests and have supplemented their responses numerous times." Dkt. 49, at 8. "Additionally, Defendants have communicated to Plaintiff that it will continue to supplement their responses and are working with an outside source to produce ESI documents in the format requested by Plaintiff." *Id.* These arguments are objectively unreasonable.

Defendants continue to misconstrue the duty of supplementation, despite Plaintiff's refutation of this exact same argument in support of the original Motion to Compel. Rule 26(e)'s duty to supplement does not mean Defendants are allowed to produce relevant discovery on their own laggard timeline; it means that once Defendants learn their prior discovery responses are "in some material respect incomplete or incorrect," they have a duty to supplement with the new information. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010). Indeed, Rule 26(e)

"presumes that proper formal, *complete* and sworn answers had been previously served." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (emphasis added). Defendants have never served *complete* responses to these Discovery Requests, yet they continue to assert that both Motions to Compel should be denied because Defendants continue to "supplement" with documents that should have been produced at the outset. *See* Dkt. 37, at 3-4; Dkt. 49, at 8, 11. Based on their conduct and repeated assertion of this frivolous argument, Defendants are willfully choosing to misunderstand the requirements of Rule 26(e).

### d. Defendants contradict their past claims about ESI production.

Despite the ESI Protocol agreed upon by the parties in November and ordered by the Court in December, Defendants have refused to produce any responsive electronically stored information (ESI) throughout discovery. Plaintiff has also repeatedly discussed this obligation with Defendants. Yet in response to the original Motion to Compel, Defendants disputed Plaintiff's claim that Defendant Full Tilt failed to produce ESI and argued it "provided all information that it has in its possession, all information that is in its custody, and all information that is under its control." Dkt. 37, at 5.

In their filings on August 7, Defendants now claim they have finally retained an ESI vendor to collect the responsive ESI and will "supplement" their Discovery Responses. Dkt. 49, at 9. Defendants description of this as an "extra step" to supply documents in the format Plaintiff has "requested" directly contradicts the ESI Protocol agreed upon by the parties in November and ordered by the Court in December. Dkt. 48, at 5. Defendants must produce ESI from the outset. Rather than request extensions to accommodate the hiring of an ESI vendor, Defendants have continued to claim they did not have ESI in their possession, custody, or control, including in

filings to this Court. And now Defendants point to their hiring of an ESI vendor as a reason to *deny* the Second Motion to Compel.

Defendants have been inattentive to their obligations throughout this litigation, and needlessly increased the costs for Plaintiff to obtain the discovery it is entitled to.

### e. Plaintiff has never asked Defendants to "create" documents; Defendants have just failed to produce relevant information.

Defendants recycle another frivolous argument from the original Motion to Compel and claim Plaintiff is again "demanding that Defendants fabricate or create documents in response to Plaintiff's requests." Dkt. 49, at 11. Defendants similarly claim that a Motion to Compel is inappropriate because they "have not provided evasive or incomplete responses," Plaintiff just "refuses to accept Defendants' responses and continually harangues the Defendants to provide different responses." *Id.* at 9. Given the dearth of Defendants' discovery responses, Plaintiff was validly incredulous that Defendants had no additional responsive documents, and Defendants' argument has been proven to be objectively unreasonable.

In response to Plaintiff's First Set of Requests for Production to Defendant Full Tilt, it claimed there were no documents about "any planned or future development of any goods or services in connection with the Challenged Mark." Dkt. 36-8, at 4. In the Discovery Requests at hand, Plaintiff asked all three Defendants for documents about "any strategic planning" about the business model, including, but not limited to, target customer profiles and estimated geographic reach of the business, and Defendants produced a single document: a screenshot of their business Facebook page. Defendants now argue:

> While Plaintiff may believe that strategic planning and a business model are required to operate a business and may do so in its own business, Defendants are not required to do so nor are they required to create these documents to respond to the request. Defendants' responses that they do not possess the requested documents are sufficient.

6

Dkt. 49, at 10. Yet on July 31, 2024, the City of LaPorte Redevelopment Commission approved a Development Agreement with Defendant Full Tilt for a $10 million, 33,000-square-foot family fun center submitted by Defendants Ben Konowitz and Ryan Hart. *See* Exs. 1, 2, & 3. "The facility would include space for arcade games, pinball machines, bowling lanes, outdoor and indoor miniature golf, a laser tag course and virtual darts." Ex. 2. In interviews, the Executive Director of the LaPorte Economic Advancement Partnership stated he has "no doubt this will become a location that serves a *much wider market* than just LaPorte." Ex. 3 (emphasis added).

