**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| Nickels and Dimes Incorporated, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-CV-699-CCB-SJF |
| | ) | |
| Noah's Arcade, LLC d/b/a Full Tilt, | ) | |
| Ben Konowitz, and Ryan Hart, | ) | |
| | ) | |
| *Defendants*. | ) | |

## REPLY IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER

Noah's Arcade, LLC d/b/a Full Tilt, Ben Konowitz, and Ryan Hart's (collectively "Defendants") response to Nickels and Dimes Incorporated's ("Plaintiff") Motion to Amend the Scheduling Order (the "Motion") fails to refute that good cause does not exist to amend the scheduling order, contains more examples of Defendants' refusal to abide by this Court's rules and failure to review the pleadings in this case, and contains demonstrably false statements. These are the common threads through all the motions currently pending before the Court.

In Defendants' Motion to Amend, Defendants' admitted that its counsel failed to read the Answer after making their appearance in this case and admitted to filing their Motion to Amend after the deadline to amend their pleadings and the close of fact discovery. [Dkt. 41, at 6.] With respect to the Motions to Compel, Defendants responded to Plaintiff's interrogatories and document requests after the required deadlines, never sought extensions to respond, and wrongly interpret their supplementation obligation as authority to produce documents and information at their leisure. Defendants' response to the Motion reveals the same themes as these other motions; namely, they do not need to follow the rules and can take action on their own timetable.

1

Additionally, Defendants' do not refute that good cause exists to amend the scheduling order as outlined in Plaintiff's Motion under the present circumstances in this case. Nor have Defendants' established that good cause exists to re-open fact discovery. Instead, Defendants unbelievably ask the Court for special treatment *because* they did not follow the Court's rules and did not become competent with this case. Plaintiff respectfully requests that the Court grant its Motion and deny Defendants' alternate request to re-open the fact discovery period.

## I.      Plaintiff's Motion is Not a Vehicle for a Third Motion to Compel

Plaintiff's good cause for amending the scheduling order is clear:  (1) its two motions to compel are pending; (2) Defendants have not supplemented their discovery responses as required by the scheduling order; (3) Plaintiff told Defendants in May 2024 that it needed full production of the documents requested before it could depose Defendants; and (4) Defendants stipulated that these depositions could occur after the close of fact discovery. There is nothing in Plaintiff's Motion that rises to the level of a motion to compel. Instead, Defendants improperly seized this opportunity to submit a sur-reply in support of their opposition to Plaintiff's motions to compel, which in large part re-iterates the meritless arguments contained in their responses to Plaintiff's motions to compel.

However, what is important are the additional admissions about their counsel's failure to become competent with the case. Defendant Noah's Arcade served its answers to interrogatories and responses to requests for documents on March 11, 2024. [Walz Decl. at ¶ 2] Defendants admit that "Defendants current counsel . . . *failed to consult the Scheduling Order* when producing Defendants' discovery responses." [Dkt. 55, at 7 (emphasis added)] The Scheduling Order includes the protocol for producing ESI and, on May 1, 2024, Plaintiff sent Defendants a letter that specifically addressed the production of ESI. [Walz Decl. at ¶ 3].

Defendants argued "[o]nce Defendants' counsel learned of the ESI requirements in the Scheduling Order, Defendants entered into a contractual arrangement with a third-party provider to prepare and produce the discovery in the proper format." [Dkt No. 55, at 7] Defendants' retained Scenario Seventy Seven LLC ("Scenario 77") to "prepare and produce the discovery in the proper format" *on August 26, 2024*. [Dkt. 55-2, at 2 (emphasis added)] Despite Plaintiff discussing ESI with Defendants new counsel at least as early as May 1, 2024, Defendants' new counsel did not review the Scheduling Order to learn of the ESI requirements for 118 days later. [*Compare id. with* Walz Decl. at ¶ 2] This delay is inexcusable.

Additionally, the Contract for HSK ESI Data identifies the deliverables to include: (1) Meta Data, (2) OPT File Format, and (3) DAT File Format, and includes the parties ESI Protocol from the Scheduling Order as Exhibit A. [Dkt 55-2, at 3, 11-15] Defendants do not dispute that they produced *only native files* of the electronic documents despite the ESI Protocol specifically requiring a data file and load file and Scenario 77 delivering these files to Defendants. This is yet another example of Defendants intentional withholding of responsive information from Plaintiff, and their claims that they have nothing more to produce to Plaintiff are demonstrably false.

Finally, Defendants represented to the Court that "Defendants have supplemented their discovery responses on at least *eight* occasions . . . ." [Dkt. No. 55, at 3 (emphasis added)] This representation is also demonstrably false. In total, Defendants have supplemented their deficient discovery responses only five times, including the purported ESI supplementation on September 20, 2024:

- 4/12/24
- 6/18/24
- 7/9/24
- 7/15/24

[Walz Decl. at ¶ 4] The fact that Defendants have supplemented their discovery responses five times strongly suggests that Defendants failed to completely respond to Plaintiff's discovery responses in the first instance. What Defendants call "supplementation" is actually the rolling production of documents and information that should have been produced with their respective initial answers and responses.

## II. Plaintiff's Deposition Notices are not Admissions that the Scheduling Order Should Not be Amended.

Plaintiff is aware of and respects the deadline the Court established for the close of all discovery. Plaintiff noticed the depositions because Defendants' counsel refused to execute the joint motion to amend the scheduling order that he initially agreed to. If Defendants honored their initial commitment, Plaintiff would not have noticed these depositions and would have waited to notice the depositions until after receiving the Court's decision on the motions to compel. Plaintiff has been very clear of its intentions to take Defendants' depositions and of its intention to request the Court to require Defendants' to sit for depositions a second time if forced to take the depositions before January 20, 2025 and before the Court decides the motions to compel. What was clearly the result of Defendants' backing out of an agreement is not the alleged "gotcha" moment that Defendants portray it to be.

