## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| NICKELS AND DIMES INCORPORATED, | |
| Plaintiff, | |
| v. | CASE NO. 3:23-CV-699-CCB-SJF |
| NOAH'S ARCADE, LLC, et al., | |
| Defendants. | |

### OPINION and ORDER

Plaintiff Nickels and Dimes, Incorporated filed this case against Noah's Arcade LLC (d/b/a Full Tilt) (hereinafter "Full Tilt") on July 25, 2023. Plaintiff also named the co-managers of Full Tilt, Ben Konowitz and Ryan Hart, as defendants. Plaintiff's operative amended complaint [DE 10] alleges that Defendants infringed on Plaintiff's federally registered service marks TILT and TILT STUDIO through Defendants' unauthorized use of the mark FULL TILT in their marketing, advertising, promotion, offering for sale and sale of arcade services.

Several motions are pending and ripe before the Court: (1) Plaintiff's Motion to Compel Discovery [DE 35], to which Plaintiff also seeks to file a Supplemental Brief in Support [DE 42]; (2) Defendants' Motion Seeking Leave to File an Amended Answer to Correct Error [DE 39]; (3) Plaintiff's Second Motion to Compel Discovery [DE 43]; and (4) Plaintiff's Motion to Amend/Correct the Scheduling Order [DE 53].

The Court begins with Defendants' motion to amend their answer.

## I.    Defendants' Motion Seeking Leave to File an Amended Answer [DE 39]

Plaintiff filed its original complaint on July 25, 2023, and amended its complaint on September 5, 2023, before Defendants answered the original complaint. [*See* DE 10]. Defendants answered the amended complaint on September 26, 2023. [DE 11]. At the time of their Answer, Defendants were represented by counsel Nicholas Otis. [*See* DE 5].

After Defendants filed their answer, the Court entered its Rule 16(b) Scheduling Order on December 5, 2023, which set the following deadline regarding the parties' timeframe to make any amendments to their pleadings:

> 2. Amendment of Pleadings. The last date for the parties to amend the pleadings without leave of court is **April 19, 2024.** Thereafter, any amendments to the pleadings must be by motion and leave of court.

[DE 21 at 2 (emphasis in original)]. About a month after the Court entered this Scheduling Order — on January 18, 2025 — Attorney Otis withdrew from this case. Attorneys Lyle Hardman and Eric Wilkins of the law firm Hunt Suedhoff Kearney LLP had entered their appearance for Defendants two days before Attorney Otis' withdrawal. [DEs 28-30].

Defendants then sought leave to file an amended answer on July 10, 2024 — about three months after the Court's deadline to amend without leave and six months after their current counsel appeared in the case. [DE 28, DE 29]. Through their motion, Defendants ask to amend their answer to just one paragraph of Plaintiff's Amended Complaint: their Answer to ¶ 41. Paragraph 41, and Defendants' Answer to it, currently states:

41. Mr. Hart falsely declared in the FULL TILT (in standard characters) and FULL TILT & Design applications that "to the best of signatory's knowledge and belief, no other person, except, if applicable, concurrent users, have the right to use the [FULL TILT (in standard characters) and FULL TILT & Design marks] in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

**ANSWER: Defendants admit the material allegations set for[th] in paragraph 41 of Plaintiff's Amended Complaint.**

[DE 11 at 15-16 (emphasis in original)]. Defendants explain that this admission to ¶ 41

"was a clearly a scrivener's error" by their former counsel, maintaining that their

response should have been a denial. [DE 40 at 4]. In support, Defendants direct the

Court to their answers to later paragraphs[1] of the amended complaint, which state:

42. Upon information and belief, Mr. Hart made his false declaration to the United States Patent and Trademark Office ("USPTO") intending to mislead the USPTO in order to obtain a federal service mark registration to which Defendant Noah's Arcade, LLC d/b/a Full Tilt is not entitled.