Defendants never produced a single ounce of information about their expansion of their business, especially as they will now offer *identical services* as Plaintiff. Instead, they have accused Plaintiff of "demanding that Defendants fabricate or create documents in response to Plaintiff's requests." Dkt. 49, at 11. This expansion could not have happened overnight, and Defendants have likely possessed relevant documents throughout the discovery process that they have intentionally withheld from Plaintiff, all while accusing Plaintiff of bad faith.

## II.   Plaintiff conferred in good faith with Defendants before filing this Motion to Compel.

Defendants admit they discussed and agreed to supplement their deficient discovery responses during a telephonic conference with Plaintiff's counsel on July 10. Dkt. 49, at 3. Nonetheless, Defendants claim "Plaintiff's Rule 37-1 Certification is at best inaccurate" because the telephonic conference was originally scheduled to discuss a different discovery dispute, and Plaintiff's counsel did not convey on the call that the purpose of their discussion was to comply with Rule 37. *Id.* at 11. Defendants have no support for their imposition of these duties on Plaintiff. Rule 37 focuses on whether the parties engaged in meaningful communications about the discovery dispute before involving the Court. Defendants' arguments provide no basis for either the denial of this Motion to Compel nor an award of their expenses in defending against it.

### a. Defendants misconstrue Federal Rule of Civil Procedure 37's requirements.

Neither the Federal Rules of Civil Procedure nor the Local Rules require a meet and confer to be scheduled in isolation from any other topics of discussion or that counsel formally cite Rule 37 before discussing discovery issues. Indeed, Defendants provide no case law to support either of these propositions. *Warner*, 880 F. Supp. 2d at 945 (quoting *Lanzotti*, 205 F.3d at 957) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Federal Rule of Civil Procedure 37(a)(1) only requires a motion to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." And Local Rule 37-1(a) adds the requirement that the party files a "separate certification" which states "(1) the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference." "Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1) and Local Rule 37.1." *Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs., Inc.*, 2022 WL 21697161, at *11 (N.D. Ind. Apr. 28, 2022).

As this Court has explained: "What matters isn't so much the number of letters or phone calls, but whether, in context, the effort gives off the aroma of a sincere attempt to work things out." *Vargas v. Lake Cnty. Police Dep't*, 2015 WL 3439234, at *1 (N.D. Ind. May 28, 2015). Though the fact-specific inquiry lends itself to few bright-line rules, this Court has repeatedly held that "a single email does not constitute an attempt to confer in good faith." *Est. of Klingaman v. Noble Cnty. Sheriff*, 2021 WL 542457, at *1 (N.D. Ind. Jan. 29, 2021) (collecting cases). Even "several correspondences may fail to meet Rule 37's standard if the court determines that the correspondences were not genuine two-way communications involving a meaningful dialogue." *Hinchman v. Gen. Motors, LLC*, 2020 WL 4218506, at *2 (N.D. Ind. July 23, 2020). To satisfy a

"good faith" conferral, the "communication specifically must address the conflict and appear to involve meaningful negotiations." *Id.*

Plaintiff satisfied the "good faith" conferral requirements of Federal Rule of Civil Procedure 37 and Local Rule 37-1. After Defendants' deadline to respond to the Discovery Requests came and went with no response, Plaintiff's counsel reached out on June 18, advising:

> Again, no responses were received from any of the defendants, and no request to extend the time to respond by any of the defendants was received. Therefore, all objections to the form of the Document Requests have been waived and we expect full responses by Friday, June 20th.

Dkt. 44-5. Defendants produced their responses to the Discovery Requests later that day. On June 28, Plaintiff's counsel sent Defendants a discovery deficiency letter, detailing how the "vast majority of documents produced are nonresponsive, and Defendants have utterly failed to produce any responsive ESI." Dkt. 44-8, at 1. Plaintiff's counsel concluded by advising: "If your client is unable or unwilling to supplement all these deficient responses by July 10, 2024, please provide your availability to *meet and confer* on this issue." Dkt. 44-9, at 3 (emphasis added).