## III. The Draft Joint Stipulation to Amend the Scheduling Order Could Never be Construed as an Admission Against Defendants.

Defendants argued that the reason they did not sign the draft Joint Stipulation, despite agreeing to the material terms, is that the "language could . . . be construed as an admission by Defendants that their discovery responses were not complete." [Dkt No. 55. at 9] This argument is ridiculous. Paragraph 5 of the draft Joint Stipulation specifically identifies the reason for the amendment, which is to give the Court more time to decide the pending motions to compel. [Dkt.

4

No. 55-4, at 7] Paragraph 5 also stated "the parties agree that *should* the Court grant Plaintiff's Motions to Compel . . ." clearly indicating the possibility that the Court could deny Plaintiff's motions to compel. [*Id.*] There is no language in the drat Joint Stipulation that could be construed as an admission against Defendant.

### IV. Plaintiff Has Complied with All of the Court's Rules

Defendants erroneously argue that Plaintiff has not complied with the Court's scheduling order because it has not supplemented its Initial Disclosures nor produced any documents as part of its Initial Disclosures. First, Plaintiff is not obligated to produce documents as part of its Initial Disclosures. "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: *** (ii) a copy—*or a description by category* and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. Proc. 26(a)(1)(A)(ii). Defendants admit that Plaintiff has provided a description by category of the documents is has in its possession that it *may use* to support its claims; thus, Plaintiff has complied with the rules. [Dkt. No. 55, at 11] Second, the description by category of the documents Plaintiff may use to support its claims has not changed making supplementation inapplicable. Unlike Defendants, Plaintiff has always and continues to comply with the Court's rules.

### V. The Parties Selected a Mediator on January 9, 2024

In another example of Defendants' new counsels failure to become competent with this case, Defendants' argued:

> The Scheduling Order required the parties to name a mediator by December 29, 2023. (Dkt. 21). When the parties failed to do so, the

> Court issued an order dated January 2, 2024, warning that the deadline had passed and informing the parties that the Court would name a mediator if the parties did not select one by January 12, 2024. (Dkt. 26) *The parties did not select a mediator and, due to the change of judge, the Court has not taken further action.*

[Dkt. No. 55, at 13 (emphasis added)] On January 9, 2024, Defendants' prior counsel – Nicholas T. Otis – filed with the Court the Notice of Selection of Mediator. [Dkt. No. 27] The Notice stated "counsel for all parties have agreed to the selection of John D. LaDue of SouthBank Legal as mediator in this case." [*Id*.] Defendants' argument that the reason the parties had not selected a mediator was due to the re-assignment of this case is false.

## VI.    Defendants Did Not Timely Serve Their Written Discovery.

In yet another example of Defendants not following the Court's rules, Defendants ask the Court to re-open fact discovery without establishing good cause. The Scheduling Order clearly stated "[a]ll discovery other than depositions must be initiated *at least forty-five days before* the discovery deadline." [Dkt. No. 21, at 5 (emphasis added)] The deadline for completion of fact discovery was July 1, 2024. [*Id.* at 2] Therefore, the last day a party could serve written discovery in this case was May 17, 2024.

Defendants Noah's Arcade, LLC and Ben Konowitz served their first set of written discovery on Plaintiff on May 21, 2024. [Ex. D] This is a four day delay not three days as falsely represented by Defendants. [Dkt. No. 55, at 14] Defendants did not move immediately to amend the scheduling order to re-open discovery after their untimely service instead they waited seven months to request this alternate relief.

Like Defendant's failure to establish good cause to amend the scheduling order to allow for the amendment of their Answer, Defendants failed to establish good cause to amend the scheduling order to re-open fact discovery. Defendants did not establish that despite their diligence

6

in pursuing written discovery they were unable to meet the May 17, 2024 deadline. In fact, Defendants provide no reason why they were unable to meet the May 17, 2024 deadline. Rather, they argue that they "erroneously failed to serve timely discovery by three days." [Dkt. 55, at 14] The Court's rules matter and are not suggestions for Defendants to follow if they feel like it. Therefore, Plaintiff respectfully requests that the Court deny Defendants' request for alternate relief to re-open fact discovery.

Good cause exists to amend the Scheduling Order to allow the Court more time to decide the pending motions to compel. Good cause does not exist to amend the Scheduling Order to re-open fact discovery. The parties stipulated that depositions could be noticed and taken after the deadline to complete fact discovery. Plaintiff has complied with the Court's rules whereas Defendants have demonstrated a consistent pattern of not complying with the Court's rules. Therefore, Plaintiff respectfully requests that the Court grant its Motion and deny Defendants the alternative relief they requested in their response.

Dated: December 23, 2024

Respectfully submitted,

*/s/Bradley J. Walz*
Bradley J. Walz, *pro hac vice*
TAFT STETTINIUS & HOLLISTER, LLP
220 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

Jonathan G. Polak, 21954-49
Vivek R. Hadley, 32620-53
Christine A. Walsh, 36444-45
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: (317) 713-3500
Facsimile: (317) 713-3699

Email: jpolak@taftlaw.com
vhadley@taftlaw.com
cwalsh@taftlaw.com

*Attorneys for Plaintiff Nickels and Dimes Incorporated*

8

## CERTIFICATE OF SERVICE

I, Bradley J. Walz, do hereby certify that I have this day electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification to all counsel of record.

Dated: December 23, 2024

/s/ Bradley J. Walz
Bradley J. Walz