**ANSWER: Defendants deny the material allegations set for[th] in paragraph 42 of Plaintiff's Amended Complaint.**

43. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' arcade services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' arcade services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

**ANSWER: Defendants deny the material allegations set for[th] in paragraph 43 of Plaintiff's Amended Complaint.**

Defendants seek leave to correct their answer to ¶ 41 because their answer as written

conflicts with other answers and is considered a binding judicial admission. Defendants

also maintain that allowing them to amend their answer would not unfairly surprise or

---

[1] Defendants also mention, in at least one portion of their supporting brief, their denial in response to Plaintiff's ¶ 43. [*See* DE 40 at 4]. But in other places, including Defendants' reply and Defendants' counsel's affidavit [DE 40-1], Defendants refer the Court to their answer to ¶ 42, not ¶ 43, to show that they intended to deny ¶ 41. For the sake of clarity, the Court is mentioning Defendants' answer to both ¶¶ 42 and 43 here.

prejudice Plaintiff because no depositions had been taken as of the date of their motion. Defendants also contend that there was no undue delay or bad faith, as their motion was filed shortly after their counsel learned of this issue. Defendants explain that Plaintiff's counsel mentioned the admission to ¶ 41 as part of a settlement demand tendered on July 1, 2024. This prompted Defendants' counsel to "first look[] at the Answer in this matter" and file the instant motion nine days later. [DE 40 at 4].

In response, Plaintiff contends that Defendants' motion should be denied on several fronts. First, because Defendants' motion was filed three months after the Court set the deadline for amendments in its Rule 16(b) Scheduling Order, Plaintiff contends that Defendants must meet the heightened good cause standard of Rule 16(b)(4). Plaintiff maintains that Defendants have failed to meet this burden. Next, Plaintiff contends that the admission filed at ¶ 41 was a knowing admission by Defendants and not a scrivener's error. In support, Plaintiff explains that Defendant Ryan Hart signed the first application for the marks after receiving Plaintiff's demand letter and two days after Plaintiff began this lawsuit. [DE 41 at 10]. Plaintiff also contends that Defendants' denials in ¶¶42-43 do not make it apparent that this was a scrivener's error, as Defendants' admission in ¶ 41 tracks with their admission in ¶ 40:

> 40. Ryan Hart signed the applications for the FULL TILT (in standard characters) and FULL TILT & Design applications. Attached hereto as Exhibits 10 and 11 are true and correct copies of the service mark applications for the FULL TILT (in standard characters) and FULL TILT & Design marks from the TSDR.
>
> **ANSWER: Defendants admit the material allegations set for in paragraph 40 of Plaintiff's Amended Complaint.**

Plaintiff thus maintains that the motion should be denied under Fed. R. Civ. P. 15(a)(2) because of Defendant's undue delay in filing the motion and the prejudice the amendment would cause Plaintiff.

As argued by Plaintiff, motions to amend pleadings can be a two-step process. Generally, Fed. R. Civ. P. 15(a)(2) governs and provides that leave to amend a pleading shall be freely given when justice so requires. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see also Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011). However, when a court's Rule 16(b) scheduling order includes a deadline for filing amended pleadings, the Rule 16(b)(4) standard for modifying a scheduling order may need to be applied before the Rule 15(a)(2) requirements are considered. *Alioto,* 651 F.3d at 719. Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard of Rule 16 "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005). Good cause exists when a movant shows that "despite [her] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Once good cause is established, the court can then turn to evaluating a request to amended pleadings consistent with the standards set forth in Rule 15(a)(2).

Thus, the Court first considers Rule 16(b)(4) here. Plaintiff argues that the Rule 16(b)(4) good cause standard applies because the deadline that the Court established for the amendment of pleadings passed on April 19, 2024, almost three months before Defendants filed their instant Motion. Contrary to Plaintiff's assertion, however, the

good cause standard is not implicated here. The Court did not set a final deadline for the amendment of pleadings in its Rule 16(b) Scheduling Order even though the parties proposed such an absolute deadline in their Report of Rule 26(f) Parties' Planning Meeting. [*See* DE 20 at 4]. Instead, the Scheduling Order stated:

> 2. Amendment of Pleadings. The last date for the parties to amend the pleadings *without leave of court* is April 19, 2024. Thereafter, any amendments to the pleadings must be by motion and leave of court.