During this same time, the parties were working through a dispute about Defendants' deposition topics for Plaintiff's corporate representative. After several letters back and forth, Plaintiff's counsel asked Defendants' counsel to discuss the deposition issues over the phone. As Defendants admit, the parties also discussed Defendants' discovery responses during this telephonic conference on July 10, and Defendants agreed to supplement them. Dkt. 49, at 3. Defendants' letter from July 15th—which opens by saying it is "in response to our recent telephonic conversation regarding supplemental discovery responses"—confirms this discussion. Dkt. 44-10, at 2. Defendants' letter concluded by advising: "We are continuing to work with our clients regarding additional supplementation and will supplement as necessary." *Id.* After waiting several

9

more weeks for any more supplementation, Plaintiff had no other option but to file this Motion to Compel before the Scheduling Order's deadline expired.

Yet Defendants claim "Plaintiff certifie[d] that the telephonic conference was *scheduled* to 'discuss the concerns with Defendant's responses,'" when the telephonic conference was "actually scheduled to discuss the pending 30(b)(6) deposition of Plaintiff's agent." Dkt. 49, at 2 (emphasis added). But Plaintiff's Certification never mentions why the telephonic conference was originally scheduled. Instead, Plaintiff certified the details relevant for this Motion to Compel—*i.e.*, the parties discussed concerns with Defendants' discovery responses over the phone, and Defendants agreed to supplement the deficient responses but as of the filing of this motion, Defendants had not completely supplemented. Dkt. 43-1, at 2. Under Defendants' arguments, Plaintiff apparently should have scheduled two separate telephonic conferences, and formally announced the discrete purposes of each. But Defendants have no support for such an inefficient and ceremonial approach. Defendants did not object to discussing both discovery disputes in the same phone call on July 10th, nor in their letter from July 15th which confirmed the parties' "recent telephonic conversation regarding supplemental discovery responses." Dkt. 44-10, at 2. Taken all together, the good-faith conferral requirement was satisfied by the parties' two-way communications that specifically addressed the discovery conflict, and involved meaningful negotiations. *Hinchman*, 2020 WL 4218506 at *2.

### b. Defendants—not Plaintiff—have acted with a lack of good faith.

Finally, Defendants make the frivolous claim that Plaintiff has exhibited a lack of good-faith participation in the discovery process by alleging deficiencies "without establishing how they are deficient … implying Defendants are being untruthful in their responses; and demanding that Defendants fabricate or create documents in response to Plaintiff's requests." Defendants argue

10

they deserve an award of reasonable expenses they have incurred in defending this motion based on Plaintiff's actions. But Defendants agreed their responses were deficient because they agreed to supplement them, and finally retain an ESI vendor. And Plaintiff did not file this Motion to Compel after its first email about Defendants' missed deadline, nor after its June 28th letter that detailed all the deficiencies with the Discovery Responses. Plaintiff also did not file this Motion to Dismiss after the parties discussed these issues over the phone, and negotiated Defendants supplementing all the deficiencies that Plaintiff had detailed. Plaintiff did not even file this Motion after Defendants' insufficient supplementation and letter on July 15th. Because Defendants had advised they were working on more supplementation, Plaintiff waited another *two weeks* and only filed this Motion to Compel on the last possible day it was allowed to under the Court's Scheduling Order.

Plaintiff conferred with Defendants in good faith, and relied in good faith on Defendants' agreement to remedy the identified deficiencies. Only after Defendants failed to fulfill their promises did Plaintiff involve the Court, and even then, it waited until the last possible day.

## Conclusion

Plaintiff respectfully requests that this Court grant its Second Motion to Compel. If the Court grants this motion, Plaintiff requests that the Court set the matter of its fees for a hearing, briefing schedule, or both.

Dated: August 14, 2024

Respectfully submitted,

*/s/Bradley J. Walz*
Bradley J. Walz, pro hac vice
TAFT STETTINIUS & HOLLISTER, LLP
220 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

Jonathan G. Polak, 21954-49
Vivek R. Hadley, 36260-5
Christine A. Walsh, 36444-45
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: (317) 713-3500
Facsimile: (317) 713-3699
Email: jpolak@taftlaw.com
cwalsh@taftlaw.com

*Attorneys for Plaintiff Nickels and Dimes Incorporated*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was electronically filed and served upon the following counsel of record, on August 14, 2024.

*/s/Bradley J. Walz*

Eric M. Wilkins
Lyle R. Hardman
HUNT SUEDHOFF KEARNEY LLP
803 Calhoun Street, Suite 900
P.O. Box 4156
Fort Wayne, Indiana 46858
Phone: (260) 423-1311
Facsimile: (260) 424-5396
Email: ewilkins@hsk-law.com
lhardman@hsk-law.com