[DE 18 at 2 (emphasis added)]. As a result, while the Court limited the time within which the parties could amend their pleadings without seeking leave, the Court did not put any time limit on when a party could seek leave of Court to amend a pleading. Therefore, Defendants' instant motion is timely and must only satisfy the requirements of Fed. R. Civ. P. 15(a)(2) under the Court's Scheduling Order.

Accordingly, the Court now considers the motion under Fed. R. Civ. P. 15(a)(2). Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." Still, a court may deny leave " where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the [opposing party], or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178 (1962); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). Plaintiff contends that Defendants' motion should be denied under Fed. R. Civ. P. 15(a)(2) because of Defendants' undue delay in seeking the requested amendment and because of the undue prejudice to Plaintiff.

Delay alone is usually not sufficient to deny a motion for leave to amend. *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (quoting *Adams v. City of Indianapolis*, 742 F.3d

720, 734 (7th Cir. 2014) and calling the Rule 15 amendment standard "generous"); *see also* *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343 (7th Cir. 2015). But a delay can cause undue prejudice when a party "change[s] one of its critical legal theories at the eleventh hour in a way that the other side could not have foreseen." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). On this point, Plaintiff contends that they have relied on Defendants' Answer to ¶ 41 throughout the fact discovery period and, accordingly, have refrained from seeking specific discovery on this issue. Plaintiff maintains that since fact discovery has since closed, it has no opportunity to seek other discovery at this stage of the case.

But the Court cannot agree that the amendment results from undue delay or will result in undue prejudice to Plaintiff here. From the start, Defendants' Answers to ¶ 41 and ¶ 42 are plainly inconsistent, as Defendants seemingly admit to a false declaration in ¶ 41 but then deny that a false declaration was made to mislead the USPTO in ¶ 42. As observed by another court in this circuit, an inconsistency or a "surprising admission of liability on an important point" like the one made here should have prompted communication between the parties or to the Court. *Moore v. Hunt*, No. 14-CV-1101-JPS, 2015 WL 2402024, at *3 (E.D. Wis. May 20, 2015). Plaintiff suggests that it did not view this as an inconsistency because the admission in ¶ 41 tracks with Defendants' admission in ¶ 40. [DE 41 at 11]. But the Court cannot agree. Defendants' admission in ¶ 40 is that Defendant Ryan Hart signed the service mark applications, not that such a signature constituted a false statement. And though it is perplexing that Defendants' counsel did not "first look[]" at their Answer until July 1, 2024, Defendants did

promptly file the instant motion upon learning of their admission to ¶ 41. [DE 40 at 4].

Finally, Defendants also contend that they have denied liability throughout discovery

and that, even with the admission to ¶ 41 included in their answer, Plaintiff still sought,

and obtained, discovery on the applications. [DE 45 at 5-6]. To the extent that Plaintiff

needs additional discovery on this issue, the Court can afford it time to do so,

alleviating any potential prejudice caused by the amendment. *See id.*

This Court also prefers decisions on the merits. *See Foman v. Davis*, 371 U.S. 178,

181 (1962) (it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for

decisions on the merits to be avoided on the basis of such mere technicalities"); *see also*

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520

(7th Cir. 2015). Allowing this amendment would allow for full consideration and

briefing of the parties' claims. Accordingly, for all these reasons, the Court will grant

Defendants' motion to amend their answer over Plaintiff's objections.

The Court now considers Plaintiff's three discovery-related motions.

## II.    Plaintiff's Discovery-Related Motions

The Court's Rule 16(b) Scheduling Order entered on December 5, 2023, set the

following discovery-related deadlines:

> 3. Discovery Plan.
> The deadline for completion of fact discovery is July 1, 2024. Motions
> to compel must be filed by July 30, 2024.

Plaintiff has since timely filed three discovery-related motions: a Motion to Compel

discovery; a Motion to File a Supplemental Response in Support of the Motion to

Compel; and a Second Motion to Compel. Defendants contest all three filings.

Information is discoverable if it is nonprivileged, relevant to any claim or defense in the case, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). When an opposing party has failed to respond to discovery requests or has provided evasive or incomplete responses to requests, a party may move to compel. Fed. R. Civ. P. 37(a). Both of Plaintiff's motions to compel contend that Defendants belatedly responded to written discovery requests and that the responses ultimately produced were deficient. The Court begins by addressing Plaintiff's first motion to compel and the corresponding motion to supplement.

### A.    Plaintiff's First Motion to Compel and Motion to Supplement [DE 35, DE 42].

Plaintiff's first motion to compel pertains to Defendants' responses to Plaintiff's Rule 33 Interrogatories and Rule 34 Requests for Production propounded on December 20, 2023. Plaintiff contends that Defendants failed to respond these discovery requests for more than three months and that the responses first provided were deficient. Plaintiff contends that, even though Defendants agreed to supplement their responses, they failed to do so for another two months, prompting the instant motion to compel. Through its motion, Plaintiff specifically objects to Defendants' responses and supplemental responses to Interrogatory Nos. 2, 3, 6; and Requests for Production Nos. 2, 4, 5, 6, 10, 12, and 13. [DE 36 at 7-8].

On July 30, 2024—nearly two months after Plaintiff's motion was fully briefed and ripe for consideration—Plaintiff moved for leave to file a supplemental brief in support of its motion. Plaintiff sought leave to supplement its motion to compel to

report that Defendants have since "belatedly resolved" the deficiencies with their responses to Plaintiff's Requests for Production Nos. 12 and 13 and to note that Defendants subsequently agreed to supplement their responses to Plaintiff's Requests for Production Nos. 2, 5, and 6. [DE 42-1 at 2, 3]. Plaintiff also explains that Defendants produced limited screenshots (such as a screenshot of its Google Analytics report) in response to its Request for Production No. 4. [DE 42-1 at 2]. Plaintiff asks the Court to consider these updates in deciding Plaintiff's motion to compel. Defendants object, contending that Plaintiff fails to explain how this new information would help the Court, that they have been continuing to supplement discovery, and that the motion fails to meet the standard of a surreply. But, on reply, Plaintiff contends that the standard for surreplies does not apply to a motion to supplement and that the information provided in its proposed supplemental brief helps the Court.

As argued by the parties, the Court considers a motion for supplemental briefing based on "how helpful the new information will be in making a decision on the underlying motion." *Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009). Here, even though Defendants oppose the motion, their response in opposition also partially relies on the information presented in Plaintiff's supplemental brief. For instance, Defendants' response in opposition specifically highlights their continued supplementation of discovery and resolution of other alleged deficiencies, even reporting that they have "taken the extra step of contracting with an outside source to supply the documents in the format requested by Plaintiff." [DE 48 at 5]. Like Plaintiff contends, Defendants cannot have it both ways—either the Court considers Defendants' updated resolution

10

efforts, or it doesn't. Based on Defendants' response, Plaintiff's motion to supplement provides helpful new information about the parties' instant discovery dispute: it explains that certain disputes have been resolved or suggests that certain deficiencies will be addressed by additional supplementation. By considering this updated information, the Court no longer needs to substantively address certain disputes and can instead focus only on the responses that remain unresolved. Accordingly, the Court will grant Plaintiff's motion and consider the updated information provided in the supplemental brief.

As stated, both Plaintiff's supplemental brief and Defendants' response in opposition to the supplemental brief indicate that Defendants have resolved deficiencies in their prior responses or that Defendants are now supplementing prior responses. The Court addresses these responses first. Plaintiff reports that Defendants have resolved the deficiencies in their responses to Plaintiff's Request for Production Nos. 12 and 13. [*See* DE 42-1 at 2]. Defendants have also agreed to supplement their responses to Plaintiff's Requests for Documents Nos. 2, 5, 6. [*Id.* at 3]. Finally, Defendants subsequently produced screenshots of emails, but not all responsive emails, in response to Plaintiff's Request for Production No. 10. Defendants have also conveyed that they are now working with an outside company to provide documents in the requested format, which appears to resolve Plaintiff's outstanding concerns with this response. [*See* DE 48 at 5].

Accordingly, based on Plaintiff's report that Defendants have resolved Requests for Production Nos. 12 and 13, the motion to compel as to Requests for Production Nos.

12 and 13 is denied as a moot. Likewise, based on Defendants' agreement to provide

supplemental answers to Plaintiff's Requests for Documents Nos. 2, 5, 6., Plaintiffs'

motion to compel as to its Requests for Documents Nos. 2, 5, 6. is also denied as moot.

*See Romary Assocs., Inc. v. Kibbi LLC, No.* 1:10-CV-376, 2011 WL 4005346, at *2 (N.D. Ind.

Sept. 8, 2011) (internal citations omitted); *see also O'Connor v. Ford Motor Co.*, No. 19 C

5045, 2022 WL 21835650, at *2 (N.D. Ill. Dec. 9, 2022). Finally, the Court can only find

that Plaintiff's outstanding concerns with Defendants' response to its Request for

Production No. 10 are being resolved as part of Defendants' consultation with an

outside vendor. Accordingly, the Court will also deny Plaintiff's motion to compel as

moot as to Request for Production No. 10.

     The Court now turns to the outstanding disputes—Plaintiff's alleged deficiencies

with Defendants' responses to Plaintiff's Interrogatories Nos 2, 3, and 6, and

Defendant's response to Plaintiff's Request for Production No. 4.

     Defendants provided the responses below to Plaintiff's Interrogatories Nos. 2, 3,

and 6:

    **<u>Plaintiff's Interrogatory No. 2</u>**—Requested Defendant identify "all goods and
    services offered for sale … under or in connection with the Challenged Mark."

    **Defendants' Answer:** Full Tilt Arcade & Pinball is a physical location arcade
    located in La Porte, Indiana. The arcade includes various arcade games and
    pinball machines that are enjoyed by customers of all ages. From time to time,
    Full Tilt Arcade & Pinball acquires new arcade games and pinball machines, and
    in turn, sells older arcade games and pinball machines. Full Tilt Arcade & Pinball
    owners, Ryan Hart and Ben Konowitz, sell the arcade and pinball machines
    through their personal Facebook pages, Facebook Marketplace, or
    www.pinside.com. Additionally, Ryan Hart and Ben Konowitz have sold arcade
    games and pinball machines through an auction one time.

**Supplemental Answer:** The items identified previously in response to request for production #7 as "merchandise" utilize "Full Tilt." The categories are T-shirts, Hooded Sweatshirts, Can Koozie, lanyards, and staff t-shirts and hooded sweatshirts. The response to Ex. 7 contains the quantity ordered and the price of each item. Total value of all of the merchandise sold was $2,612.05. However, items were discounted in the amount of $397.18, for net sales of $2,214.87. Full Tilt does not keep a breakdown of the sales of each individual piece of merchandise, but rather in the "merchandise" category as a whole. (Plaintiff's Ex. A-16).

**Interrogatory No. 3—** Requested Defendant identify the inclusive dates of actual and planned used of the Challenged Marks in connection with each identified good and service offered, along with the specific date of first use of each mark for each good or service.

**Answer:** On or about June 8, 2022, through current. (Plaintiff's Ex. A-16).

**Interrogatory No. 6—** Requested Defendant describe "all channels of trade in the United States through which Defendant has offered for sale, sold, or provided or intends to offer for sale, sell, or provide goods or services under or in connection with the Challenged Mark."

**Answer:** Full Tilt Arcade & Pinball is a physical location arcade located in La Porte, Indiana. Customers must be physically present at the arcade in La Porte, Indiana to play arcade games and pinball. The owners of Full Tilt Arcade & Pinball infrequently sell old machines on their personal Facebook page. (Plaintiff's Ex. A-16).

[DE 37 at 5-12]. In their response brief, Defendants contend that these responses were complete and timely and that it need not create additional information or documents to respond to these interrogatories. But Plaintiff maintains that it is not asking for Defendants to create documents to respond to the interrogatories and that Defendants agreed to supplement their responses and have not done so.

From the start, the record suggests that Defendants never objected to the interrogatories because it would require them to create documents in response. Thus, the Court can only infer that Defendants have raised this argument for the first time in

its response in opposition to Plaintiff's Motion to Compel. As a result, this response is

typically considered waived. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 366

(N.D. Ill. 2005) ( The advisory committee's notes to the 1993 amendment to Rule 33 state

that the added language was intended to make clear that objections must be specifically

justified, and that unstated or untimely grounds for objection ordinarily are waived.").

Thus, the Court can only grant Plaintiff's motion as to these interrogatories.

Next, Defendants explain that it provided these responses to Plaintiff's RFP No.

4:

> **Request for Production No. 4**—Plaintiff requests documents "demonstrating the
> marketing channels through which Defendant has or has caused to be
> advertised, promoted, marketed, displayed, distributed, or sold, or plans or
> intends to advertise, promote, market, display distribute, or sell, either directly
> or through others, any goods or services under or in connection with the
> Challenged Mark, including but not limited to: the nature of the advertising, the
> frequency of the advertising, the cost associated with the advertising, the
> impressions of the advertising, the geographic regions of the advertising, and
> representative samples of each type of advertising."
>
> Response: See Exhibit 4.
>
> Supplemental Response: See Exhibit 4 and Supplemental Exhibit 4. (Plaintiff's
> Exhibit A-16). Defendant explains that Exhibit 4 attached to Full Tilt's original
> response included a copy of a screenshot of responsive text messages.
> Supplemental Exhibit 4 includes an invoice for Full Tilt's purchase of advertising
> on paper placemats at two restaurants.

Defendants' response brief adds that it has produced all information in its

possession, custody, and control. Defendants dispute that it should be ordered to

provide Google Analytics data for its advertising because that information is not in its

possession, custody, or control. But this response must also fail for two reasons.

First, the record before the Court suggests that Defendants never raised concerns that analytics data was not in their custody, control, or possession in their responses to Plaintiff. Thus, the objection would ordinarily be deemed waived. *See id*. Moreover, Plaintiff's supplemental response provides that Defendants subsequently produced additional screenshots, including a screenshot of its Google Analytics Report from an unidentified period. [*See* DE 42-1 at 2]. Based on this, the Court can only infer that this information is indeed within Defendants' possession, custody, and control. Accordingly, Plaintiff's motion to compel is granted as to Plaintiff's Request for Production No. 4.

For these reasons, Plaintiff's motion to compel is granted in part and denied as moot in part based on Defendants' belated productions and agreements to supplement. Still, consistent with the mandate set forth in Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." This remains true even though the Court denied part of Plaintiff's motion to compel as moot because of Defendants' belated disclosures and supplementations. Rule 37(a)(5)(A) also provides that "if the disclosure or requested discovery is provided after [a motion to compel] was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The rule thus

memorializes the "great operative principle . . . that the loser pays." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries . . . ." *Id.*

But "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party [to] obtain such an award." *Rehder v. KMM Corp.*, No. 122CV00419HABSLC, 2023 WL 5836605, at *2 (N.D. Ind. July 31, 2023) (internal citation omitted). Accordingly, Defendants are ordered to file a brief, addressing whether their or their counsel's failure to timely produce complete responses to Plaintiff's discovery requests was substantially justified or if other circumstances make an award of expenses related to Plaintiff's first Motion to Compel unjust under Fed. R. Civ. P. 37(a)(5)(A), by March 10, 2025.

### B.    Plaintiff's Second Motion to Compel

Plaintiff filed its second motion to compel on July 30, 2024—the parties' agreed deadline for such motions. In its motion, Plaintiff explains that it served additional Rule 34 Requests for Production on each of the Defendants on May 17, 2024. Like its last motion, Plaintiff contends that the Defendants failed to timely respond to these requests and then belatedly produced non-responsive documents. In response, Defendants contend that Plaintiff failed to adequately confer in good faith before filing the motion,

16

that their responses are not deficient, and that they have agreed to supplement their responses.

From the start, Defendants' position is seemingly contradictory. Defendants spend a significant portion of their opposition contending that the motion should be denied because their discovery responses were not deficient while also maintaining that Plaintiff's motion should be denied they are continuing to supplement their responses. Despite this confusing position, based on Defendants' report that they will continue to supplement their responses here, the Court can only deny the instant motion as moot. [DE 49 at 4]; *see also O'Connor*, 2022 WL 21835650, at *2.

Although the Court has denied the motion as moot, the availability of fees remains at issue. As stated *supra*, Rule 37(a)(5)(A) provides that "if the disclosure or requested discovery is provided after [a motion to compel] was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,  including attorney's fees." But the court must not order this payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Defendants maintain that Plaintiff failed to adequately confer in good faith before filing their motion. Thus, the Court must consider the parties' arguments about Plaintiff's conferral obligations.

Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery. . . must include a certification that the movant has

in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's local rules supplement this by requiring that:

> A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include: (1) the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference.

N.D. Ind. L.R. 37-1(a). The Court may deny a motion to compel that fails to include the required certification. *See* N.D. Ind. L.R. 37-1(b). And, as stated, the Court must not order payment of fees if the moving party fails to meet these conferral requirements.

The conferral requirement is not merely a formality. To satisfy this requirement, the parties must have "a true-back-and-forth dialogue." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, No. 2:13-CV-144-PPS-PRC, 2014 WL 667830, at *3 (N.D. Ind. Feb. 20, 2014). "What matters isn't so much the number of letters or phone calls, but whether, in context, the effort gives off the aroma of a sincere attempt to work things out." *Vargas v. Lake Cnty. Police Dep't,* No. 2:14-CV-288-JTM-PRC, 2015 WL 3439234, at *1 (N.D. Ind. May 28, 2015). Plaintiff, as the party moving to compel discovery, must therefore show that it "engage[d] in two-way communication with the non-moving party [Defendants] to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Vukadinovich,* 2014 WL 667830, at *3 (internal quotation omitted). Informal resolution plays an important part in the mandate to achieve a "just, speedy, and inexpensive resolution" of an action. Fed. R. Civ. P. 1.

Plaintiff contends that it adequately conferred with Defendants before filing the motion, explaining that, after they received the deficiency responses, they sent Defendants' counsel a deficiency letter. [DE 44 at 5, DE 52 at 9]. Plaintiff also explains that, in this letter, they advised that "[i]f your client is unable or unwilling to supplement all these deficient responses by July 10, 2024, please provide your availability to *meet and confer* on this issue." [DE 52 at 9, emphasis added in filing]. The parties were also working through a dispute about Defendants' deposition topics at the same time this dispute arose. The parties' counsels discussed the deposition concerns over a phone call. At the end of this call, the parties then discussed Plaintiff's concerns with the instant discovery responses. It was during this call that Defendants agreed to supplement their responses, and Defendants did so on July 15, 2024. The letter Defendants included with this supplementation also stated that counsel was working with their clients to supplement discovery as necessary. [DE 52 at 9].

Plaintiff contends that no further supplementation was received for the next two weeks, and with the parties' July 30, 2024, deadline for motions to compel about to pass, Plaintiff "had no other option" but to file a second motion to compel. [DE 52 at 10]. Still, Defendants dispute that this satisfies Rule 37(a)'s requirements, contending that the telephone conference was to discuss the deposition issues, that the instant discovery issues were only mentioned, and that Defendants had told Plaintiff that it would continue to supplement.

Whether this satisfies Rule 37(a)'s conferral requirement is a close call. On the one hand, Defendants' position that Plaintiff only discussed the deficiencies during one

19

phone call – a phone call scheduled to primarily address another matter – could suggest that the parties did not have a "a true-back-and-forth dialogue." *Vukadinovich*, 2014 WL 667830, at *3 (internal quotation omitted). But Defendants also concede that, even though they supplemented their responses on July 15, 2024, they needed to "continue to do so." With the parties' motion to compel deadline approaching just two weeks later—on July 30, 2024—Defendants should have expected that their failure to supplement by this date would have resulted in the instant motion. Accordingly, the Court finds that Plaintiff's conferral efforts satisfy Rule 37(a).

Still, the conferral requirements are just one of three exceptions to Rule 37's fee mandate. As stated regarding Plaintiff's first motion to compel, the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The Court lacks sufficient information to determine whether the other two exceptions apply here. Accordingly, Defendants are again ordered to file a brief, addressing whether their or their counsel's failure to timely produce complete responses to Plaintiff's discovery requests was substantially justified or if other circumstances make an award of expenses related to Plaintiff's Second Motion to Compel unjust under Fed. R. Civ. P. 37(a)(5)(A), by March 10, 2025.

## III. Amend Scheduling Order

Plaintiff filed a Motion to Amend the Scheduling Order on December 11, 2024, requesting an extension of the remaining discovery-related and dispositive motions deadline, which Defendants opposed. The Court finds that there is good cause for an

extension because of the parties' pending disputes over discovery and amendment of the pleadings. Accordingly, Plaintiff's motion will be granted over Defendants' objection.

The Court acknowledges, however, that the deadlines proposed by Plaintiff in its motion may no longer be viable. Accordingly, the parties are ordered to meet and confer so that they may file a revised Report of Parties' Planning on or before March 24, 2025. The Court now also sets this matter for a telephonic status conference on April 2, 2025, at 10:30 a.m. (Eastern). To connect to the conference, parties should dial 833-568-8864, and enter meeting ID number 160 4237 7854#, push # to skip entry of a participant ID and enter passcode 356255# at leave five minutes before the conference start time.

As a final matter, the record before the Court reveals that the parties have a longstanding inability to negotiate disputes without seeking court intervention. Many filings reflect not only the parties' inability to negotiate in good faith, but also their inability to communicate promptly on case-related matters. Accordingly, the Court reminds the parties of their obligation under Fed. R. Civ. P. 1 to facilitate a just, speedy, and inexpensive determination of this action and their obligation to exercise due diligence in negotiating disputes. As this case continues to progress, all parties are admonished to proceed accordingly to avoid unnecessary delay and expense.

## IV.    Conclusion

For these reasons, the Court now:

- **GRANTS** Defendants' Motion to Amend its Answer [DE 39]. The Clerk is **DIRECTED** to file Defendants' amended answer as proposed [DE 40-3 at 2-59];

- **GRANTS** Plaintiff's Motion for Leave to File Supplemental Brief in Support of its Motion to Compel Discovery [DE 42]. The Clerk is **DIRECTED** to file Plaintiff's Supplemental Brief as proposed at [DE 42-1 at 2-19];

- **GRANTS IN PART AND DENIES AS MOOT IN PART** Plaintiff's First Motion to Compel [DE 35] as outlined in this order. The Court also **ORDERS** Defendants to file a brief addressing whether their or their counsel's failure to timely produce complete responses to Plaintiff's discovery requests was substantially justified or if other circumstances make an award of expenses related to Plaintiff's first Motion to Compel unjust under Fed. R. Civ. P. 37(a)(5)(A), by **March 10, 2025;**

- **DENIES AS MOOT** Plaintiff's Second Motion to Compel [DE 43]. The Court again **ORDERS** Defendants to file a second brief addressing whether their or their counsel's failure to timely produce complete responses to Plaintiff's subsequent discovery requests was substantially justified or if other circumstances make an award of expenses related to Plaintiff's second Motion to Compel unjust under Fed. R. Civ. P. 37(a)(5)(A), by **March 10, 2025;**

22

- **GRANTS** Plaintiff's Motion to Amend the Scheduling Order. [DE 53].
  The parties are **ORDERED** to meet and confer so that they may file a
  revised Report of Parties' Planning on or before **March 24, 2025**; and

- **SETS** this matter for a telephonic status conference on **April 2, 2025**, at
  **10:30 a.m. (Eastern).** To connect to the conference, parties should **dial
  833-568-8864,** and **enter meeting ID number 160 4237 7854#, push # to
  skip entry of a participant ID and enter passcode 356255# at** leave
  five minutes before the conference start time.

**SO ORDERED** this 24th day of February 2025.


s/Scott J. Frankel
_____
Scott J. Frankel
United States Magistrate Judge